IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

INTERNET MEDIA CORPORATION,      )
       )
      Plaintiff,      )
       )
     v.      )
       )  Civil Action No.
DELL, INC.,      )
OFFICE DEPOT, INC.,      )
J.C. PENNEY COMPANY, INC.,      )
WILLIAMS-SONOMA, INC.,      )
J. CREW GROUP, INC.      )
       )
      Defendants.      )

## COMPLAINT FOR PATENT INFRINGEMENT AND DEMAND FOR JURY TRIAL

1.    Internet Media Corporation, for its causes of action against Defendants states and alleges as follows:

## NATURE OF THE ACTION

2.    This is an action for patent infringement. Plaintiff Internet Media Corporation ("Plaintiff" or "Internet Media") is the assignee of United States Patent No. 6,049,835 ("the '835 patent") entitled "System for providing easy access to the World Wide Web utilizing a published list of preselected Internet locations together with their unique multi-digit jump codes." A copy of the '835 patent is attached hereto as Exhibit 1. The '835 patent is directed generally to a system and method for quickly and easily accessing preselected desired addresses or URLs on the Internet.

## THE PARTIES

3.      Plaintiff Internet Media is a Virginia Corporation having its principal place of business at 200 Winchester Street, Warrenton, VA 20186.

4.      Defendant Dell, Inc. is a Delaware corporation having its principal place of business at One Dell Way, Round Rock, Texas 78682.

5.      Defendant Office Depot, Inc. ("Office Depot") is a Delaware corporation having its principal place of business at 2200 Old Germantown Road, Delray Beach, FL 33445.

6.      Defendant J.C. Penney Company, Inc. ("JCPenney") is a Delaware corporation having its principal place of business at 6501 Legacy Drive, Plano, Texas 75024.

7.      Defendant Williams-Sonoma, Inc. ("Williams-Sonoma") is a California corporation having its principal place of business at 3250 Van Ness Avenue, San Francisco, CA 94109.

8.      Defendant J. Crew Group, Inc. ("J. Crew") is a New York corporation with its principal place of business at 770 Broadway, 11 Floor, New York, New York 10003.

9.      All of the Defendants are United States Corporations offering products for sale on the World Wide Web ("Web"). Each Defendant provides catalogs and print advertisements that include a plurality of product listings. Some or all of the product listings include a code that when entered into a box on a particular Web page, permits a Web user to quickly and easily access preselected desired addresses or URLs on the Web.

## JURISDICTION AND VENUE

10.      This Court has subject matter jurisdiction under the provisions of 28 U.S.C. §§ 1331 and 1338(a) because this action for patent infringement arises under the laws of the United States, including 35 U.S.C. §§ 271 and 281-285.

11.     Personal jurisdiction over Defendants comports with the United States Constitution and 10 <u>Del</u>. <u>C</u>. § 3104 because Defendants are either citizens of the State of Delaware or because, upon information and belief, Defendants do business in this judicial district, have committed and continue to commit, or have contributed and continue to contribute to, acts of patent infringement in this judicial district as alleged in this Complaint, or otherwise have sufficient contacts with the state.

12.     Venue is proper in this judicial district under the provisions of 28 U.S.C. §§ 1391(b), (c) and § 1400(b).

## FACTUAL BACKGROUND

13.     On April 11, 2000, the '835 patent entitled "System for providing easy access to the World Wide Web utilizing a published list of preselected Internet locations together with their unique multi-digit jump codes" was duly and legally issued to Internet Media Corporation.

14.     The '835 is valid and enforceable.

15.     Eric F. Gagnon is the named inventor of the '835 patent.  Mr. Gagnon holds a Bachelor of Arts in Business Administration from George Washington University and has been in the advertising and publishing business for over twenty years.

16.     In 1994, Mr. Gagnon founded Internet Media Corp.  That same year, Internet Media published "What's on the Internet," a guidebook to internet newsgroups and talk groups. Thereafter, in the fall of 1995, Internet Media published "What's on the Web," a guidebook to thousands of Web locations.  Each listing in the guidebook includes a unique code.  When a Web user enters the code into a box on a predetermined Web location, the user is directed to a desired Web page corresponding to the listing in the guidebook.

