IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INTERNET MEDIA CORPORATION,<br><br>  Plaintiff,<br><br>   v.<br><br>DELL, INC.;<br>OFFICE DEPOT, INC.;<br>J.C. PENNEY COMPANY, INC.;<br>WILLIAMS-SONOMA, INC.; and<br>J. CREW GROUP, INC.<br><br>  Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> )   C.A. No. 05-633-KAJ<br> ) <br> ) <br> )   **Jury Trial Demanded**<br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## DEFENDANT DELL, INC.'S
## ORIGINAL ANSWER DEFENSES, AND COUNTERCLAIMS

Defendant Dell, Inc. ("Dell") files this, its Original Answer to Internet Media

Corporation's ("Internet Media" or "Plaintiff") Complaint for Patent Infringement (the

"Complaint"), along with its defenses, denying infringement of any valid and/or

enforceable claim of U.S. Patent No. 6,049,835 ("the '835 patent"), and counterclaims.

### I.    ANSWER

1.    No allegations are contained within paragraph 1 and a response by Dell is

therefore not necessary. To the extent a response may be deemed necessary, Dell denies

the allegations in paragraph 1.

2.    Dell admits that Plaintiff alleges an action for patent infringement. Dell

denies that it has infringed, willfully or otherwise, any valid and/or enforceable claim of

the '835 patent. Dell admits that Exhibit 1 to the Complaint purports to be a copy of the

'835 patent, which, on its face, indicates that the patent is assigned to Internet Media and

that the patent is entitled "System for Providing Easy Access to the World Wide Web

Utilizing a Published List of Preselected Internet Locations Together with Their Unique Multi-Digit Jump Codes." Dell also admits that the '835 patent purports to generally relate to a system or method of accessing preselected desired addresses or URLs on the Internet. Dell lacks information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 2 of the Complaint, and therefore denies them.

3.　　Dell lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 3 of the Complaint, and, therefore, denies them.

4.　　Dell admits it is a Delaware corporation having its principal place of business at One Dell Way, Round Rock, Texas 78682.

5.　　Dell lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 5 of the Complaint, and, therefore, denies them.

6.　　Dell lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 6 of the Complaint, and, therefore, denies them.

7.　　Dell lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 7 of the Complaint, and, therefore, denies them.

8.　　Dell lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 8 of the Complaint, and, therefore, denies them.

9.　　Dell admits it offers products for sale on the World Wide Web. Dell also admits that it provides consumers and small businesses with print advertisements that may include one or more specific product identifiers for use on Dell's website. Dell lacks information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 9 of the Complaint, and, therefore, denies them.

10.    Dell admits that Internet Media alleges a cause of action under the Patent Laws of the United States and that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

11.    Dell admits that this Court has personal jurisdiction over Dell. Dell also admits that it is a citizen of the State of Delaware and does business in this judicial district. Dell denies that it has infringed, contributed to the infringement of or induced the infringement of any valid and/or enforceable claim of the '835 patent. Dell denies the remaining allegations, if any, contained in paragraph 11 of the Complaint to the extent such allegations are directed to Dell. For any allegations contained in paragraph 11 of the Complaint that are directed toward defendants other than Dell, Dell lacks information sufficient to form a belief as to the truth of the allegations and, therefore, denies them.

12.    Dell admits that venue is proper for Dell. Dell denies the remaining allegations, if any, contained in paragraph 12 of the Complaint to the extent such allegations are directed to Dell. For any allegations contained in paragraph 12 of the Complaint that are directed toward defendants other than Dell, Dell lacks information sufficient to form a belief as to the truth of the allegations and, therefore, denies them.

13.    Dell admits that the face of the '835 patent indicates that the '835 patent was issued on April 11, 2000 to Internet Media Corporation. Dell lacks information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 13 of the Complaint, and, therefore, denies them.

14.    Denied.

15.    Dell admits that according to the face of the '835 patent, Eric F. Gagnon is a named inventor of the '835 patent. Dell lacks information sufficient to form a belief as

to the truth of the remaining allegations set forth in paragraph 15 of the Complaint, and, therefore, denies them.

16.    Dell lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 16 of the Complaint, and, therefore, denies them.

17.    Dell admits the allegations set forth in paragraph 17 of the Complaint.

18.    Dell admits it announced the online tool E-Value™ on or about February 11, 1999 to provide consumers and small businesses with a quick and easy way to go from a Dell print advertisement directly to the Internet for the latest price and product information.  Dell denies any remaining allegations set forth in paragraph 18 of the Complaint.

19.    Dell admits that a customer finds a specific system in a Dell print advertisement or catalog, goes to www.dell.com and enters the E-Value™ code, which takes the customer directly to that system.  Dell denies any of the remaining allegations set forth in paragraph 19 of the Complaint.

