IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INTERNET MEDIA CORPORATION,<br><br>    Plaintiff,<br><br>  v.<br><br>DELL, INC., OFFICE DEPOT, INC., J.C. PENNEY COMPANY, INC., WILLIAMS-SONOMA, INC., J. CREW GROUP, INC.<br><br>    Defendants. | Civil Action No. 05-633 (KAJ)<br><br>**Jury Trial Demanded** |

**DEFENDANT OFFICE DEPOT, INC.'S
ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS**

Defendant Office Depot, Inc. ("Office Depot") hereby files its Answer to the Complaint for Patent Infringement of Plaintiff Internet Media Corporation ("Internet Media"), along with its affirmative defenses and counterclaims.

  1.  No allegations are contained in Paragraph 1 of the Complaint, and a response by Office Depot is therefore not necessary. To the extent a response to Paragraph 1 may be deemed necessary, Office Depot denies the assertions set out in Paragraph 1.

**NATURE OF THE ACTION**

  2.  Office Depot admits that Internet Media alleges an action for infringement of U.S. Patent No. 6,049,835, entitled "System for Providing Easy Access to the World Wide Web Utilizing a Published List of Preselected Internet Locations Together With Their Unique Multi-Digit Jump Codes" ("the '835 patent"). Office Depot denies that it has infringed, willfully or otherwise, any valid and/or enforceable claim of the '835 patent. Office Depot admits that

Exhibit 1 to the Complaint purports to be a copy of the '835 patent which, on its face, indicates that it is assigned to Internet Media. Office Depot denies that the '835 patent "is directed generally to a system and method for quickly and easily accessing preselected desired websites or URLs on the Internet." Office Depot lacks sufficient information to form a belief as to the truth of the remaining allegations set forth in Paragraph 2 of the Complaint, and therefore denies them.

## THE PARTIES

3. Office Depot lacks sufficient information to form a belief as to the truth of the allegations set forth in Paragraph 3 of the Complaint, and therefore denies them.

4. Office Depot lacks sufficient information to form a belief as to the truth of the allegations set forth in Paragraph 4 of the Complaint, and therefore denies them.

5. Office Depot admits the allegations of Paragraph 5.

6. Office Depot lacks sufficient information to form a belief as to the truth of the allegations set forth in Paragraph 6 of the Complaint, and therefore denies them.

7. Office Depot lacks sufficient information to form a belief as to the truth of the allegations set forth in Paragraph 7 of the Complaint, and therefore denies them.

8. Office Depot lacks sufficient information to form a belief as to the truth of the allegations set forth in Paragraph 8 of the Complaint, and therefore denies them.

9. Office Depot admits that it offers products for sale on the World Wide Web. Office Depot also admits that it provides catalogs and print advertisements that include a plurality of Office Depot product listings. Office Depot denies that its product listings "include a code that when entered into a box on a particular Web page, permits a Web user to quickly and easily access preselected desired addresses or URLs on the Web." For any allegations in

Paragraph 9 directed toward defendants other than Office Depot, Office Depot lacks sufficient information to form a belief as to the truth of those allegations, and therefore denies them.

## JURISDICTION AND VENUE

10. Office Depot admits that Internet Media alleges in Paragraph 10 that this is an action for patent infringement "under the laws of the United States, including 35 U.S.C. §§271 and 281-285." Office Depot admits that this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

11. Office Depot admits that this Court has personal jurisdiction over Office Depot. Office Depot also admits that it is a citizen of the state of Delaware and does business in this judicial district. Office Depot denies that it has infringed, contributed to the infringement of, or induced the infringement of, any valid and/or enforceable claim of the '835. Office Depot denies the remaining allegations, if any, contained in Paragraph 11 of the Complaint to the extent such allegations are directed to Office Depot. For any allegations contained in Paragraph 11 that are directed toward defendants other than Office Depot, Office Depot lacks information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

12. Office Depot admits that venue is proper for Office Depot. Office Depot denies the remaining allegations, if any, contained in Paragraph 12 of the Complaint to the extent such allegations are directed to Office Depot. For any allegations contained in Paragraph 12 that are directed toward defendants other than Office Depot, Office Depot lacks information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

13. Office Depot admits that, on its face, the '835 patent is entitled "System For Providing Easy Access To The World Wide Web Utilizing A Published List Of Preselected Internet Locations Together With Their Unique Multi-Digit Jump Codes." Office Depot also

admits that, on its face, the '835 patent indicates that it was issued on April 11, 2000 to Internet Media Corporation. Office Depot lacks sufficient information to form a belief as to the truth of the remaining allegations set forth in Paragraph 13 of the Complaint, and therefore denies them.

