IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INTERNET MEDIA CORPORATION, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DELL, INC., OFFICE DEPOT, INC., )<br>J.C. PENNEY COMPANY, INC., )<br>WILLIAMS-SONOMA, INC., and )<br>J. CREW GROUP, INC., )<br>)<br>Defendants. ) | C.A. No. 05-633-KAJ<br><br>JURY TRIAL DEMANDED |

**DEFENDANT J.C. PENNEY COMPANY, INC.'S
ORIGINAL ANSWER, DEFENSES, AND COUNTERCLAIMS**

Defendant J.C. Penney Company, Inc. ("J.C. Penney") submits the following answer to the complaint of plaintiff Internet Media Corporation ("Internet Media" or "plaintiff") for Patent Infringement (the "Complaint"), along with its defenses, denying infringement of any valid and/or enforceable claim of U.S. Patent No. 6,049,835 ("the '835 patent"), and counterclaims.

**NATURE OF THE ACTION**

1. No allegations are set forth in paragraph 1, and therefore, a response by J.C. Penney is not necessary. To the extent a response may be deemed necessary, J.C. Penney denies the allegations in paragraph 1.

**PARTIES**

2. J.C. Penney admits that plaintiff alleges an action for patent infringement. J.C. Penney denies that it has infringed, either willfully or otherwise, any valid and/or enforceable claim of the '835 patent. J.C. Penney admits that what purports to be a copy of the '835 patent is attached as Exhibit 1 to the Complaint which, on its face, indicates that the patent is assigned to Internet Media and that the patent is entitled "System for Providing Easy Access to the World

Wide Web Utilizing a Published List of Preselected Internet Locations Together with Their Unique Multi-Digit Jump Codes." J.C. Penney denies that the '835 patent is directed generally to a system and method for quickly and easily accessing preselected desired addresses or URLs on the Internet. Except as so admitted, J.C. Penney is without sufficient information or belief to respond to the remaining allegations set forth in paragraph 2 of the Complaint, and denies them on that basis.

3. On information and belief, plaintiff Internet Media Corporation ("Internet Media") is a corporation organized and existing under the laws of Virginia, with its principal place of business at 200 Winchester Street, Warrenton, Virginia 20186.

4. J.C. Penney is without sufficient information or belief as to the truth of the allegations set forth in paragraph 4 of the Complaint, and denies them on that basis.

5. J.C. Penney is without sufficient information or belief as to the truth of the allegations set forth in paragraph 5 of the Complaint, and denies them on that basis.

6. J.C. Penney admits that J.C. Penney Company, Inc. is a Delaware corporation having its principal place of business at 6501 Legacy Drive, Plano, Texas 75024.

7. J.C. Penney is without sufficient information or belief as to the truth of the allegations set forth in paragraph 6 of the Complaint, and denies them on that basis.

8. J.C. Penney is without sufficient information or belief as to the truth of the allegations set forth in paragraph 8 of the Complaint, and denies them on that basis.

9. J.C. Penney admits it offers products for sale on the World Wide Web. J.C. Penney also admits that it provides catalogs and print advertisements that include a plurality of product listings. J.C. Penney denies that some or all of the product listings include a code that when entered into a box on a particular Web page, permits a Web user to quickly and easily access

preselected desired addresses or URLs on the Web. J.C. Penney is without sufficient information or belief as to the truth of the remaining allegations set forth in paragraph 9 of the Complaint, and denies them on that basis.

## JURISDICTION AND VENUE

10.  J.C. Penney admits that the complaint by Internet Media is brought under the Patent Laws of the United States and that this Court has subject matter jurisdiction over the claims pursuant to 28 U.S.C. §§ 1331 and 1338(a). Except as so admitted, J.C. Penney denies the allegations of paragraph 10 of the Complaint.

