IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INTERNET MEDIA CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>DELL, INC.; OFFICE DEPOT, INC.;<br>J.C. PENNEY COMPANY, INC.;<br>WILLIAMS-SONOMA, INC.; and<br>J. CREW GROUP, INC.,<br><br>Defendants. | Civil Action No. 05-633-KAJ |

**[PROPOSED] SCHEDULING ORDER**

This _____ day of _____, 2005, the Court having conducted an initial Rule 16 scheduling and planning conference pursuant to Local Rule 16.2(a) on November 21, 2005, and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration;

IT IS ORDERED that:

1. <u>Rule 26(a)(1) Initial Disclosures</u>.

Unless otherwise agreed to by the parties, the parties shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) within ***ten (10) days*** of the date of this Order. If they have not already done so, the parties are to review the Court's Default Standard for Discovery of Electronic Documents, which is posted at http://www.ded.uscourts.gov (see Orders, etc., Policies & Procedures, Ad Hoc Committee for Electronic Discovery), and is incorporated herein by reference.

2. <u>Joinder of Other Parties and Amendment of Pleadings</u>.

All motions to join other parties shall be filed on or before ***May 1, 2006***; motions to amend the pleadings shall be filed by ***June 1, 2006***.

3. <u>Discovery</u>.

    a. <u>Limitation on Hours for Deposition Discovery</u>.

- ***Internet Media's Proposal:***

Regarding fact discovery, ***the plaintiff, and the defendants collectively, are each limited to a total of 350 hours*** of testimony by deposition upon oral examination (***not including third party discovery). Regarding third-party discovery, the plaintiff, and the defendants collectively, are each limited to a total of 40 hours of testimony by deposition upon oral examination. . For any deponent, plaintiff, and the defendants collectively, are limited to 7 hours of testimony by deposition upon oral examination with the exception of the inventor deponent, where the defendants are collectively limited to 14 hours of testimony by deposition upon oral examination.*** These limitations shall apply to any party joined in this suit in the future.

Regarding expert discovery, for each expert offering testimony under Federal Rule of Civil Procedure 26(a)(2), the opposing side is limited to seven hours of taking testimony by deposition upon oral examination. ***To the extent that an expert offers an opinion specific or unique to a particular defendant, that defendant shall have an additional (2) hours of deposition time with that expert.*** In event that any expert is permitted to offer supplemental expert testimony after the schedule set forth in paragraph (d) below, the opposing side is permitted to take a second seven-hour deposition upon oral examination.

- ***Defendants' Proposal***:

***The plaintiff, and the defendants collectively, are limited to a total of one hundred fifty (150) hours of taking testimony of fact witnesses by deposition upon oral examination. Absent agreement of the parties, the length of individual depositions of fact witnesses shall comport with the Federal Rules of Civil Procedure. Each party may, however, depose one (1) fact witness for more than seven (7) hours so long as the deposing party gives reasonable notice of its intent to exceed seven (7) hours and the deposition does not exceed fourteen (14) hours. With the exception of experts submitting more than one report, each party will make all***

2

*reasonable efforts to avoid deposing any witness more than once. Each defendant will make all reasonable efforts to coordinate with the other defendants to avoid deposing any fact witness who has been deposed by another defendant. The plaintiff and the defendants collectively are limited to seven (7) hours of taking testimony of each expert witness by deposition upon oral examination. To the extent that an expert offers an opinion specific or unique to a particular defendant, that defendant shall have an additional three (3) hours of deposition time with that expert.*

      b.     <u>Location of Depositions</u>.

Any party or representative (officer, director, or managing agent) of a party filing a civil action in this district court must ordinarily be required, upon request, to submit to a deposition at a place designated within this district. Exceptions to this general rule may be made by order of the Court or the agreement of the parties. A defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision. *The location of any deposition of any party or representative (officer, director, or managing agent) of a party to this action shall be negotiated and agreed to by the parties. Absent an agreement, the location of the deposition shall be within the district of Delaware.*

      c.     <u>Discovery Cut Off</u>.

