IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INTERNET MEDIA CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>DELL, INC.; OFFICE DEPOT, INC.;<br>J.C. PENNEY COMPANY, INC.;<br>WILLIAMS-SONOMA, INC.; and<br>J. CREW GROUP, INC.,<br><br>Defendants. | Civil Action No. 05-633-KAJ |

## SCHEDULING ORDER

This 7th day of December, 2005, the Court having conducted an initial Rule 16 scheduling and planning conference pursuant to Local Rule 16.2(a) on November 21, 2005, and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration;

IT IS ORDERED that:

1. <u>Rule 26(a)(1) Initial Disclosures</u>.

Unless otherwise agreed to by the parties, the parties shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) within **ten (10) days** of the date of this Order. If they have not already done so, the parties are to review the Court's Default Standard for Discovery of Electronic Documents, which is posted at http://www.ded.uscourts.gov (see Orders, etc., Policies & Procedures, Ad Hoc Committee for Electronic Discovery), and is incorporated herein by reference.

2. <u>Joinder of Other Parties and Amendment of Pleadings</u>.

All motions to join other parties shall be filed on or before **May 1, 2006**; motions to amend the pleadings shall be filed by **June 1, 2006**.

3. <u>Discovery</u>.

    a. <u>Limitation on Hours for Deposition Discovery</u>.

The plaintiff, and the defendants collectively, are limited to a total of two hundred (200) hours of taking testimony of fact witnesses by deposition upon oral examination. Absent agreement of the parties, the length of individual depositions of fact witnesses shall comport with the Federal Rules of Civil Procedure, with the exception of the inventor deponent, where the defendants are collectively limited to 14 hours of testimony by deposition upon oral examination. The plaintiff and the defendants collectively are limited to seven (7) hours of taking testimony of each expert witness by deposition upon oral examination. To the extent that an expert offers an opinion specific or unique to a particular defendant, that defendant shall have an additional three (3) hours of deposition time with that expert.

    b. <u>Location of Depositions</u>.

Any party or representative (officer, director, or managing agent) of a party filing a civil action in this district court must ordinarily be required, upon request, to submit to a deposition at a place designated within this district. Exceptions to this general rule may be made by order of the Court or the agreement of the parties. A defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision. The location of any deposition of any party or representative (officer, director, or managing agent) of a party to this action shall be negotiated and agreed to by the parties. Absent an agreement, the location of the deposition shall be within the district of Delaware.

    c. <u>Discovery Cut Off</u>.

All discovery in this case shall be initiated so that it will be completed on or before **January 30, 2007**. The Court encourages the parties to serve and respond to contention interrogatories early in the case. Unless otherwise ordered by the Court, the limitations on discovery set forth in Local Rule 26.1 shall be strictly observed.

d. Disclosure of Expert Testimony.

Unless otherwise agreed to by the parties, they shall file their initial Federal Rule of Civil Procedure 26(a)(2) disclosures of expert testimony on issues which that party bears the burden of proof on or before ninety (90) days before the date of the completion of discovery, i.e., by **November 1, 2006**, and file a supplemental disclosure to contradict or rebut evidence on the same subject matter identified by another party sixty (60) days before the date for the completion of discovery, i.e., by **December 1, 2006**. To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court.

e. Discovery Disputes.

Should counsel find they are unable to resolve a discovery dispute, the party seeking the relief shall contact Chambers (302) 573-6001 to schedule a telephone conference? Not less than 48 hours prior to the conference, the party seeking relief shall file with the Court a letter, not to exceed three pages, outlining the issues in dispute and its position on those issues. (The Court does not seek extensive argument or authorities at this point; it seeks simply a statement of the issue to be addressed and a summary of the basis for the party's position on the issue.) Not less than 24 hours prior to the conference, any party opposing the application for relief may file a letter, not to exceed three pages, outlining that party's reasons for its opposition. Should the Court find further briefing necessary upon conclusion of the telephone conference, the Court will order it. Disputes over protective orders are to be addressed in the first instance in accordance with this paragraph.

4. Application to Court for Protective Order.

Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, counsel should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court within **twenty (20) days** from the date of this Order. Should counsel be unable to reach an

3

agreement on a proposed form of order, the counsel must first follow the provisions of Paragraph 3e above.

Any proposed order should include the following paragraph:

> Other Proceedings. By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclosure another party's information designated "confidential" [the parties should list any other level of designation, such as "highly confidential," which may be provided for in the protective order] pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

5. Papers Filed Under Seal.

When filing papers under seal, counsel should deliver to the Clerk an original and one copy of the papers.

6. Settlement Conference.

Pursuant to 28 U.S.C. § 636, this matter is referred to the United States Magistrate for the purpose of exploring the possibility of a settlement. The Magistrate Judge will schedule a settlement conference with counsel and their clients.

