IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INTERNET MEDIA CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>DELL, INC., OFFICE DEPOT INC., J.C. PENNEY COMPANY, INC., WILLIAMS-SONOMA, INC., J. CREW GROUP, INC.,<br><br>Defendants. | Civil Action no. 05-633-KAJ |

**PROTECTIVE ORDER**

WHEREAS, the Court is fully advised on this matter and the plaintiff Internet Media Corporation ("Internet Media") and defendants Dell, Inc.; Office Depot Inc.; J.C. Penney Company, Inc.; Williams-Sonoma, Inc.; and J Crew Group, Inc. ("Defendants") agree that certain documents and things, answers to interrogatories and testimony will contain confidential technical, scientific or business information within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure,

IT IS HEREBY ORDERED THAT:

1.  If, in the course of this litigation, any party or non-party undertakes or is caused to produce what it, the producing party, contends is confidential personal, technical, scientific or business information, the procedures set forth herein shall be employed, and the disclosure shall be subject to this Protective Order.

2.  <u>Rendering Advice to Clients</u>.

    Nothing in this Protective Order shall bar or otherwise restrict any attorney from rendering advice to his client with respect to this litigation and, in the course of rendering advice,

referring to or relying generally on the examination of Confidential Information produced or exchanged; provided, however, that in rendering such advice and in otherwise communicating with his client, the attorney shall not disclose the contents of any Confidential Information produced by another party if that disclosure would be contrary to the terms of this Protective Order.

3. Definitions.

a) The term CONFIDENTIAL INFORMATION shall mean all documents (whether in hard copy or computer readable form), testimony, and information that (i) have been or are produced by the parties or any non-party in this action, and (ii) have been or are properly designated "Confidential" pursuant to the terms of this Order. Confidential documents, testimony, and information may include, without limitation, testimony given in this action by any party or by any non-party, documents produced in this action by any party or by any non-party, written discovery responses given by any party and the information contained within such documents, and things produced in this action by any party or non-party.

A party or non-party may designate documents, testimony or information "Confidential" if the party or non-party making such designation reasonably believes that the documents, testimony, or information contains or discloses non-public, confidential or proprietary information, whether personal or business-related.. Such "confidential" documents, testimony and information may include, without limitation, trade secrets, confidential technical information, technical practices, source code, methods, or other know-how, minutes of board meetings, pricing data, financial data, sales information, customer-confidential information, agreements or relationships with third parties, market projections or forecasts, strategic business

plans, selling or marketing strategies or new product development, testing, manufacturing costs or information about employees.

b) The term OUTSIDE COUNSEL shall mean attorneys of record and/or attorneys of the following law firms admitted to practice law in the United States: (i) Blank Rome LLP; (ii) Robins, Kaplan, Miller & Ciresi, LLP; (iii) Townsend and Townsend and Crew LLP; (iv) Vinson & Elkins LLP; (iii) Greenberg Traurig, LLP; and (iv) Potter Anderson & Corroon LLP; as well as their necessary clerical and paralegal support personnel and necessary outside support services such as document imaging and database services, graphics or design services and jury or trial consulting services. The term OUTSIDE COUNSEL shall exclude the parties and their employees.

c) The term IN-HOUSE COUNSEL shall include attorneys who are employed by a party, reside and are licensed to practice law in the United States, are actively assisting in the representation of their client in this matter, and whose job responsibilities are primarily legal in nature and not responsible for day-to-day operations of the company.

d) The term EXPERT WITNESS OR OUTSIDE CONSULTANT shall mean any person not presently a principal of or employed by the receiving party, either as an employee or as a paid consultant, for non-litigation purposes, and who has been APPROVED (as set forth in section 4, below) to receive the producing party's CONFIDENTIAL INFORMATION. Each party's EXPERT WITNESS OR OUTSIDE CONSULTANT shall be limited to such persons as, in the judgment of that party's OUTSIDE COUNSEL, are reasonably necessary for development and presentation of that party's case and translation and interpretation of Non-English documents and testimony.

4. <u>Procedure for Approvals</u>.

