IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INTERNET MEDIA CORPORATION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) Civil Action No. 05-633-KAJ |
| v. | ) |
| | ) |
| DELL, INC., | ) |
| OFFICE DEPOT, INC., | ) |
| J.C. PENNEY COMPANY, INC., | ) |
| WILLIAMS-SONOMA, INC., | ) |
| J. CREW GROUP, INC., | ) |
| | |
| Defendants. | |

## PLAINTIFF INTERNET MEDIA CORPORATION'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR LEAVE TO AMEND ITS COMPLAINT

*Of Counsel:*

Ronald J. Schutz
Diane L. Simerson
Michael A. Collyard
Andrea L. Gothing
Busola A. Akinwale
ROBINS, KAPLAN, MILLER &
CIRESI L.L.P.
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
(612) 349-8500

Thomas P. Preston, Esquire
I.D. No. 2548
Blank Rome LLP
Chase Manhattan Centre
1201 Market Street, Suite 800
Wilmington, DE 19801
Ph: (302) 425-6478
Fax: (302) 425-6464

*Attorneys for Plaintiff*

Dated: March 1, 2006

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES .................................................................................................... ii

I.   Introduction ..................................................................................................................1

II.  Nature and Stage of the Proceeding .............................................................................1

III. Summary of the Argument ...........................................................................................1

IV.  Statement of Facts ........................................................................................................2

V.   Argument ......................................................................................................................3

     A.   Leave to amend a complaint should be freely granted ......................................3

     B.   There has been no undue delay, bad faith, dilatory motive, repeated previous amendments, or undue prejudice, and the amendment is not futile ..............................................................................4

VI.  Conclusion ....................................................................................................................6

# TABLE OF AUTHORITIES

Page

**Cases**

*Advanced Cardiovascular Sys., Inc. v. SciMed Life Sys., Inc.*,
   988 F.2d 1157 (Fed. Cir. 1993) ..................................................................................6

*Alvin v. Suzuki*,
   227 F.3d 107 (3d Cir. 2000) ....................................................................................4, 6

*Crystal Semiconductor Corp. v. Tritech Microelectronics Int'l., Inc.*,
   246 F.3d 1336 (Fed. Cir. 2001) ...............................................................................1, 4

*Foman v. Davis*,
   371 U.S. 178 (1962) .................................................................................................3, 4

*Knorr-Bremse Systeme Fuer Nutzfagrzeuge GmbH v. Dana Corp.*,
   383 F.3d 1337 (Fed. Cir. 2004) (*en banc*) .............................................................1, 4, 6

*Martek BioSciences Corp. v. Nutrinova Inc.*,
   No. 03-896, 2005 U.S. Dist. LEXIS 14315 (D.Del. July 19, 2005) ............................5

*Vulcan Eng'g. Co., Inc. v. FATA Aluminum, Inc.*,
   278 F.3d 1366 (Fed. Cir. 2002) ....................................................................................4

**Statutes**

Fed. R. Civ. P. 12(b)(6) ......................................................................................................6

Fed. R. Civ. P. 15(a) ...........................................................................................................3

I.   **Introduction**

For at least five months, Dell, Inc., Office Depot, Inc., J.C. Penney Company, Inc., Williams-Sonoma, Inc., and J. Crew Group, Inc. (collectively, "Defendants"), have had notice of the patent-in-suit. Despite this notice, Defendants have continued their infringing conduct, ignoring Plaintiff Internet Media Corporation's ("Internet Media") patent rights. Accordingly, Internet Media now respectfully moves the Court for leave to amend its Complaint to add allegations of willful infringement and request appropriate relief against Defendants. A copy of Internet Media's proposed Amended Complaint is attached as Exhibit A to the Motion.

II.  **Nature and Stage of the Proceeding**

On August 29, 2005, Internet Media filed its Complaint against Defendants for infringement of U.S. Patent No. 6,049,835 ("the '835 patent"). The Court issued its Scheduling Order on December 7, 2005, and the parties have exchanged initial discovery requests and responses.