## COUNT I – DELL'S INFRINGEMENT OF PATENT NO. 6,049,835

17.    Dell markets its products to consumers by advertising in a variety of printed publications, such as print media, catalogs and customer newsletters.

18.    In 1999, Dell introduced E-Value codes, which are codes used "to provide customer and small businesses with a quick and easy way to go from a Dell print advertisement directly to the Internet for the latest price and product information." See Exhibit 2 (Press release).

19.    A customer looks for the E-Value code next to the item of interest in the printed publication and then the customer submits the code online.  When a customer enters the E-value code into a location on a Web page on Dell's Web site, the customer is directed to a desired Web page.

20.    According to a senior vice president and general manager quoted in a Dell Press Release, "E-Value provides the simplicity and ease that are sought by many consumers and small businesses and is another example of how [Dell] continue[s] to make it easy for customers to do business online and buy direct from Dell." See Exhibit 2 (Press release).

21.    Dell has directly, indirectly, contributorily, and/or by inducement, infringed claims of the '835 patent in this judicial district and elsewhere in the United States, literally and/or under the doctrine of equivalents.

22.    Dell's use of the patented technology is illustrated in part by exhibits 3, 4 and 5, which are attached herewith.

23.    Exhibit 3 is a copy of a page from a Dell print advertisement.  Included in this print advertisement is an E-Value code for the Dell Dimension™ 2400.

24.    Exhibit 4 is a copy of a screen shot of a Dell Web page. Included in this screen shot are entry boxes for entering an E-Value Code.

25.    Exhibit 5 is a copy of a screen shot for a Web page for the Dell Dimension™ 2400 that resulted from the entry of the E-Value code found on Exhibit 3 into the entry boxes found on Exhibit 4.

26.    The infringement by Dell of the '835 patent has injured Internet Media, has caused it financial damage, and will continue to do so unless enjoined by the Court.

## COUNT II – OFFICE DEPOT'S INFRINGEMENT OF U.S. PAT. NO. 6,049,835

27.    Office Depot, Inc. is a global supplier of office products and services. "With annual sales approaching $14 billion, Office Depot provides more office products and services to more customers in more countries than any other company." See Exhibit 6 (Media Relations: About Office Depot).

28.    Office Depot's business segments include multiple sales channels including Internet sites and catalogs. Office Depot is a leader in every distribution channel - including catalog and e-commerce sales. See Exhibit 6 (Media Relations: About Office Depot).

29.    "With $3.1 billion in online sales in FY'04, the Company is the world's number three Internet retailer." See Exhibit 6 (Media Relations: About Office Depot).

30.    Office Depot provides customers with catalogs and print advertisements that include a plurality of product listings. Some or all of the product listings include a code. When a customer enters a code from a particular catalog or print advertisement into a box on a Web page of a specific Office Depot Web site (such as www.officedepot.com or www.viking.com) the customer is directed to a desired Web page.

31.    Office Depot has directly, indirectly, contributorily, and/or by inducement, infringed claims of the '835 patent in this judicial district and elsewhere in the United States, literally and/or under the doctrine of equivalents.

32.    Office Depot's use of the patented technology is illustrated in part by exhibits 7, 8 and 9, which are attached herewith.

33.    Exhibit 7 is a copy of a page from an Office Depot print advertisement. Included in this print advertisement is a code for Sanford® Sharpie® Permanent Fine-Point Markers.

34.    Exhibit 8 is a copy of a screen shot of an Office Depot Web page. Included in this screen shot is an entry box for entering a code.

35.    Exhibit 9 is a copy of a screen shot for a Web page for the Sanford® Sharpie® Permanent Fine-Point Markers that resulted from the entry of the code found on Exhibit 7 into the Web page shown in Exhibit 8.

36.    The infringement by Office Depot of the '835 patent has injured Internet Media, has caused it financial damage, and will continue to do so unless enjoined by the Court.