20.    Dell admits the allegations set forth in paragraph 20 of the Complaint.

21.    Denied.

22.    Denied.

23.    Dell admits that Exhibit 3 to the Complaint purports to be a copy of an advertisement promoting Dell's Dimension™ 2400, and that the advertisement shows an E-Value™ code under the description of the Dimension™ 2400.  Dell denies any remaining allegations set forth in paragraph 23 of the Complaint.

24.    Dell admits that Exhibit 4 to the Complaint purports to be a screen shot of a Dell web page with a box for an E-Value™ code. Dell denies the remaining allegations set forth in paragraph 24 of the Complaint.

25.    Dell admits that Exhibit 5 to the Complaint purports to be a screen shot of a web page containing information about a Dell Dimension™ 2400 computer. Dell lacks information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 25 of the Complaint, and, therefore, denies them.

26.    Denied.

27.    The allegations contained in paragraph 27 of the Complaint are directed toward defendants other than Dell and Dell lacks information sufficient to form a belief as to the truth of the allegations and, therefore, denies them.

28.    The allegations contained in paragraph 28 of the Complaint are directed toward defendants other than Dell and Dell lacks information sufficient to form a belief as to the truth of the allegations and, therefore, denies them.

29.    The allegations contained in paragraph 29 of the Complaint are directed toward defendants other than Dell and Dell lacks information sufficient to form a belief as to the truth of the allegations and, therefore, denies them.

30.    The allegations contained in paragraph 30 of the Complaint are directed toward defendants other than Dell and Dell lacks information sufficient to form a belief as to the truth of the allegations and, therefore, denies them.

31.    The allegations contained in paragraph 31 of the Complaint are directed toward defendants other than Dell and Dell lacks information sufficient to form a belief as to the truth of the allegations and, therefore, denies them.

32.    The allegations contained in paragraph 32 of the Complaint are directed toward defendants other than Dell and Dell lacks information sufficient to form a belief as to the truth of the allegations and, therefore, denies them.

33.    The allegations contained in paragraph 33 of the Complaint are directed toward defendants other than Dell and Dell lacks information sufficient to form a belief as to the truth of the allegations and, therefore, denies them.

34.    The allegations contained in paragraph 34 of the Complaint are directed toward defendants other than Dell and Dell lacks information sufficient to form a belief as to the truth of the allegations and, therefore, denies them.

35.    The allegations contained in paragraph 35 of the Complaint are directed toward defendants other than Dell and Dell lacks information sufficient to form a belief as to the truth of the allegations and, therefore, denies them.

36.    The allegations contained in paragraph 36 of the Complaint are directed toward defendants other than Dell and Dell lacks information sufficient to form a belief as to the truth of the allegations and, therefore, denies them.

37.    The allegations contained in paragraph 37 of the Complaint are directed toward defendants other than Dell and Dell lacks information sufficient to form a belief as to the truth of the allegations and, therefore, denies them.

38.    The allegations contained in paragraph 38 of the Complaint are directed toward defendants other than Dell and Dell lacks information sufficient to form a belief as to the truth of the allegations and, therefore, denies them.

39.     The allegations contained in paragraph 39 of the Complaint are directed toward defendants other than Dell and Dell lacks information sufficient to form a belief as to the truth of the allegations and, therefore, denies them.

40.     The allegations contained in paragraph 40 of the Complaint are directed toward defendants other than Dell and Dell lacks information sufficient to form a belief as to the truth of the allegations and, therefore, denies them.

41.     The allegations contained in paragraph 41 of the Complaint are directed toward defendants other than Dell and Dell lacks information sufficient to form a belief as to the truth of the allegations and, therefore, denies them.

42.     The allegations contained in paragraph 42 of the Complaint are directed toward defendants other than Dell and Dell lacks information sufficient to form a belief as to the truth of the allegations and, therefore, denies them.

43.     The allegations contained in paragraph 43 of the Complaint are directed toward defendants other than Dell and Dell lacks information sufficient to form a belief as to the truth of the allegations and, therefore, denies them.

44.     The allegations contained in paragraph 44 of the Complaint are directed toward defendants other than Dell and Dell lacks information sufficient to form a belief as to the truth of the allegations and, therefore, denies them.

45.     The allegations contained in paragraph 45 of the Complaint are directed toward defendants other than Dell and Dell lacks information sufficient to form a belief as to the truth of the allegations and, therefore, denies them.

46.    The allegations contained in paragraph 46 of the Complaint are directed toward defendants other than Dell and Dell lacks information sufficient to form a belief as to the truth of the allegations and, therefore, denies them.

47.    The allegations contained in paragraph 47 of the Complaint are directed toward defendants other than Dell and Dell lacks information sufficient to form a belief as to the truth of the allegations and, therefore, denies them.