14. Office Depot denies the allegations set forth in Paragraph 14 of the Complaint.

15. Office Depot admits that, on its face, the '835 patent names Eric F. Gagnon as the inventor. Office Depot lacks sufficient information to form a belief as to the truth of the remaining allegations set forth in Paragraph 15 of the Complaint, and therefore denies them.

16. Office Depot lacks sufficient information to form a belief as to the truth of the allegations set forth in Paragraph 16 of the Complaint, and therefore denies them.

## COUNT I: DIRECTED TO DELL

17. The allegations contained in Paragraph 17 of the Complaint are directed toward a defendant other than Office Depot. Office Depot lacks information sufficient to form a belief as to the truth of these allegations, and therefore denies them.

18. The allegations contained in Paragraph 18 of the Complaint are directed toward a defendant other than Office Depot. Office Depot lacks information sufficient to form a belief as to the truth of these allegations, and therefore denies them.

19. The allegations contained in Paragraph 19 of the Complaint are directed toward a defendant other than Office Depot. Office Depot lacks information sufficient to form a belief as to the truth of these allegations, and therefore denies them.

20. The allegations contained in Paragraph 20 of the Complaint are directed toward a defendant other than Office Depot. Office Depot lacks information sufficient to form a belief as to the truth of these allegations, and therefore denies them.

21. The allegations contained in Paragraph 21 of the Complaint are directed toward a defendant other than Office Depot. Office Depot lacks information sufficient to form a belief as to the truth of these allegations, and therefore denies them.

22. The allegations contained in Paragraph 22 of the Complaint are directed toward a defendant other than Office Depot. Office Depot lacks information sufficient to form a belief as to the truth of these allegations, and therefore denies them.

23. The allegations contained in Paragraph 23 of the Complaint are directed toward a defendant other than Office Depot. Office Depot lacks information sufficient to form a belief as to the truth of these allegations, and therefore denies them.

24. The allegations contained in Paragraph 24 of the Complaint are directed toward a defendant other than Office Depot. Office Depot lacks information sufficient to form a belief as to the truth of these allegations, and therefore denies them.

25. The allegations contained in Paragraph 25 of the Complaint are directed toward a defendant other than Office Depot. Office Depot lacks information sufficient to form a belief as to the truth of these allegations, and therefore denies them.

26. The allegations contained in Paragraph 26 of the Complaint are directed toward a defendant other than Office Depot. Office Depot lacks information sufficient to form a belief as to the truth of these allegations, and therefore denies them.

**COUNT II: DIRECTED TO OFFICE DEPOT**

27. Office Depot admits that it is a global supplier of office products and services. Office Depot admits that Exhibit 6 to Internet Media's Complaint contains the following sentence: "With annual sales approaching $14 billion, Office Depot provides more office products and services to more customers in more countries than any other company."

28. Office Depot admits the allegations set forth in Paragraph 28.

29. Office Depot admits that Exhibit 6 to Internet Media's Complaint contains the following sentence: "With $3.1 billion in online sales in FY'04, the Company is the world's number three Internet retailer."

30. Office Depot admits that it provides customers with catalogs and print advertisements that contain a plurality of product listings. Office Depot denies the remaining allegations set forth in Paragraph 30.

31. Office Depot denies the allegations set forth in Paragraph 31.

32. Office Depot denies the allegations set forth in Paragraph 32.

33. Office Depot admits that Exhibit 7 to Internet Media's Complaint purports to be a copy of a page from an Office Depot print advertisement. Office Depot denies the remaining allegations set forth in Paragraph 33.