11.  J.C. Penney admits that this Court has personal jurisdiction over J.C. Penney. J.C. Penney also admits it is a citizen of the State of Delaware and does business in the judicial district. J.C. Penney denies that it has infringed, contributed to the infringement of or induced the infringement of any valid and/or enforceable claim of the '835 patent. J.C. Penney denies the remaining allegations, if any, contained in paragraph 11 of the Complaint to the extent such allegations are directed to J.C. Penney. For any allegations contained in paragraph 11 of the Complaint that are directed toward defendants other than J.C. Penney, J.C. Penney is without sufficient information or belief as to the truth of the remaining allegations set forth in paragraph 11 of the Complaint, and denies them on that basis.

12.  J.C. Penney admits that venue is proper for J.C. Penney. J.C. Penney denies the remaining allegations, if any, contained in paragraph 12 of the Complaint to the extent such allegations are directed to J.C. Penney. For any allegations contained in paragraph 12 of the Complaint that are directed toward defendants other than J.C. Penney, J.C. Penney is without sufficient information or belief as to the truth of the remaining allegations set forth in paragraph 12 of the Complaint, and denies them on that basis.

## FACTUAL BACKGROUND

13. J.C. Penney admits that the face of the '835 patent indicates that the '835 patent was issued on April 11, 2000 to Internet Media Corporation. J.C. Penney is without sufficient information or belief as to the truth of the remaining allegations set forth in paragraph 13 of the Complaint, and denies them on that basis.

14. Denied.

15. J.C. Penney admits that on the face of the '835 patent, Eric F. Gagnon is a named inventor of the '835 patent. J.C. Penney is without sufficient information or belief as to the truth of the remaining allegations set forth in paragraph 15 of the Complaint, and denies them on that basis.

16. J.C. Penney is without sufficient information or belief as to the truth of the remaining allegations set forth in paragraph 16 of the Complaint, and denies them on that basis.

## COUNT I - DELL'S INFRINGEMENT OF PATENT NO. 6,049,835

17. The allegations contained in paragraph 17 of the Complaint are directed toward defendants other than J.C. Penney and J.C. Penney is without sufficient information or belief as to the truth of the remaining allegations set forth in paragraph 17 of the Complaint, and denies them on that basis.

18. The allegations contained in paragraph 18 of the Complaint are directed toward defendants other than J.C. Penney and J.C. Penney without sufficient information or belief as to the truth of the remaining allegations set forth in paragraph 18 of the Complaint, and denies them on that basis.

19. The allegations contained in paragraph 19 of the Complaint are directed toward defendants other than J.C. Penney and J.C. Penney is without sufficient information or belief as

4

to the truth of the remaining allegations set forth in paragraph 19 of the Complaint, and denies them on that basis.

20. The allegations contained in paragraph 20 of the Complaint are directed toward defendants other than J.C. Penney and J.C. Penney is without sufficient information or belief as to the truth of the remaining allegations set forth in paragraph 20 of the Complaint, and denies them on that basis.

21. The allegations contained in paragraph 21 of the Complaint are directed toward defendants other than J.C. Penney and J.C. Penney is without sufficient information or belief as to the truth of the remaining allegations set forth in paragraph 21 of the Complaint, and denies them on that basis.

22. The allegations contained in paragraph 22 of the Complaint are directed toward defendants other than J.C. Penney and J.C. Penney is without sufficient information or belief as to the truth of the remaining allegations set forth in paragraph 22 of the Complaint, and denies them on that basis.

23. The allegations contained in paragraph 23 of the Complaint are directed toward defendants other than J.C. Penney and J.C. Penney is without sufficient information or belief as to the truth of the remaining allegations set forth in paragraph 23 of the Complaint, and denies them on that basis.

24. The allegations contained in paragraph 24 of the Complaint are directed toward defendants other than J.C. Penney and J.C. Penney is without sufficient information or belief as to the truth of the remaining allegations set forth in paragraph 24 of the Complaint, and denies them on that basis.