All discovery in this case shall be initiated so that it will be completed on or before **[see below]**. The Court encourages the parties to serve and respond to contention interrogatories early in the case. Unless otherwise ordered by the Court, the limitations on discovery set forth in Local Rule 26.1 shall be strictly observed.

| Internet Media Corporation's Proposal | Defendants' Proposal |
|---|---|
| ***Jan. 30, 2007*** | ***Oct. 31, 2006*** |

     d.    <u>Disclosure of Expert Testimony</u>.

Unless otherwise agreed to by the parties, they shall file their initial Federal Rule of Civil Procedure 26(a)(2) disclosures of expert testimony on issues which that party bears the burden of proof on or before ninety (90) days before the date of the completion of discovery *[Internet Media: November 1, 2006; Defendants: August 2, 2006]*, and file a supplemental disclosure to contradict or rebut evidence on the same subject matter identified by another party sixty (60) days before the date for the completion of discovery *[Internet Media: December 1, 2006; Defendant: September 1, 2006]*. To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court.

- ***<u>Internet Media's Additional Proposal</u>***

*120 days prior to close of discovery, each side shall provide the other with an identification of each expert witness who will offer expert testimony pursuant to Federal Rule of Civil Procedure 26.*

- ***<u>Defendants' Response to Internet Media's Additional Proposal</u>***
**DELETE**

- ***<u>Internet Media's Additional Proposal</u>***

<u>*Discovery Relating to Validity/Prior Art*</u>

    *1.*    *On or before August 31, 2006, each defendant shall serve on the plaintiff a list of all the prior art on which it relies, and a complete and detailed explanation of what it alleges the prior art shows and how that prior art invalidates the claim(s) asserted by the plaintiff. (Defendant's Prior Art Statement").*

*This notice requirement supersedes the prior art notice requirement set forth in the 35 U.S.C. §282.*

- ***<u>Defendants' Response to Internet Media's Additional Proposal</u>***
**DELETE**

   e. Discovery Disputes. **[Same as paragraph in Judge Jordan's Form Order]**

Should counsel find they are unable to resolve a discovery dispute, the party seeking the relief shall contact Chambers (302) 573-6001 to schedule a telephone conference. Not less than 48 hours prior to the conference, the party seeking relief shall file with the Court a letter, not to exceed three pages, outlining the issues in dispute and its position on those issues. (The Court does not seek extensive argument or authorities at this point; it seeks simply a statement of the issue to be addressed and a summary of the basis for the party's position on the issue.) Not less than 24 hours prior to the conference, any party opposing the application for relief may file a letter, not to exceed three pages, outlining that party's reasons for its opposition. Should the Court find further briefing necessary upon conclusion of the telephone conference, the Court will order it. Disputes over protective orders are to be addressed in the first instance in accordance with this paragraph.

  4. <u>Application to Court for Protective Order</u>.

Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, counsel should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court within *twenty (20) days* from the date of this Order. Should counsel be unable to reach an agreement on a proposed form of order, the counsel must first follow the provisions of Paragraph 3e above.

  Any proposed order should include the following paragraph:

> <u>Other Proceedings</u>. By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclosure another party's information designated "confidential" [the parties should list any other level of designation, such as "highly confidential," which may be provided for in the protective order] pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

5.  <u>Papers Filed Under Seal</u>. **[Same as paragraph in Judge Jordan's Form Order]**

When filing papers under seal, counsel should deliver to the Clerk an original and one copy of the papers.

6.  <u>Settlement Conference</u>. **[Same as paragraph in Judge Jordan's Form Order]**

Pursuant to 28 U.S.C. § 636, this matter is referred to the United States Magistrate for the purpose of exploring the possibility of a settlement. The Magistrate Judge will schedule a settlement conference with counsel and their clients. *The parties will participate in a settlement conference within thirty (30) days after the Court issues any ruling on claim construction.*

7.  <u>Interim Status Report</u>.

On *June 13, 2006*, counsel shall submit a letter to the Court with an interim report on the nature of the matters in issue and the progress of discovery to date.

8.  <u>Status Conference</u>.