7. Interim Status Report.

On **June 13, 2006**, counsel shall submit a letter to the Court with an interim report on the nature of the matters in issue and the progress of discovery to date.

8. Status Conference.

On **June 20, 2006**, at 4:30 p.m., the Court will hold a Rule 16(a), (b) and (c) conference by telephone with counsel. Plaintiffs counsel shall initiate the telephone call.

If all parties agree that there is nothing to report, nor anything to add to the interim status report or to this order, they may so notify the Court in writing before the conference is scheduled to occur, and the conference will be taken off of the Court's calendar.

9. <u>Tutorial Describing the Technology and Matters in Issue</u>.

On **March 10, 2006**, beginning at 10:00 a.m., the parties shall provide the Court with a *live* tutorial on the technology at issue. The tutorial should focus on the technology at issue and should not be used to argue the parties' claims construction contentions. No testimony, expert or lay, will be offered at the hearing. For the convenience of the Court, these live (in-Court) tutorials may be videotaped (or otherwise recorded) and submitted to the Court.

10. <u>Case Dispositive Motions</u>.

All case dispositive motions, an opening brief, and affidavits, if any, in support of the motion shall be served and filed on or before **March 30, 2007**. The briefing will be presented pursuant to the Local Rules.

11. <u>Claim Construction Issue Identification</u>.

On **September 15, 2006**, each side shall exchange a list of those claim term(s)/phrase(s) that they believe need construction and their proposed claim construction of those term(s)/phrase(s). This document will not be filed with the Court. Subsequent to exchanging that list, the parties will meet and confer to prepare a Joint Claim Construction Chart to be submitted pursuant to paragraph 12 below. The parties' Joint Claim Construction Chart should identify for the Court the term(s)/Phrase(s) of the claim(s) in issue, and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions. A copy of the patent(s) in issue as well as those portions of the intrinsic record relied upon are to be submitted with this Joint Claim Construction Chart. In this joint submission, the parties shall not provide argument.

12. <u>Claim Construction Briefs</u>.

Issues of claim construction shall be submitted to the Court by way of the Joint Claim Construction Chart, no later than **February 15, 2007**, to be considered by the Court in conjunction with the parties' summary judgment motions. Simultaneous opening briefs on issues of claim construction shall be served and filed by each side on **March 1, 2007**. Simultaneous

reply briefs shall be served and filed by each side within **thirty (30) days** of the opening briefs or on claim construction.

13. Hearing on Claim Construction and Case Dispositive Motions.

Beginning at **2:00 p.m. on May 29, 2007**, the Court will hear evidence and argument on claim construction and summary judgment. No extrinsic evidence on claim construction will be presented unless the parties seek permission from the Court in advance of this hearing.

14. Applications by Motion.

Except as otherwise specified herein, any application to the Court shall be by written motion filed with the Clerk. Unless otherwise requested by the Court, counsel shall not deliver copies of papers or correspondence to Chambers. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

15. Pretrial Conference.

On **September 19, 2007, at 4:30 p.m.**, the Court will hold a Final Pretrial Conference in Chambers with counsel. Unless otherwise ordered by the Court, the parties should assume that filing the pretrial order satisfies the pretrial disclosure requirement of Federal Rule of Civil Procedure 26(a)(3). The parties shall file with the Court the joint proposed final pretrial order with the information required by the form of Final Pretrial Order which accompanies this Scheduling Order on or before **August 20, 2007**.

16. Motions *in Limine*.

Motions *in limine* shall not be separately filed. All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order. Each party shall be limited to five *in limine* requests, unless otherwise permitted by the Court. The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of five pages of argument and may be opposed by a maximum of five pages of argument. No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court. If more than one party is supporting or opposing an *in limine* request, such support or

opposition shall be combined in a single five (5) page submission, unless otherwise ordered by the Court.

17. Jury Instructions, Voir Dire, and Special Verdict Forms.

Where a case is to be tried to a jury, pursuant to Local Rules 47 and 51 the parties should file proposed voir dire, instructions to the jury, and special verdict forms and jury interrogatories three full business days before the final pretrial conference. That submission shall be accompanied by a computer diskette which contains the instructions, proposed voir dire, special verdict forms, and jury interrogatories.

18. Trial.

This matter is scheduled for a two-week jury trial beginning at 9:30 a.m. on **October 22, 2007, and beginning at 9:00 a.m. on each day thereafter**. For the purpose of completing pretrial preparations, counsel should plan on each side being allocated a total of 22 hours to present its case.

Dated: Dec. 7, 2005.

_____
UNITED STATES DISTRICT JUDGE

60633524 v4