Prior to producing CONFIDENTIAL INFORMATION to a party's proposed EXPERT WITNESS OR OUTSIDE CONSULTANT, the receiving party shall provide to the producing party a signed Confidentiality Agreement in the form attached as Attachment 1 and the curriculum vitae of the proposed EXPERT WITNESS OR OUTSIDE CONSULTANT. The producing party shall have ten (10) days from the receipt of the Confidentiality Agreement and curriculum vitae of the EXPERT WITNESS OR OUTSIDE CONSULTANT to object to the proposed individual. Such objection must be made for good cause and be in writing stating with particularity the reasons for objection. Failure to object within ten (10) days shall constitute approval. If the parties are unable to resolve objections, the receiving party may apply to the Court to resolve the matter and no CONFIDENTIAL INFORMATION may be disclosed to that EXPERT WITNESS OR OUTSIDE CONSULTANT until the matter is resolved by the Court.

5. <u>Designation of Information</u>.

a) Documents and things produced by a party during the course of this litigation shall be designated by the producing party as CONFIDENTIAL INFORMATION by placing on each page and thing a legend or watermark substantially as follows:

CONFIDENTIAL INFORMATION<br>SUBJECT TO PROTECTIVE ORDER

b) During discovery, a producing party shall have the option to require that all or certain batches of documents and things be treated as containing CONFIDENTIAL INFORMATION during inspections and to make its designations as to particular documents and things at the time copies of documents and things are produced.

c) A party may designate information disclosed at a deposition as CONFIDENTIAL INFORMATION by requesting the reporter to so designate the transcript at the time of the deposition or at any time before the deposition transcript is prepared.

d) A party designating a transcript as containing CONFIDENTIAL INFORMATION may designate the entire transcript although only a portion contains CONFIDENTIAL INFORMATION. The parties shall use this procedure only when it is reasonably believed necessary to protect CONFIDENTIAL INFORMATION distributed throughout the deposition transcript. In other cases, where only a portion of the deposition transcript contains CONFIDENTIAL INFORMATION, only that portion of the transcript will be so designated. In such cases, the designating party shall reconsider the designation of specific portions of the transcript, or the entire transcript. If upon such reconsideration the designating party finds the specific portion of the transcript not to contain CONFIDENTIAL INFORMATION" the designating party shall release that specific portion. Failure to reply to a request seeking reconsideration of a specific portion of a designated transcript within ten (10) days of receipt of such request shall constitute a release of that portion of the transcript.

e) A producing party shall designate its discovery responses, responses to requests for admission, briefs, memoranda and all other papers filed with the Court or served on opposing counsel as containing CONFIDENTIAL INFORMATION when such papers are filed or served.

f) A party shall designate information disclosed at a hearing or trial as CONFIDENTIAL INFORMATION by requesting the Court, at the time the information is proffered or adduced, to receive the information <u>in camera</u> and to designate the transcript appropriately.

g) The parties shall use reasonable care to avoid designating as CONFIDENTIAL INFORMATION any document or information which is not entitled to such designation or which is generally available to the public.

6. Disclosure, Use and Handling of Confidential Information.

a) All CONFIDENTIAL INFORMATION may only be used by the receiving party for the purposes of the above-captioned action, and for no other purpose.

b) The receiving party may disclose CONFIDENTIAL INFORMATION of another party only to (i) OUTSIDE COUNSEL, (ii) that party's EXPERT WITNESSES OR OUTSIDE CONSULTANTS, (iii) one IN-HOUSE COUNSEL of Internet Media and two IN-HOUSE COUNSEL of each of the Defendants, (iv) court reporters, and (v) the Court. However, any source code which may be produced in this litigation shall not be disclosed to IN-HOUSE COUNSEL. IN-HOUSE COUNSEL may not disclose the content of any CONFIDENTIAL INFORMATION to any principal or employee of the receiving party and may not counsel the receiving party in any manner which actually utilizes the CONFIDENTIAL INFORMATION substantively. All documents, transcripts or other materials containing CONFIDENTIAL INFORMATION shall be maintained at the offices of the parties' OUTSIDE COUNSEL and at any other location where they are reasonably necessary for the conduct of this case, such as nearby deposition or trial locations, or at the location of an EXPERT WITNESS OR OUTSIDE CONSULTANT. In no event shall documents, transcripts or other materials reflecting CONFIDENTIAL INFORMATION be copied, transmitted, sent to, or maintained at any office of either party. Nor shall documents, transcripts or other materials reflecting CONFIDENTIAL INFORMATION be transmitted, sent, or maintained outside the United States except in the event it should be necessary for the purpose of taking a deposition in this case or when such