III. **Summary of the Argument**

"Willful infringement" is a claim that arises from a defendant's knowledge of a patent and failure to exercise due care to avoid infringement. *E.g., Crystal Semiconductor Corp. v. Tritech Microelectronics Int'l, Inc.*, 246 F.3d 1336, 1351 (Fed. Cir. 2001); *see also Knorr Bremse Systeme fuer Nutzfahrzeuge GmbH v. Dana Corp.*, 383 F.3d 1337, 1345 (Fed. Cir. 2004) (*en banc*). Knowledge of the patent is a key element of the claim.

Internet Media's motion for leave to amend is based on Defendants' knowledge of the '835 patent since at least August 29, 2005—when Internet Media filed the original

Complaint for infringement—in combination with the fact that, since August 29, 2005, Defendants are still using the patented technology. These are facts and occurrences that were not known and could not have been known before Internet Media originally filed suit.

Internet Media's motion for leave to amend does not involve undue delay, bad faith, dilatory motive, unfair prejudice, or futility of amendment. Under the liberal standard established by Fed.R.Civ.P. 15 for amendments to pleadings, the motion should be granted.

### IV. Statement of Facts

Internet Media is the assignee of the '835 patent, entitled "System for providing easy access to the World Wide Web utilizing a published list of preselected Internet locations together with their unique multi-digit jump codes." The '835 patent is directed generally to a system and method for quickly and easily accessing preselected desired locations on the Internet. The Defendants are United States Corporations offering products for sale on the World Wide Web ("Web"). Each Defendant provides catalogs and print advertisements that include a plurality of product listings. Some or all of the product listings include a code that, when entered into a box on a particular Web page, permits a Web user to quickly and easily access preselected desired Internet locations. Internet Media filed its Complaint for patent infringement on August 29, 2005 against Defendants, putting them on notice of the '835 patent.

Since Internet Media filed this action, Defendants have not changed their infringing business practices. As illustrated in part by Exhibits 23-37 attached to Internet Media's proposed Amended Complaint (Ex. A), Defendants continue to publish product

2

listings with codes so that consumers can jump to desired preselected Internet locations. Despite having notice, Defendants continue to infringe the '835 patent. Accordingly, Internet Media now timely moves to amend its Complaint to include allegations of willful infringement against each Defendant, and to respectfully request appropriate relief for Defendants' willful infringement. (*See* Dec. 7, 2005 Scheduling Order at 1-2) (setting a June 1, 2006 deadline for motions to amend the pleadings and a July 30, 2007 deadline for the close of fact discovery). Defendants Office Depot, J. Crew, Williams-Sonoma, and J.C. Penney oppose the amendment; Defendant Dell has not responded to Internet Media's inquiries on the matter.

## V.     Argument

### A.     Leave to amend a complaint should be freely granted.

Under the applicable procedural rules and case law, the Court should permit Internet Media to amend its Complaint. After a responsive pleading is served, a party may amend its pleading "only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). The mandate declared in Rule 15 "is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182 (1962). The Supreme Court has identified the criteria that courts should apply when determining whether to grant a party's motion for leave to amend its pleading under Rule 15:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiency by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'"

3

*Foman*, 371 U.S. at 182. The Third Circuit has recognized that unless one of these reasons exists, denying Internet Media's motion for leave to amend would be an abuse of the Court's discretion. *See Alvin v. Suzuki*, 227 F.3d 107, 121-122 (3d Cir. 2000). The reasons that would justify denial of Internet Media's motion are absent here; accordingly, the Court should grant Internet Media's motion for leave to amend its Complaint.