## COUNT III– JCPENNEY'S INFRINGEMENT OF U.S. PAT. NO. 6,049,835

37.    "[JCPenney] sells family apparel, jewelry, shoes, accessories and home furnishings to customers through Department Stores, Catalog and the Internet." See Exhibit 10 (2004 Annual Report at 29).

38.    "JCPenney Catalog, including e-commerce, is the nation's largest catalog merchant of general merchandise, and JCPenney.com is one of the largest apparel and home furnishings sites on the Internet." See Exhibit 11 (JCPenney Overview)

39.    "Total Internet sales, which are an integral part of the Company's multichannel retailing strategy, increased approximately 32% in 2004 to $812 million." See Exhibit 10 (2004 Annual Report at 8)

40.    JCPenney provides customers with catalogs and print advertisements that include a plurality of product listings.  Some or all of the product listings include a code.  When a customer enters the code into a location on a Web page on the JCPenney Web site, the customer is directed to a desired Web page.

41.    JCPenney has directly, indirectly, contributorily, and/or by inducement, infringed claims of the '835 patent in this judicial district and elsewhere in the United States, literally and/or under the doctrine of equivalents.

42.    JCPenney's use of the patented technology is illustrated in part by exhibits 12, 13 and 14, which are attached herewith.

43.    Exhibit 12 is a copy of a page from a JCPenney print advertisement.  Included in this print advertisement is a code for a 6-pc. Pad Set.

44.    Exhibit 13 is a copy of a screen shot of a JCPenney Web page.  Included in this screen shot is an entry box for entering  a code.

45.    Exhibit 14 is a copy of a screen shot for a Web page for the 6-pc. Pad Set that resulted from the entry of the code found in Exhibit 12 into the Web page shown in Exhibit 13.

46.    The infringement by JCPenney of the '835 patent has injured Internet Media, has caused it financial damage, and will continue to do so unless enjoined by the Court.

**COUNT IV – WILLIAMS-SONOMA'S INFRINGEMENT OF U.S. PAT. NO. 6,049,835**

47.    Williams-Sonoma's direct-to-customer segment sells products through its eight direct-mail catalogs (Williams-Sonoma, Pottery Barn, PotteryBarn Kids, Pottery Barn Bed +

Bath, PBteen, Hold Everything, West Elm and Williams-Sonoma Home) and six e-commerce Web sites (williams-sonoma.com, potterybarn.com, potterybarnkids.com, pbteen.com, westelm.com and holdeverything.com). See Exhibit 15 (2004 Annual Report at 4).

48.    In Fiscal Year 2004, direct-to-customer revenues increased 17.1%, driven by a 12.1% increase in catalog circulation and strong momentum in William-Sonoma's e-commerce channel. See Exhibit 15 (2004 Annual Report, Letter to Shareholders).

49.    During 2004, Williams-Sonoma mailed over 368 million catalogs. See Exhibit 15 (2004 Annual Report, Letter to Shareholders).

50.    Williams-Sonoma estimates that approximately 40% of its company-wide non gift registry Internet sales are incremental to the direct-to-customer channel and approximately 60% are catalog driven sales. See Exhibit 14 (2004 Annual Report at 4).

51.    Williams-Sonoma's catalogs contain a plurality of product listings. Some or all of the product listings include a code. When a customer enters a code from a particular catalog (such as Williams-Sonoma) into a location on a Web page from a particular William-Sonoma Web site (such as www.williams-sonoma.com), the customer is directed to a desired Web page.

52.    Williams-Sonoma has directly, indirectly, contributorily, and/or by inducement, infringed claims of the '835 patent in this judicial district and elsewhere in the United States, literally and/or under the doctrine of equivalents.

53.    Williams-Sonoma's use of the patented technology is illustrated in part by exhibits 16, 17 and 18, which are attached herewith.

54.    Exhibit 16 is a copy of a page from a William-Sonoma print advertisement. Included in this print advertisement is a code for Herb Snips.