48.    The allegations contained in paragraph 48 of the Complaint are directed toward defendants other than Dell and Dell lacks information sufficient to form a belief as to the truth of the allegations and, therefore, denies them.

49.    The allegations contained in paragraph 49 of the Complaint are directed toward defendants other than Dell and Dell lacks information sufficient to form a belief as to the truth of the allegations and, therefore, denies them.

50.    The allegations contained in paragraph 50 of the Complaint are directed toward defendants other than Dell and Dell lacks information sufficient to form a belief as to the truth of the allegations and, therefore, denies them.

51.    The allegations contained in paragraph 51 of the Complaint are directed toward defendants other than Dell and Dell lacks information sufficient to form a belief as to the truth of the allegations and, therefore, denies them.

52.    The allegations contained in paragraph 52 of the Complaint are directed toward defendants other than Dell and Dell lacks information sufficient to form a belief as to the truth of the allegations and, therefore, denies them.

53.     The allegations contained in paragraph 53 of the Complaint are directed toward defendants other than Dell and Dell lacks information sufficient to form a belief as to the truth of the allegations and, therefore, denies them.

54.     The allegations contained in paragraph 54 of the Complaint are directed toward defendants other than Dell and Dell lacks information sufficient to form a belief as to the truth of the allegations and, therefore, denies them.

55.     The allegations contained in paragraph 55 of the Complaint are directed toward defendants other than Dell and Dell lacks information sufficient to form a belief as to the truth of the allegations and, therefore, denies them.

56.     The allegations contained in paragraph 56 of the Complaint are directed toward defendants other than Dell and Dell lacks information sufficient to form a belief as to the truth of the allegations and, therefore, denies them.

57.     The allegations contained in paragraph 57 of the Complaint are directed toward defendants other than Dell and Dell lacks information sufficient to form a belief as to the truth of the allegations and, therefore, denies them.

58.     The allegations contained in paragraph 58 of the Complaint are directed toward defendants other than Dell and Dell lacks information sufficient to form a belief as to the truth of the allegations and, therefore, denies them.

59.     The allegations contained in paragraph 59 of the Complaint are directed toward defendants other than Dell and Dell lacks information sufficient to form a belief as to the truth of the allegations and, therefore, denies them.

60. The allegations contained in paragraph 60 of the Complaint are directed toward defendants other than Dell and Dell lacks information sufficient to form a belief as to the truth of the allegations and, therefore, denies them.

61. The allegations contained in paragraph 61 of the Complaint are directed toward defendants other than Dell and Dell lacks information sufficient to form a belief as to the truth of the allegations and, therefore, denies them.

62. The allegations contained in paragraph 62 of the Complaint are directed toward defendants other than Dell and Dell lacks information sufficient to form a belief as to the truth of the allegations and, therefore, denies them.

63. The allegations contained in paragraph 63 of the Complaint are directed toward defendants other than Dell and Dell lacks information sufficient to form a belief as to the truth of the allegations and, therefore, denies them.

64. The allegations contained in paragraph 64 of the Complaint are directed toward defendants other than Dell and Dell lacks information sufficient to form a belief as to the truth of the allegations and, therefore, denies them.

65. The allegations contained in paragraph 65 of the Complaint are directed toward defendants other than Dell and Dell lacks information sufficient to form a belief as to the truth of the allegations and, therefore, denies them.

66. The allegations contained in paragraph 66 of the Complaint are directed toward defendants other than Dell and Dell lacks information sufficient to form a belief as to the truth of the allegations and, therefore, denies them.

67.    The allegations contained in paragraph 67 of the Complaint are directed toward defendants other than Dell and Dell lacks information sufficient to form a belief as to the truth of the allegations and, therefore, denies them.

68.    The allegations contained in paragraph 68 of the Complaint are directed toward defendants other than Dell and Dell lacks information sufficient to form a belief as to the truth of the allegations and, therefore, denies them.

69.    No allegations are contained within paragraph 69 and a response by Dell is therefore not necessary.  To the extent a response may be deemed necessary, Dell denies the allegations in paragraph 69.

## II.    DEFENSES

70.    The claims of the '835 patent are invalid for failure to meet the requirements of the U.S. patent laws, 35 U.S.C. § 100 *et seq.*, including but not limited to 35 U.S.C. §§ 101, 102, 103 and 112.

71.    Dell has not infringed, contributed to the infringement of or induced the infringement of any valid and/or enforceable claim of the '835 patent.

72.    Internet Media's claims against Dell are barred in whole or in part, by the doctrine of laches and/or by the doctrine of equitable estoppel.