34. Office Depot admits that Exhibit 8 to Internet Media's Complaint purports to be a copy of a screen shot from an Office Depot Web page. Office Depot denies the remaining allegations set forth in Paragraph 34.

35. Office Depot admits that Exhibit 9 to Internet Media's Complaint purports to be a copy of a screen shot for a Web page for Sanford®, Sharpie® Permanent Fine-Point Markers. Office Depot denies the remaining allegations set forth in Paragraph 35.

36. Office Depot denies the allegations set forth in Paragraph 36.

## COUNT III: DIRECTED TO J. C. PENNEY

37. The allegations contained in Paragraph 37 of the Complaint are directed toward a defendant other than Office Depot. Office Depot lacks information sufficient to form a belief as to the truth of these allegations, and therefore denies them.

38.  The allegations contained in Paragraph 38 of the Complaint are directed toward a defendant other than Office Depot. Office Depot lacks information sufficient to form a belief as to the truth of these allegations, and therefore denies them.

39.  The allegations contained in Paragraph 39 of the Complaint are directed toward a defendant other than Office Depot. Office Depot lacks information sufficient to form a belief as to the truth of these allegations, and therefore denies them.

40.  The allegations contained in Paragraph 40 of the Complaint are directed toward a defendant other than Office Depot. Office Depot lacks information sufficient to form a belief as to the truth of these allegations, and therefore denies them.

41.  The allegations contained in Paragraph 41 of the Complaint are directed toward a defendant other than Office Depot. Office Depot lacks information sufficient to form a belief as to the truth of these allegations, and therefore denies them.

42.  The allegations contained in Paragraph 42 of the Complaint are directed toward a defendant other than Office Depot. Office Depot lacks information sufficient to form a belief as to the truth of these allegations, and therefore denies them.

43.  The allegations contained in Paragraph 43 of the Complaint are directed toward a defendant other than Office Depot. Office Depot lacks information sufficient to form a belief as to the truth of these allegations, and therefore denies them.

44.  The allegations contained in Paragraph 44 of the Complaint are directed toward a defendant other than Office Depot. Office Depot lacks information sufficient to form a belief as to the truth of these allegations, and therefore denies them.

45. The allegations contained in Paragraph 45 of the Complaint are directed toward a defendant other than Office Depot. Office Depot lacks information sufficient to form a belief as to the truth of these allegations, and therefore denies them.

46. The allegations contained in Paragraph 46 of the Complaint are directed toward a defendant other than Office Depot. Office Depot lacks information sufficient to form a belief as to the truth of these allegations, and therefore denies them.

## COUNT IV: DIRECTED TO WILLIAMS-SONOMA

47. The allegations contained in Paragraph 47 of the Complaint are directed toward a defendant other than Office Depot. Office Depot lacks information sufficient to form a belief as to the truth of these allegations, and therefore denies them.

48. The allegations contained in Paragraph 48 of the Complaint are directed toward a defendant other than Office Depot. Office Depot lacks information sufficient to form a belief as to the truth of these allegations, and therefore denies them.

49. The allegations contained in Paragraph 49 of the Complaint are directed toward a defendant other than Office Depot. Office Depot lacks information sufficient to form a belief as to the truth of these allegations, and therefore denies them.

50. The allegations contained in Paragraph 50 of the Complaint are directed toward a defendant other than Office Depot. Office Depot lacks information sufficient to form a belief as to the truth of these allegations, and therefore denies them.

51. The allegations contained in Paragraph 51 of the Complaint are directed toward a defendant other than Office Depot. Office Depot lacks information sufficient to form a belief as to the truth of these allegations, and therefore denies them.

52. The allegations contained in Paragraph 52 of the Complaint are directed toward a defendant other than Office Depot. Office Depot lacks information sufficient to form a belief as to the truth of these allegations, and therefore denies them.

53. The allegations contained in Paragraph 53 of the Complaint are directed toward a defendant other than Office Depot. Office Depot lacks information sufficient to form a belief as to the truth of these allegations, and therefore denies them.