25. The allegations contained in paragraph 25 of the Complaint are directed toward defendants other than J.C. Penney and J.C. Penney is without sufficient information or belief as to the truth of the remaining allegations set forth in paragraph 25 of the Complaint, and denies them on that basis.

26. The allegations contained in paragraph 26 of the Complaint are directed toward defendants other than J.C. Penney and J.C. Penney is without sufficient information or belief as to the truth of the remaining allegations set forth in paragraph 26 of the Complaint, and denies them on that basis.

## COUNT II - OFFICE DEPOT'S INFRINGEMENT OF U.S. PAT. 6,049,835

27. The allegations contained in paragraph 27 of the Complaint are directed toward defendants other than J.C. Penney and J.C. Penney is without sufficient information or belief as to the truth of the remaining allegations set forth in paragraph 27 of the Complaint, and denies them on that basis.

28. The allegations contained in paragraph 28 of the Complaint are directed toward defendants other than J.C. Penney and J.C. Penney is without sufficient information or belief as to the truth of the remaining allegations set forth in paragraph 28 of the Complaint, and denies them on that basis.

29. The allegations contained in paragraph 29 of the Complaint are directed toward defendants other than J.C. Penney and J.C. Penney is without sufficient information or belief as to the truth of the remaining allegations set forth in paragraph 29 of the Complaint, and denies them on that basis.

30. The allegations contained in paragraph 30 of the Complaint are directed toward defendants other than J.C. Penney and J.C. Penney is without sufficient information or belief as

to the truth of the remaining allegations set forth in paragraph 30 of the Complaint, and denies them on that basis.

31. The allegations contained in paragraph 31 of the Complaint are directed toward defendants other than J.C. Penney and J.C. Penney is without sufficient information or belief as to the truth of the remaining allegations set forth in paragraph 31 of the Complaint, and denies them on that basis.

32. The allegations contained in paragraph 32 of the Complaint are directed toward defendants other than J.C. Penney and J.C. Penney is without sufficient information or belief as to the truth of the remaining allegations set forth in paragraph 32 of the Complaint, and denies them on that basis.

33. The allegations contained in paragraph 33 of the Complaint are directed toward defendants other than J.C. Penney and J.C. Penney is without sufficient information or belief as to the truth of the remaining allegations set forth in paragraph 33 of the Complaint, and denies them on that basis.

34. The allegations contained in paragraph 34 of the Complaint are directed toward defendants other than J.C. Penney and J.C. Penney is without sufficient information or belief as to the truth of the remaining allegations set forth in paragraph 34 of the Complaint, and denies them on that basis.

35. The allegations contained in paragraph 35 of the Complaint are directed toward defendants other than J.C. Penney and J.C. Penney is without sufficient information or belief as to the truth of the remaining allegations set forth in paragraph 35 of the Complaint, and denies them on that basis.

36. The allegations contained in paragraph 36 of the Complaint are directed toward defendants other than J.C. Penney and J.C. Penney is without sufficient information or belief as to the truth of the remaining allegations set forth in paragraph 36 of the Complaint, and denies them on that basis.

## COUNT III - JCPENNEY'S INFRINGEMENT OF U.S. PAT. NO. 6,049,835

37. J.C. Penney admits that it sells family apparel, jewelry, shoes, accessories and home furnishings to customers through department stores, catalogs and the Internet.

38. J.C. Penney admits that JCPenney Catalog, including e-commerce, is the nation's largest catalog merchant of general merchandise. J.C. Penney further admits JCPenney.com is one of the largest apparel and home furnishings sites on the Internet.

39. J.C. Penney admits that total Internet sales, which are an integral part of the Company's multichannel retailing strategy, increased approximately 32% in 2004 to $812 million.

40. J.C. Penney admits that it provides customers with catalogs and print advertisements that include a plurality of product listings. J.C. Penney denies any remaining allegations set forth in paragraph 40 of the Complaint.

41. Denied.

42. Denied.

43. J.C. Penney admits that Exhibit 12 of the Complaint purports to be a copy from a J.C. Penney print advertisement. J.C. Penney denies any remaining allegations set forth in paragraph 43 of the Complaint.