On *June 27, 2006*, the Court will hold a Rule 16(a), (b) and (c) conference by telephone with counsel beginning at *2:30 p.m.* Plaintiffs counsel shall initiate the telephone call.

If all parties agree that there is nothing to report, nor anything to add to the interim status report or to this order, they may so notify the Court in writing before the conference is scheduled to occur, and the conference will be taken off of the Court's calendar.

9.  <u>Tutorial Describing the Technology and Matters in Issue</u>. **[live tutorial proposed]**

On *[Internet Media's Proposal: October 9, 2006] [Defendants: March 7, 2006]*, the parties shall provide the Court with a *live* tutorial on the technology at issue. The tutorial should focus on the technology at issue and should not be used to argue the parties' claims construction contentions. No testimony, expert or lay, will be offered at the hearing. For the convenience of the Court, these live (in-Court) tutorials may be videotaped (or otherwise recorded) and submitted to the Court.

6

10. <u>Case Dispositive Motions</u>.

All case dispositive motions, an opening brief, and affidavits, if any, in support of the motion shall be served and filed on or before [*see below*]. *[Internet Media's Proposal: Answering briefs shall be served and filed within thirty (30) days of the opening brief. Reply briefs shall be served and filed within fourteen (14) days of the answering briefs.]* *[Defendants' Proposal: Briefing will be presented pursuant to the Local Rules.]*

Internet Media Corporation's Proposal          Defendants' Proposal
*March 30, 2007*                               *March 30, 2007*

11. <u>Claim Construction Issue Identification</u>.

*[Internet Media's Proposal: On September 15, 2006]* *[Defendants' Proposal: June 4, 2006, assuming October 31, 2006 discovery cutoff]*, each side shall exchange a list *of those* claim term(s)/phrase(s) that they believe need construction and their proposed claim construction of those term(s)/phrase(s). This document will not be filed with the Court. Subsequent to exchanging that list, the parties will meet and confer to prepare a Joint Claim Construction Chart to be submitted pursuant to paragraph 12 below. The parties' Joint Claim Construction Chart should identify for the Court the term(s)/Phrase(s) of the claim(s) in issue, and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions. A copy of the patent(s) in issue as well as those portions of the intrinsic record relied upon are to be submitted with this Joint Claim Construction Chart. In this joint submission, the parties shall not provide argument.

- ***Defendants' Additional Proposal:***

*On February 17, 2006, each side shall exchange a list limited to three (3) of those claim terms(s)/phrase(s) that they believe may be helpful in resolving the case early, their proposed claim construction of those term(s)/phrase(s), and an explanation as to why the Court should perform an early claim construction of those term(s)/phrase(s). Subsequent to exchanging that list, the parties will meet and confer to prepare an Early Joint Claim*

7

*Construction Chart to be submitted pursuant to paragraph 12 below. The parties' Early Joint Claim Construction Chart should identify for the Court the claim term(s)/phrase(s) included in either side's list, each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions, an explanation by the side proposing early construction of the claim term(s)/phrase(s) as to why the Court should perform an early claim construction of the term(s)/phrase(s), and an explanation by the side opposing early construction of the claim term(s)/phrase(s) as to why that side believes the Court should not perform early construction of the term(s)/phrase(s). A copy of the patent(s) in issue as well as those portions of the intrinsic record relied upon are to be submitted with this Early Joint Claim Construction Chart.*

- ***Internet Media's Response to Defendants' Additional Proposal:***

**DELETE**

12.  <u>Claim Construction Briefs</u>.

Issues of claim construction shall be submitted to the Court by way of the Joint Claim Construction Chart, no later than [*see below*] to be considered by the Court in conjunction with the parties' summary judgment motions. Simultaneous opening briefs on issues of claim construction shall be served and filed by each side on [*see below*]. Simultaneous reply briefs shall be served and filed by each side within **thirty (30) days** of the opening briefs or on claim construction.