CONFIDENTIAL INFORMATION is in the possession of OUTSIDE COUNSEL (on laptop computer, paper copies, or some other form) who is traveling outside the United States.

c) Other than as expressly provided in this Order, the receiving party may disclose documents designated as CONFIDENTIAL INFORMATION to a person not then employed by the producing party only if that person was an author, addressee or recipient of the documents, or to a person authorized to receive such information under the terms of this Protective Order, or if there is a good faith belief that such person knew the content of the information. The receiving party may disclose information designated under this order as "Confidential," other than information of a personal nature, to any employee of the producing party.

d) The receiving party may disclose documents and things designated CONFIDENTIAL INFORMATION to any person with the permission of the producing party obtained either in writing or on the record in a deposition, hearing, or trial.

e) In the event that a receiving party's briefs, memoranda, discovery requests, requests for admission, or other papers of any kind which are served or filed shall include another party's CONFIDENTIAL INFORMATION, the papers shall be appropriately designated pursuant to section 5(a) and shall be treated accordingly.

f) Documents, papers and transcripts filed with the Court which contain another party's CONFIDENTIAL INFORMATION shall be filed in a sealed envelope which shall include a cover sheet taped to the outside which provides the caption of the case, title of the enclosed papers, and the statement "CONFIDENTIAL — Filed Under Seal."

g) The party whose CONFIDENTIAL INFORMATION is to be filed under seal shall stipulate to and otherwise cooperate with filing of such materials under seal.

h) All documents, including attorney notes and abstracts, which contain another party's CONFIDENTIAL INFORMATION, shall be handled as if they were designated pursuant to section 5(a).

7. Inadvertent Failure to Designate.

a) In the event that a producing party inadvertently fails to designate its information pursuant to section 5, it may later designate by notifying the receiving party in writing. The receiving party shall take reasonable steps to see that the information is thereafter treated in accordance with the designation.

b) No person or party shall incur any liability hereunder with respect to disclosure which occurred prior to receipt of written notice of a belated designation. Section 9 of this Protective Order shall have no application with respect to disclosure which occurred prior to receipt of written notice of belated designation.

8. Challenge to Designations.

a) A receiving party may challenge a producing party's designation at any time. A failure of either party to expressly challenge a designation shall not constitute a waiver of the right to assert at a subsequent time that a designation is not in fact confidential or not an appropriate designation for any reason.

b) Any receiving party disagreeing with the designation of any information received from the producing party as CONFIDENTIAL INFORMATION, and desiring to disclose or to permit disclosure of the same otherwise than is permitted in this Protective Order, may request in writing that the producing party change the designation. The producing party shall then have five (5) days from the date of receipt of the notification to:

i) advise the receiving party whether or not it will change the designation; and

      ii)    if it will not change the designation, to explain the reasons for the particular designation.

c) If the producing party denies a request made under section 8(b) and the receiving party disagrees with the reasons proffered for the designations, the receiving party may then move the Court for an order removing or changing the designation, provided, however, that no disclosure of designated information shall be made prior to an order by the Court permitting such disclosure. The burden of justifying the designation shall be on the producing party.

d) The following criteria shall apply to requests and applications to remove a designation. Information shall not be considered confidential to the producing party if the - receiving party can demonstrate that:

      i)    the information in question has become available to the public through no violation of this Protective Order; or

      ii)    the information was lawfully known to the receiving party prior to its receipt from the producing party, or was independently developed by the receiving party; or

      iii)    the information was received by the receiving party from a third party having the right to make such a disclosure.

9.    <u>Inadvertent Disclosure</u>.