> **B.    There has been no undue delay, bad faith, dilatory motive, repeated previous amendments, or undue prejudice, and the amendment is not futile.**

Internet Media's motion for leave to amend its Complaint is timely, and is not made in bad faith or with dilatory motive. Willful infringement requires knowledge of the patent at issue. *E.g., Crystal Semiconductor*, 246 F.3d at 1351. Once a person has knowledge, it has an affirmative duty of care to avoid infringement. *See id.; Knorr-Bremse.*, 383 F.3d at 1343) ; *Vulcan Eng'g. Co., Inc. v. FATA Aluminum, Inc.*, 278 F.3d 1366, 1375 (Fed. Cir. 2002). Here, before filing suit, Internet Media did not know whether Defendants were aware of the '835 patent. Now, however, it is clear that Defendants have knowledge of the '835 patent, yet continue in their activities as they did prior to suit. *See* Exs. 23-37 of proposed Amended Complaint (Ex. A). Internet Media's proposed amendment addresses this continued conduct. Further, Internet Media's motion for leave to amend is being filed within a reasonable time and comes almost four months before the Court-ordered deadline for amending pleadings. (Dec. 7, 2005 Scheduling Order at 1); *see also Martek BioSciences Corp. v. Nutrinova Inc.*, No. 03-896, 2005 U.S. Dist. LEXIS 14315, at *8-9 (D. Del. July 19, 2005) (granting the plaintiff's motion to amend its complaint when the motion to amend was filed nine months after the original complaint but within a reasonable time period).

4

The other bases on which a court may properly deny a motion for leave to amend a pleading are also inapplicable here. This is Internet Media's first request to amend its Complaint; there has been no failure, much less repeated failure, to cure any deficiencies by amendments previously allowed. Similarly, Defendants will not suffer any prejudice because of Internet Media's amendment to the Complaint. Discovery in this case began in December and is not scheduled to close for more than eighteen months. (Dec. 7, 2005 Scheduling Order at 2.) Defendants, therefore, have ample opportunity to seek discovery and prepare any defenses on the willfulness issue.

Finally, Internet Media's amendment is not futile. An amendment is futile only if the amended complaint would not survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief could be granted. *Alvin*, 227 F.3d at 121. "Such a motion . . . must be denied 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim [that] would entitle him to relief.' . . . [D]ismissal is improper unless there is no reasonable view of the facts [that] could support the claim." *Advanced Cardiovascular Sys., Inc. v. SciMed Life Sys., Inc.*, 988 F.2d 1157, 1160-61 (Fed. Cir. 1993). Because willful infringement is a question of fact determined from the "totality of the circumstances," and because all reasonable inferences must be drawn in Internet Media's favor, there is no basis to conclude that Internet Media's amendment is futile.[1] *Knorr-Bremse*, 383 F.3d at 1344-43; *Advanced Cardiovascular*, 988 F.2d at 1161.

---

[1] Indeed, as of the date Internet Media filed its motion for leave to amend, only Defendant Dell had produced **any** documents in response to Internet Media's initial December 2, 2005 discovery requests.

5

## VI. Conclusion

The Federal Rules of Civil Procedure and case law mandate that leave to amend pleadings should be freely given. Because none of the reasons that would justify denying Internet Media's request are present, Internet Media respectfully requests that the Court grant its motion for leave to amend its Complaint.

| | |
|---|---|
| *Of Counsel:* | BLANK ROME LLP |
| Ronald J. Schutz | |
| Diane L. Simerson | /s/ Thomas P. Preston |
| Michael A. Collyard | Thomas P. Preston, Esquire |
| Andrea L. Gothing | I.D. No. 2548 |
| Busola A. Akinwale | Chase Manhattan Centre |
| ROBINS, KAPLAN, MILLER & CIRESI L.L.P. | 1201 Market Street, Suite 800 |
| 2800 LaSalle Plaza | Wilmington, DE 19801 |
| 800 LaSalle Avenue | Ph: (302) 425-6478 |
| Minneapolis, MN 55402-2015 | Fax: (302) 425-6464 |
| (612) 349-8500 | |
| | *Attorneys for Plaintiff* |

Dated: March 1, 2006