55.    Exhibit 17 is a copy of a screen shot of a Williams-Sonoma Web page. Included in this screen shot is an entry box for entering a code.

56.    Exhibit 18 is a copy of a screen shot for a Web page for Herb Snips that resulted from the entry of the code found in Exhibit 16 into the Web page shown in Exhibit 17.

57.    The infringement by Williams-Sonoma of the '835 patent has injured Internet Media, has caused it financial damage, and will continue to do so unless enjoined by the Court.

## COUNT V – J. CREW'S OF U.S. PAT. NO. 6,049,835

58.    J. Crew distributes products though retail stores, catalogs and a Web site located at www.jcrew.com.

59.    In fiscal year 2004, J. Crew distributed 16 catalog editions with a circulation of approximately 50 million copies  and approximately 5.4 billion pages circulated. See Exhibit (August 17, 2005, Form S-1 at 57).

60.    In fiscal year 2004, J.Crew's Web site logged over 48 million visits. See Exhibit (August 17, 2005, Form S-1 at 58).

61.    "The J. Crew catalog is the primary branding and advertising vehicle for the J. Crew brand" and the "catalog reinforces the J. Crew brand image and drives sales in all of [J. Crew's] sales channels." See Exhibit (August 17, 2005, Form S-1 at 58).

62.    J. Crew catalogs contain a plurality of product listings. Some or all of the product listings include a code. When a customer enters a code from a particular catalog into a location on a Web page from J. Crew's Web, the customer is directed to a desired Web page.

63.    J. Crew has directly, indirectly, contributorily, and/or by inducement, infringed claims of the '835 patent in this judicial district and elsewhere in the United States, literally and/or under the doctrine of equivalents.

64.    J. Crew's use of the patented technology is illustrated in part by exhibits 20, 21 and 22, which are attached herewith.

65.    Exhibit 20 is a copy of a page from a J. Crew print advertisement.  Included in this print advertisement is a code for Classic wedge flip-flops.

66.    Exhibit 21 is a copy of a screen shot of a J. Crew Web page.  Included in this screen shot is an entry box for entering a code.

67.    Exhibit 22 is a copy of a screen shot for a Web page for Classic wedge flip-flops that resulted from the entry of the code found in Exhibit 21 into the Web pate shown in Exhibit 22.

68.    The infringement by J. Crew of the '835 patent has injured Internet Media, has caused it financial damage, and will continue to do so unless enjoined by the Court.

## DEMAND FOR JURY TRIAL

69.    Pursuant to Fed. R. Civ. P. 38, Plaintiff hereby respectfully requests a jury trial on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs prays for judgment as follows:

A.    That Defendants have infringed claims of the '835 patent literally and/or under the doctrine of equivalents;

B.    That the Defendants and their respective agents, servants, officers, directors, employees and all persons acting in concert with them, directly or indirectly, be permanently enjoined from infringing, inducing others to infringe, or contributing to the infringement of the '835 patent;

C.    That the Defendants be ordered to account for and pay to Plaintiff the damages to which Plaintiff is entitled as a consequence of the infringement of the '835 patent in an amount no less than a reasonable royalty for the use made of the invention by Defendants;

D.    That Plaintiff be awarded prejudgment interest, costs, disbursements and attorneys' fees herein in accordance with 35 U.S.C. § 285; and

E.    That Plaintiff be awarded such other and further relief as this Court may deem just and equitable.

*Of Counsel:*

Ronald J. Schutz
Diane L. Simerson
Andrea L. Gothing
Nicole N. Morris
ROBINS, KAPLAN, MILLER &
CIRESI, LLP
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
(612) 349-8500

BLANK ROME LLP

By: _____
Thomas P. Preston, Esquire
I.D. No. 2548
Chase Manhattan Centre
1201 Market Street, Suite 800
Wilmington, DE 19801
Phone:  (302) 425-6478
Fax:    (302) 425-6464\

*Attorneys for Plaintiff*
*Internet Media Corporation*

Dated:  August 29, 2005