73.    Internet Media's claim for damages, if any, against Dell is statutorily limited by 35 U.S.C. § 286 and/or § 287.

74.    By reason of prosecution history estoppel, Internet Media is estopped from asserting a claim construction that would cause the claims of the '835 patent to be infringed by Dell.

75.    Dell denies that Internet Media is entitled to any of the relief requested in its Prayer for Relief against Dell.

76.    Dell hereby reserves its right to supplement with additional defenses as discovery proceeds in this matter.

## III.    COUNTERCLAIMS

### Parties

77.    Counterclaimant Dell, Inc. ("Dell") is a corporation organized under the laws of the State of Delaware, with its principal place of business at One Dell Way, Round Rock, Texas 78682.

78.    On information and belief, counterclaim defendant Internet Media Corporation ("Internet Media") is a corporation organized and existing under the laws of Virginia, with its principal place of business at 200 Winchester Street, Warrenton, Virginia 20186.

### Jurisdiction and Venue

79.    The counterclaims include claims for declaratory judgment of patent non-infringement and patent invalidity, and jurisdiction is proper under the Federal Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202, and the patent Laws of the United States, 35 U.S.C. § 100 et seq., concerning actions related to patents, and 28 U.S.C. §§ 1331 and 1338.

80.    Venue is proper in this Court under 28 U.S.C. § 1391 (c) and § 1400(b).

**Count One – Declaratory Relief Regarding Non-Infringement**

81.     Based on the filing by Internet Media of this suit and Dell's defenses, an actual controversy has arisen and now exists between the parties as to whether or not Dell has directly and/or indirectly infringed any valid claim of the '835 patent.

82.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*, Dell requests a declaration from the Court that Dell has not infringed any valid claim of the '835 patent, either directly, contributorily, or by inducement, or either literally or under the doctrine of equivalents.

**Count Two – Declaratory Relief Regarding Invalidity**

83.     Based on the filing of this suit by Internet Media and Dell's defenses, an actual controversy has arisen and now exists between the parties as to the validity of each of the claims of the '835 patent.

84.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*, Dell requests a declaration from the Court that each of the claims of the '835 patent are invalid for failure to comply with the provisions of the patent laws, 35 U.S.C. §100 *et seq.*, including but not limited to one or more of 35 U.S.C. §§ 101, 102, 103 and/or 112.

## IV.     EXCEPTIONAL CASE

85.     This is an exceptional case under 35 U.S.C. § 285, and as such, Dell is entitled to recover from Internet Media Dell's attorneys' fees and costs incurred in connection with this action.

## V.    PRAYER

Dell prays *that*:

(a)    Internet Media's Complaint against Dell be dismissed, with prejudice, and that a take-nothing judgment be entered in favor of Dell;

(b)    Judgment be entered in favor of Dell declaring that each of the claims of the '835 patent is invalid and that Dell has not infringed any claim of such patent either literally and/or under the doctrine of equivalents;

(c)    Judgment be entered in favor of Dell and against Internet Media that this is an exceptional case and awarding Dell its attorneys' fees and costs under 35 U.S.C. § 285; and

(d)    Dell be awarded any such other and further relief as is just and proper.

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

| | |
|---|---|
| Willem G. Schuurman | By:    */s/ Richard L. Horwitz* |
| David B. Weaver | Richard L. Horwitz (#2246) |
| Kristen P. Foster | David E. Moore (#3983) |
| Matthew S. Wermager | Hercules Plaza, 6th Floor |
| VINSON & ELKINS L.L.P. | 1313 N. Market Street |
| 2801 Via Fortuna, Suite 100 | P.O. Box 951 |
| Austin, Texas 78746-7568 | Wilmington, Delaware 19899 |
| Tel.: (512) 542-8400 | Tel. (302) 984-6000 |

*Attorneys for Defendant Dell, Inc.*

14

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I, Richard L. Horwitz, hereby certify that on September 19, 2005, the attached

document was hand-delivered to the following persons and was electronically filed with

the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the

following and the document is available for viewing and downloading from CM/ECF:

Thomas P. Preston, Esq.
BLANK ROME LLP
Chase Manhattan Centre
1201 Market Street, Suite 800
Wilmington, Delaware 19801


I hereby certify that on September 19, 2005, I have Federal Expressed the

documents to the following non-registered participants:

Ronald J. Schutz
Diane L. Simerson
Andrea L. Gothing
Nicole N. Morris
ROBINS, KAPLAN, MILLER & CIRESI, LLP
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, Minnesota 55402-2015


By:  /s/ Richard L. Horwitz
      Richard L. Horwitz
      David E. Moore
      Potter Anderson & Corroon LLP
      Hercules Plaza, 6th Floor
      1313 N. Market Street
      Wilmington, DE  19899-0951
      (302) 984-6000
      rhorwitz@potteranderson.com
      dmoore@potteranderson.com

699823

15