54. The allegations contained in Paragraph 54 of the Complaint are directed toward a defendant other than Office Depot. Office Depot lacks information sufficient to form a belief as to the truth of these allegations, and therefore denies them.

55. The allegations contained in Paragraph 55 of the Complaint are directed toward a defendant other than Office Depot. Office Depot lacks information sufficient to form a belief as to the truth of these allegations, and therefore denies them.

56. The allegations contained in Paragraph 56 of the Complaint are directed toward a defendant other than Office Depot. Office Depot lacks information sufficient to form a belief as to the truth of these allegations, and therefore denies them.

57. The allegations contained in Paragraph 57 of the Complaint are directed toward a defendant other than Office Depot. Office Depot lacks information sufficient to form a belief as to the truth of these allegations, and therefore denies them.

**COUNT V: DIRECTED TO J. CREW**

58. The allegations contained in Paragraph 58 of the Complaint are directed toward a defendant other than Office Depot. Office Depot lacks information sufficient to form a belief as to the truth of these allegations, and therefore denies them.

59. The allegations contained in Paragraph 59 of the Complaint are directed toward a defendant other than Office Depot. Office Depot lacks information sufficient to form a belief as to the truth of these allegations, and therefore denies them.

60. The allegations contained in Paragraph 60 of the Complaint are directed toward a defendant other than Office Depot. Office Depot lacks information sufficient to form a belief as to the truth of these allegations, and therefore denies them.

61. The allegations contained in Paragraph 61 of the Complaint are directed toward a defendant other than Office Depot. Office Depot lacks information sufficient to form a belief as to the truth of these allegations, and therefore denies them.

62. The allegations contained in Paragraph 62 of the Complaint are directed toward a defendant other than Office Depot. Office Depot lacks information sufficient to form a belief as to the truth of these allegations, and therefore denies them.

63. The allegations contained in Paragraph 63 of the Complaint are directed toward a defendant other than Office Depot. Office Depot lacks information sufficient to form a belief as to the truth of these allegations, and therefore denies them.

64. The allegations contained in Paragraph 64 of the Complaint are directed toward a defendant other than Office Depot. Office Depot lacks information sufficient to form a belief as to the truth of these allegations, and therefore denies them.

65. The allegations contained in Paragraph 65 of the Complaint are directed toward a defendant other than Office Depot. Office Depot lacks information sufficient to form a belief as to the truth of these allegations, and therefore denies them.

66. The allegations contained in Paragraph 66 of the Complaint are directed toward a defendant other than Office Depot. Office Depot lacks information sufficient to form a belief as to the truth of these allegations, and therefore denies them.

67. The allegations contained in Paragraph 67 of the Complaint are directed toward a defendant other than Office Depot. Office Depot lacks information sufficient to form a belief as to the truth of these allegations, and therefore denies them.

68. The allegations contained in Paragraph 68 of the Complaint are directed toward a defendant other than Office Depot. Office Depot lacks information sufficient to form a belief as to the truth of these allegations, and therefore denies them.

## DEMAND FOR JURY TRIAL

69. No allegations are contained in Paragraph 69, and a response by Office Depot is therefore not necessary. To the extent a response to Paragraph 69 may be deemed necessary, Office Depot denies the assertions set out in Paragraph 69.

## AFFIRMATIVE DEFENSES

70. The allegations of the Complaint fail to state a claim against Office Depot upon which relief can be granted.

71. The claims of the '835 patent are invalid for failure to meet the requirements of the U.S. Patent Laws, 35 U.S.C. § 100 *et. seq.*, including but not limited to 35 U.S.C. §§ 101, 102, 103 and 112.

72. Office Depot has not infringed, contributed to the infringement of, or induced the infringement of, any valid and/or enforceable claim of the '835 patent.

73. Internet Media's claims against Office Depot are barred, in whole or in part, by the doctrine of laches and/or by the doctrine of equitable estoppel.

74. Internet Media's claim for damages, if any, against Office Depot is statutorily limited by 35 U.S.C. § 286 and/or § 287.

75. Internet Media is estopped under the doctrine of prosecution history estoppel from asserted a claim construction that would cause any valid and/or enforceable claim of the '835 patent to be infringed by Office Depot.