44. J.C. Penney admits that Exhibit 13 of the Complaint purports to be a screen shot of a J.C. Penney Web page. J.C. Penney denies any remaining allegations set forth in paragraph 44 of the Complaint.

45. Denied.

46. Denied.

## COUNT IV - WILLIAMS-SONOMA'S INFRINGEMENT OF U.S. PAT. NO. 6,049,835

47. The allegations contained in paragraph 47 of the Complaint are directed toward defendants other than J.C. Penney and J.C. Penney is without sufficient information or belief as to the truth of the remaining allegations set forth in paragraph 47 of the Complaint, and denies them on that basis.

48. The allegations contained in paragraph 48 of the Complaint are directed toward defendants other than J.C. Penney and J.C. Penney is without sufficient information or belief as to the truth of the remaining allegations set forth in paragraph 48 of the Complaint, and denies them on that basis.

49. The allegations contained in paragraph 49 of the Complaint are directed toward defendants other than J.C. Penney and J.C. Penney is without sufficient information or belief as to the truth of the remaining allegations set forth in paragraph 49 of the Complaint, and denies them on that basis.

50. The allegations contained in paragraph 50 of the Complaint are directed toward defendants other than J.C. Penney and J.C. Penney is without sufficient information or belief as to the truth of the remaining allegations set forth in paragraph 50 of the Complaint, and denies them on that basis.

51. The allegations contained in paragraph 51 of the Complaint are directed toward defendants other than J.C. Penney and J.C. Penney is without sufficient information or belief as to the truth of the remaining allegations set forth in paragraph 51 of the Complaint, and denies them on that basis.

52. The allegations contained in paragraph 52 of the Complaint are directed toward defendants other than J.C. Penney and J.C. Penney is without sufficient information or belief as to the truth of the remaining allegations set forth in paragraph 52 of the Complaint, and denies them on that basis.

53. The allegations contained in paragraph 53 of the Complaint are directed toward defendants other than J.C. Penney and J.C. Penney is without sufficient information or belief as to the truth of the remaining allegations set forth in paragraph 53 of the Complaint, and denies them on that basis.

54. The allegations contained in paragraph 54 of the Complaint are directed toward defendants other than J.C. Penney and J.C. Penney is without sufficient information or belief as to the truth of the remaining allegations set forth in paragraph 54 of the Complaint, and denies them on that basis.

55. The allegations contained in paragraph 55 of the Complaint are directed toward defendants other than J.C. Penney and J.C. Penney is without sufficient information or belief as to the truth of the remaining allegations set forth in paragraph 55 of the Complaint, and denies them on that basis.

56. The allegations contained in paragraph 56 of the Complaint are directed toward defendants other than J.C. Penney and J.C. Penney is without sufficient information or belief as

to the truth of the remaining allegations set forth in paragraph 56 of the Complaint, and denies them on that basis.

57. The allegations contained in paragraph 57 of the Complaint are directed toward defendants other than J.C. Penney and J.C. Penney is without sufficient information or belief as to the truth of the remaining allegations set forth in paragraph 57 of the Complaint, and denies them on that basis.

## COUNT V - J. CREW'S [SIC] OF U.S. PAT. NO. 6,049,835

58. The allegations contained in paragraph 58 of the Complaint are directed toward defendants other than J.C. Penney and J.C. Penney is without sufficient information or belief as to the truth of the remaining allegations set forth in paragraph 58 of the Complaint, and denies them on that basis.

59. The allegations contained in paragraph 59 of the Complaint are directed toward defendants other than J.C. Penney and J.C. Penney is without sufficient information or belief as to the truth of the remaining allegations set forth in paragraph 59 of the Complaint, and denies them on that basis.

60. The allegations contained in paragraph 60 of the Complaint are directed toward defendants other than J.C. Penney and J.C. Penney is without sufficient information or belief as to the truth of the remaining allegations set forth in paragraph 60 of the Complaint, and denies them on that basis.