- ***Defendants' Additional Proposal:***

*Issues of early claim construction shall be submitted to the Court by way of the Early Joint Claim Construction Chart, no later than [see below]. Simultaneous opening briefs on issues of early claim construction shall be served and filed by each side on [see below]. Simultaneous reply briefs shall be served and filed by each side within thirty (30) days of the opening briefs or on early claim construction.*

- *Internet Media's Response to Defendants' Additional Proposal:*

**DELETE**

|  | Plaintiff's Proposal | Defendant's Proposal |
|---|---|---|
| *Submission of Early Joint Claim Construction Chart to the Court* | *No Early Joint Claim Construction* | *March 3, 2006* |
| *Simultaneous Opening Brief on Early Claim Construction* | *No Early Joint Claim Construction* | *March 31, 2006* |
| *Submission of Joint Claim Construction Chart to the Court* | *February 1 2007* | *July 3, 2006, assuming October 31, 2006 discovery cutoff* |
| *Simultaneous Opening Brief* | *February 15, 2007* | *February 15, 2007* |

13. <u>Hearing on Claim Construction and Case Dispositive Motions</u>.

- *Internet Media's proposal*

*Beginning at 2:00 p.m. on [see below], the Court will hear evidence and argument on claim construction and summary judgment.*

- *Defendants' Proposal*

*The Court will hear evidence and argument on early construction of those claim term(s)/phrase(s) beginning at 2:00 p.m. on [see below]. If necessary, the Court will hear evidence and argument on construction of any remaining term(s)/phrase(s) beginning at 2:00 p.m. on [see below]. The court will hear evidence and argument on case dispositive motions no later than [see below, later date].*

|  | Plaintiff's proposal | Defendants' Proposal |
|---|---|---|
| *Early Claim Construction* | *No Early Claim Construction* | *May 19, 2006* |
| *Claim Construction* | *June 1, 2007* | *May 8, 2007* |

14. Applications by Motion. [Same as paragraph in Judge Jordan's Form Order]

Except as otherwise specified herein, any application to the Court shall be by written motion filed with the Clerk. Unless otherwise requested by the Court, counsel shall not deliver copies of papers or correspondence to Chambers. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

15. Pretrial Conference.

On *[Internet Media: July 16, 2007; Defendants: June 23, 2007]* the Court will hold a Final Pretrial Conference in Chambers with counsel beginning at _____. Unless otherwise ordered by the Court, the parties should assume that filing the pretrial order satisfies the pretrial disclosure requirement of Federal Rule of Civil Procedure 26(a)(3). The parties shall file with the Court the joint proposed final pretrial order with the information required by the form of Final Pretrial Order which accompanies this Scheduling Order on or before [*see below*].

|  | Plaintiff's proposal | Defendants' Proposal |
|---|---|---|
| Joint Proposed Final Pretrial Order | *July 2, 2007* | *June 15, 2007* |
| Final Pretrial Conference | *July 16, 2007* | *June 23, 2007* |

16. Motions *in Limine*. [Same as paragraph in Judge Jordan's Form Order]

Motions *in limine* shall not be separately filed. All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order. Each party shall be limited to five *in limine* requests, unless otherwise permitted by the Court. The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of five pages of argument and may be opposed by a maximum of five pages of argument. No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court. If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single five (5) page submission, unless otherwise ordered by the Court.

10

900200.00001/40158025v.1

17. <u>Jury Instructions, Voir Dire, and Special Verdict Forms</u>. **[Same as paragraph in Judge Jordan's Form Order]**

Where a case is to be tried to a jury, pursuant to Local Rules 47 and 51 the parties should file proposed voir dire, instructions to the jury, and special verdict forms and jury interrogatories three full business days before the final pretrial conference. That submission shall be accompanied by a computer diskette which contains the instructions, proposed voir dire, special verdict forms, and jury interrogatories.

18. <u>Trial</u>.

This matter is scheduled for a _____ day jury trial beginning at 9:30 a.m. on [*see below*]. For the purpose of completing pretrial preparations, counsel should plan on each side being allocated a total of *35* hours to present their case.

| | |
|---|---|
| Internet Media Corporation's Proposal <br> ***August 6, 2007*** | Defendants' Proposal <br> *July 16, 2007* |

Dated: _____, 2005.

_____
UNITED STATES DISTRICT JUDGE

60633524 v4