In the event of an inadvertent disclosure of another party's CONFIDENTIAL INFORMATION, as defined by this Protective Order, the party making the inadvertent disclosure shall, upon learning of the disclosure:

      i)    promptly notify the person to whom the disclosure was made that it contains CONFIDENTIAL INFORMATION subject to this Protective Order;

      ii)    promptly make all reasonable efforts to obtain the return of and preclude dissemination or use of CONFIDENTIAL INFORMATION by the person to whom disclosure was inadvertently made; and

      iii)    within five (5) days, notify the producing party of the identity of the person to whom the disclosure was made, the circumstances surrounding the disclosure, and the steps taken to ensure against the dissemination or use of the information.

10.   Non-party Information.

Discovery in this proceeding of a non-party may involve disclosure of its CONFIDENTIAL INFORMATION, which, if designated pursuant to section 5, shall be subject to the provisions of this Protective Order and provide the non-party which all of the rights and obligations of a party to this Protective Order.

11.   Modification.

a) Nothing herein shall restrict the power of the Court to modify this Protective Order or any term hereof for good cause shown.

b) Nothing herein shall preclude any party from moving the Court to modify the terms of the Protective Order or the status of any particular information, document, or thing.

12.   Other Proceedings.

By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "Confidential" pursuant to

this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

13.     Conclusion of Litigation.

All provisions of this Protective Order restricting the use of information obtained during discovery shall continue to be binding on the parties and all persons who have received information under this Protective Order, after the conclusion of this action, including all appeals, until further Order of the Court, unless the parties agree otherwise in writing. Except as provided herein, at the conclusion of this litigation each party or other person subject to the terms hereof shall be under an obligation to destroy or return to the producing party (at the option of the producing party) all materials and documents containing CONFIDENTIAL INFORMATION, and to certify to the producing party such destruction or return. Such return or destruction shall not relieve said parties or persons from any of the continuing obligations imposed upon them by this Protective Order.

Notwithstanding the foregoing, outside counsel of record for each party may maintain in its files one copy of each affidavit, affirmation, certification, declaration, brief, record on appeal, notice of motion, deposition transcript, exhibit to a deposition or affidavit (or the like), exhibit at a hearing or trial, pleading, discovery request, stipulation, correspondence between counsel for the parties to this action, written response to a discovery request, document filed with the Court, court transcript in this action, consisting of or containing Confidential Information, and documents constituting work product which were internally-generated based upon or which include Confidential Information.

In the event that outside counsel maintains such documents, it shall not disclose material containing any type of Confidential Information to another party absent permission from

the producing party or absent subpoena or court order. Upon receipt of any subpoena or court order to disclose or produce another party's information designated "Confidential" pursuant to this order, the party receiving the subpoena or order shall immediately notify outside counsel for the producing party so that party may have an opportunity to protect its interests.

14.  Inadvertent Disclosure of Work Product or Privileged Information.

The inadvertent production in discovery of any privileged or otherwise protected or exempted information, as well as the inadvertent production in discovery of information without an appropriate designation of confidentiality, shall not be deemed a waiver or impairment of any claim or privilege or protection including but not limited to the attorney-client privilege, the protection afforded to work-product materials or the subject matter thereof, or the confidential nature of any such information, provided that the producing party shall promptly notify the receiving party in writing when inadvertent production is discovered. Upon receiving written notice from the producing party that privileged information or work product material has been inadvertently produced, all such information, and all copies thereof, shall be returned to the producing party, and the receiving party and counsel shall not use such information for any purpose. Any analyses, memoranda or notes which were internally generated based upon such inadvertently produced information shall immediately be destroyed.

15.  Redaction.

Counsel for a party producing documents may mask ("redact") material deemed exempt from discovery because it is protected from disclosure under the attorney-client privilege or work product immunity afforded by Rule 26(b), Fed.R.Civ.P. However, any document from which material is masked must identify in the masked area that masking or redaction has occurred. The reason for any such masking must be stated on a log to be provided within 60

(sixty) days after the production of the documents. Sufficient information regarding the masked material must be provided to the other party to enable it to evaluate the legitimacy of the asserted privilege or immunity. The parties reserve the right to pursue categories for redaction in addition to those identified above, by either consent of the parties or order of the Court, to be addressed on a case-by case basis.

16.   Violation of Protective Order and Jurisdiction of the Court.

Any violation of the terms of this Protective Order shall be punishable by such relief as deemed appropriate by the Court.