76. Office Depot denies that Internet Media is entitled to any of the relief requested in its Prayer for Relief.

77. Office Depot reserves the right to amend its Answer to assert additional defenses as discovery proceeds in this matter.

## COUNTERCLAIMS

### PARTIES

78. Counterclaimant Office Depot, Inc. ("Office Depot") is a Delaware corporation, with its principal place of business at 2200 Old Germantown Road, Delray Beach, Florida 33445.

79. On information and belief, Counterclaim-Defendant Internet Media Corporation ("Internet Media") is a Virginia corporation, with its principal place of business at 200 Winchester Street, Warrenton, Virginia 20186.

### JURISDICTION AND VENUE

80. Office Depot's counterclaims include claims for a declaratory judgment of non-infringement and invalidity of U.S. Patent No. 6,049,835 ("the '835 patent"). This Court has subject matter jurisdiction over these counterclaims under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, the Patent Laws of the United States, 35 U.S.C. § 100 *et. seq.*, and 28 U.S.C. §§ 1331 and 1338.

81.   Venue is proper in this Court under 28 U.S.C. §§ 1391(c) and 1400(b).

### COUNT I: DECLARATORY JUDGMENT OF NON-INFRINGEMENT

82.   Based on the filing by Internet Media of this lawsuit and Office Depot's defenses, an actual controversy has arisen and now exists between Internet Media and Office Depot as to whether or not Office Depot has directly infringed, contributed to the infringement of, or induced the infringement of, any valid and/or enforceable claim of the '835 patent.

83.   Office Depot has not and is not now directly infringing, contributorily infringing, or inducing infringement of the '835 patent, either literally or under the doctrine of equivalents.

84.   Accordingly, Office Depot requests a declaration from this Court that Office Depot has not and is not now directly infringing, contributorily infringing, or inducing infringement of the '835 patent, either literally or under the doctrine of equivalents.

### COUNT II: DECLARATORY JUDGMENT OF INVALIDITY

85.   Based on the filing by Internet Media of this lawsuit and Office Depot's defenses, an actual controversy has arisen and now exists between Internet Media and Office Depot as to the validity of each of the claims of the '835 patent.

86.   Office Depot requests a declaration from this Court that each of the claims of the '835 patent is invalid for failure to comply with the provisions of the Patent Laws, 35 U.S.C. § 100 *et. seq.*, including but not limited to one or more of 35 U.S.C. §§ 101, 102, 103 and/or 112.

### EXCEPTIONAL CASE

87.   This is an exceptional case under 35 U.S.C. §285, and as such, Office Depot is entitled to recover from Internet Media Office Depot's reasonable attorneys' fees and costs incurred in connection with this action.

## PRAYER FOR RELIEF

WHEREFORE, Office Depot prays that:

A.  Internet Media's Complaint against Office Depot be dismissed with prejudice, and that judgment on the Complaint be entered in favor of Office Depot;

B.  Judgment be entered in favor of Office Depot declaring that Office Depot has not infringed any claim of the '835 patent, either literally or under the doctrine of equivalents;

C.  Judgment be entered in favor of Office Depot declaring that each and every claim of the '835 patent is invalid;

D.  Judgment be entered in favor of Office Depot and against Internet Media that this is an exceptional case, and awarding Office Depot its reasonable attorneys' fees and costs under 35 U.S.C. §285; and

E.  Office Depot be awarded such further relief as this Court deems just and proper.

GREENBERG TRAURIG LLP

Dated: October 19, 2005             By: _____
                                    Cathy L. Reese (#2838)
                                    Paul D. Brown (#3903)
                                    The Brandywine Building
                                    1000 West Street Suite 1540
                                    Wilmington DE 19801
                                    Tel.: (302) 661-7000
                                    Fax: (302) 661-7360

                                    Michael A. Nicodema (*admitted pro hac vice*)
                                    200 Campus Drive
                                    Florham Park, NJ 07932-0677
                                    Tel.: (973) 360-7932
                                    Fax: (973) 301-8410

                                    *Attorneys for Defendant Office Depot, Inc.*