61. The allegations contained in paragraph 61 of the Complaint are directed toward defendants other than J.C. Penney and J.C. Penney is without sufficient information or belief as to the truth of the remaining allegations set forth in paragraph 61 of the Complaint, and denies them on that basis.

62. The allegations contained in paragraph 62 of the Complaint are directed toward defendants other than J.C. Penney and J.C. Penney is without sufficient information or belief as to the truth of the remaining allegations set forth in paragraph 62 of the Complaint, and denies them on that basis.

63. The allegations contained in paragraph 63 of the Complaint are directed toward defendants other than J.C. Penney and J.C. Penney is without sufficient information or belief as to the truth of the remaining allegations set forth in paragraph 63 of the Complaint, and denies them on that basis.

64. The allegations contained in paragraph 64 of the Complaint are directed toward defendants other than J.C. Penney and J.C. Penney is without sufficient information or belief as to the truth of the remaining allegations set forth in paragraph 64 of the Complaint, and denies them on that basis.

65. The allegations contained in paragraph 65 of the Complaint are directed toward defendants other than J.C. Penney and J.C. Penney is without sufficient information or belief as to the truth of the remaining allegations set forth in paragraph 65 of the Complaint, and denies them on that basis.

66. The allegations contained in paragraph 66 of the Complaint are directed toward defendants other than J.C. Penney and J.C. Penney is without sufficient information or belief as to the truth of the remaining allegations set forth in paragraph 66 of the Complaint, and denies them on that basis.

67. The allegations contained in paragraph 67 of the Complaint are directed toward defendants other than J.C. Penney and J.C. Penney is without sufficient information or belief as

to the truth of the remaining allegations set forth in paragraph 67 of the Complaint, and denies them on that basis.

68. The allegations contained in paragraph 68 of the Complaint are directed toward defendants other than J.C. Penney and J.C. Penney is without sufficient information or belief as to the truth of the remaining allegations set forth in paragraph 68 of the Complaint, and denies them on that basis.

## DEMAND FOR JURY TRIAL

69. No allegations are contained within paragraph 69 and a response by J.C. Penney is therefore not necessary.

## AFFIRMATIVE DEFENSES

70. The complaint fails to state a claim upon which relief can be granted.

71. The claims of the '835 patent are invalid on the grounds that the purported inventions attempted to be patented therein fail to meet the conditions of patentability specified in 35 U.S.C. § 100 et seq., including but not limited to 35 U.S.C. §§ 101, 102, 103, and 112.

72. J.C. Penney has not directly infringed, contributorily infringed, or induced the infringement of any valid and/or enforceable claim of the '835 patent.

73. Internet Media's claims against J.C. Penney are barred in whole or in part by the doctrine of laches and/or by the doctrine of equitable estoppel.

74. Internet Media's claim for damages, if any, against J.C. Penney is statutorily limited by 35 U.S.C. § 286 and/or § 287.

75. By reason of prosecution history estoppel, Internet Media is estopped from asserting a claim construction that would cause the claims of the '835 patent to be infringed by J.C. Penney.

76. J.C. Penney hereby reserves its right to supplement with additional defenses as discovery proceeds in this matter.

## PRAYER FOR RELIEF

77. J.C. Penney denies that Internet Media is entitled to any of the relief requested in its Prayer for Relief against J.C. Penney.

## COUNTERCLAIMS

### Parties

78. Counterclaimant J.C. Penney Company, Inc. is a Delaware corporation having its principal place of business at 6501 Legacy Drive, Plano, Texas 75024.

79. On information and belief, counterclaim defendant Internet Media Corporation ("Internet Media") is a corporation organized and existing under the laws of Virginia, with its principal place of business at 200 Winchester Street, Warrenton, Virginia 20186.