Until such time as this Protective Order has been entered by the Court, the parties agree that upon execution by the parties, it will be treated as though it had been "So Ordered."

The Court retains jurisdiction subsequent to settlement or entry of judgment to enforce the terms of this Protective Order.

DATED: December 28, 2005                    BLANK ROME LLP

                                            By: Thomas P. Preston /s/
                                            Thomas P. Preston
                                            Chase Manhattan Centre
                                            1201 Market Street, Suite 800
                                            Wilmington, DE 19801
                                            Telephone: 302.425.6400

                                            Ronald J. Schutz
                                            Diane L. Simerson
                                            Andrea L. Gothing
                                            Nicole N. Morris
                                            Robins, Kaplan, Miller & Ciresi, LLP
                                            2800 LaSalle Plaza
                                            800 LaSalle Avenue
                                            Minneapolis, MN 55402
                                            Telephone: 612.349.8500

                                            Attorneys for Plaintiff
                                            Internet Media Corporation

DATED: December 28, 2005                    POTTER ANDERSON & CORROON LLP


                                            By: Philip A. Rovner /s/
                                            Philip A. Rovner (#3215)
                                            Hercules Plaza, 6th Floor
                                            P.O. Box 951
                                            Wilmington, Delaware 19899
                                            Telephone: 302.984.6000

                                            James G. Gilliland, Jr.
                                            Gregory S. Gilchrist
                                            April E. Abele
                                            Robert G. Litts
                                            Townsend and Townsend and Crew LLP
                                            Two Embarcadero Center, 8th Floor
                                            San Francisco, California 94111
                                            415.576.0200

                                            Attorneys for Defendants
                                            J.C. Penney Company, Inc.

J. Crew Group, Inc.
Williams-Sonoma, Inc.

DATED: December 28, 2005         POTTER ANDERSON & CORROON LLP


By:   Richard L. Horwitz /s/
      Richard L. Horwitz
      David E. Moore
      Hercules Plaza, 6th Floor
      P.O. Box 951
      Wilmington, Delaware 19899
      Telephone: 302.984.6000

      David B. Weaver
      David E. Killough
      Vinson & Elkins LLP
      2801 Via Fortuna, Suite 100
      Austin, TX 78746
      Telephone: 512.542.8400

      Attorneys for Defendant
      Dell, Inc.


DATED: December 28, 2005         GREENBERG TRAURIG, LLP


By:   Cathy L. Reese /s/
      Cathy L. Reese
      Paul D. Brown
      The Brandywine Building
      1000 West Street, Suite 1540
      Wilmington, DE 19801
      Telephone: 302.661.7000

      Michael A. Nicodema
      Greenberg Traurig, LLP
      MetLife Building
      200 Park Avenue
      New York, NY 10166
      Telephone: 212.801.9200

      Attorneys for Defendant
      Office Depot Inc.

712195

SO ORDERED this 29TH day of Dec, 2005.

_____
The Honorable Kent A. Jordan
United States District Court Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INTERNET MEDIA CORPORATION,<br><br>    Plaintiff,<br><br>v.<br><br>DELL, INC., OFFICE DEPOT INC., J.C. PENNEY COMPANY, INC., WILLIAMS-SONOMA, INC., J. CREW GROUP, INC.,<br><br>    Defendants. | Civil Action no. 05-633-KAJ |

**CONFIDENTIALITY AGREEMENT FOR RETAINED
EXPERT WITNESS OR OUTSIDE CONSULTANT**

I acknowledge that I have read and I understand the Protective Order governing CONFIDENTIAL INFORMATION entered in this action and hereby agree to abide by its terms and conditions including section 11. I am not currently an employee or paid consultant of the receiving party. As a condition to access by me to information designated by the producing party as CONFIDENTIAL INFORMATION, I subject myself to the Jurisdiction of the United States District Court for the District of Delaware in connection with any alleged breach by me of the Protective Order in this case. I understand that any such violation may subject me to penalties for contempt of court and/or civil damages.

DATED: _____        _____
                                      Signature

                                      _____
                                      Name

                                      _____
                                      Address