### Jurisdiction and Venue

80. The counterclaims include claims for declaratory judgment of patent non-infringement and patent invalidity, and jurisdiction is proper under the Federal Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202, and the patent Laws of the United States, 35 U.S.C. § 100, *et seq.*, concerning actions related to patents, and 28 U.S.C. §§ 1331 and 1338.

81. Venue is proper in this Court under 28 U.S.C. § 1391(c) and § 1400(b).

### Count One
### Declaratory Relief Regarding Non-Infringement

82. Based on the filing by Internet Media of this suit and J.C. Penney's defenses, an actual controversy has arisen and now exists between the parties as to whether or not J.C. Penney has directly and/or indirectly infringed any valid claim of the '835 patent.

14

83. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201, *et seq.*, J.C. Penney requests a declaration from the Court that J.C. Penney has not infringed any valid claim of the '835 patent, either directly, contributorily, or by inducement, or either literally or under the doctrine of equivalents.

## Count Two
### Declaratory Relief Regarding Non-Infringement

84. Based on the filing of this suit by Internet Media and J.C. Penney's defenses, an actual controversy has arisen and now exists between the parties as to the validity of each of the claims of the '835 patent.

85. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201, *et seq.*, J.C. Penney requests a declaration from the Court that each of the claims of the '835 patent are invalid for failure to comply with the provisions of the patent laws, 35 U.S.C. § 100, *et seq.*, including but not limited to one or more of 35 U.S.C. §§ 101, 102, 103, and/or 112.

## EXCEPTIONAL CASE

86. This is an exceptional case under 35 U.S.C. § 285, and as such, J.C. Penney is entitled to recover from Internet Media J.C. Penney's attorneys' fees and costs incurred in connection with this action.

## PRAYER

J.C. Penney prays that:

(a) Internet Media's Complaint against J.C. Penney be dismissed, with prejudice, and that a take-nothing judgment be entered in favor of J.C. Penney;

(b) Judgment be entered in favor of J.C. Penney declaring that each of the claims of the '835 patent is invalid and that J.C. Penney has not infringed any claim of such patent either literally and/or under the doctrine of equivalents;

(c)     Judgment be entered in favor of J.C. Penney and against Internet Media that this is an exceptional case and awarding J.C. Penney its attorneys' fees and costs under 35 U.S.C. § 285; and

(d)     J.C. Penney be awarded any such other and further relief as is just and proper.

|  |  |
|---|---|
| OF COUNSEL: | POTTER ANDERSON & CORROON LLP |
| James G. Gilliland, Jr.<br>Gregory S. Gilchrist<br>April E. Abele<br>Robert G. Litts<br>Townsend and Townsend and Crew LLP<br>Two Embarcadero Center, 8th Floor<br>San Francisco, California 94111<br>(415) 576-0200 | By: _____<br>Philip A. Rovner (#3215)<br>Hercules Plaza, 6th Floor<br>P.O. Box 951<br>Wilmington, Delaware 19899<br>(302) 984-6000<br>E-mail: provner@potteranderson.com<br><br>Attorneys for Defendant<br>J.C. Penney Company, Inc. |

Dated: October 20, 2005
704266

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I, Philip A. Rovner, hereby certify that on October 20, 2005, the within document was electronically filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following; and that the document is available for viewing and downloading from CM/ECF.

### BY CM-ECF

Thomas P. Preston, Esq.
Blank Rome LLP
1201 Market Street, Suite 800
Wilmington, DE  19899

Paul Damon Brown, Esq.
Greenberg Traurig, LLP
The Brandywine Building
1000 West Street, Suite 1540
Wilmington, DE  19801

Richard L. Horwitz, Esq.
Potter Anderson & Corroon LLP
P.O. Box 951
Wilmington, DE  19899

_____
Philip A. Rovner (#3215)
Potter Anderson & Corroon LLP
Hercules Plaza
P.O. Box 951
Wilmington, Delaware 19899
(302) 984-6000
E-mail: provner@potteranderson.com

704240