**UNREPORTED CASE**

LEXSEE 2005 US DIST LEXIS 14315

**MARTEK BIOSCIENCES CORPORATION, Plaintiff, v. NUTRINOVA INC. AND NUTRINOVA NUTRITION SPECIALTIES & FOOD INGREDIENTS GmbH, Defendants.**

Civil Action No. 03-896(GMS)

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE

*2005 U.S. Dist. LEXIS 14315*

July 19, 2005, Decided
July 19, 2005, Filed

**PRIOR HISTORY:** *Martek Biosciences Corp. v. Nutrinova Inc., 2004 U.S. Dist. LEXIS 20469 (D. Del., Oct. 8, 2004)*

**COUNSEL:** [*1]  For Martek Biosciences Corporation, Plaintiff: Steven J. Balick, Ashby & Geddes, Wilmington, DE.

For Nutrinova Inc., Nutrinova Nutrition Specialties & Food Ingredients GmbH, Food Ingredients Gmb, Defendants: George Pazuniak, Oleh V. Bilynsky, Connolly, Bove, Lodge & Hutz, Wilmington, DE.

For Nutrinova Inc., Nutrinova Nutrition Specialties & Food Ingredients GmbH, Nutrinova Inc., Nutrinova Nutrition Specialties & Food Ingredients GmbH, Counter Claimants: George Pazuniak, Oleh V. Bilynsky, Connolly, Bove, Lodge & Hutz, Wilmington, DE.

For Martek Biosciences Corporation, Counter Defendant: Steven J. Balick, Ashby & Geddes, Wilmington, DE.

For Nutrinova Inc., Nutrinova Nutrition Specialties & Food Ingredients GmbH, Counter Defendants: George Pazuniak, Oleh V. Bilynsky, Connolly, Bove, Lodge & Hutz, Wilmington, DE.

**JUDGES:** Gregory M. Sleet, UNITED STATES DISTRICT JUDGE.

**OPINIONBY:** Gregory M. Sleet

**OPINION:**

   MEMORANDUM

## I. INTRODUCTION

   The plaintiff, Martek Biosciences Corporation ("Martek"), filed the above-captioned patent infringement action against Nutrinova Inc. and Nutrinova Nutrition Specialties & Food Ingredients GMBH (collectively, "Nutrinova") on September 23, 2003. [*2]

   Presently before the court is Martek's motion to amend its complaint to allege infringement of *U.S. Patent Nos. 5,340,594* (the "*'594 patent*") and 5,698,244(the "'244 patent") by an additional defendant, TL Administration Corporation ("TL"). For the following reasons, the court will grant the motion.

## II. BACKGROUND

   Martek is a Delaware Corporation that develops and *sells products from microalgae,* including nutritional fatty acids such as the omega-3 fatty acid, docosahexaenoic acid ("DHA"). This case involves Martek's patents relating to DHA. DHA is a major and essential structural fatty acid, necessary for the development of organs including the eye retina, the brain, and the heart. The human body produces DHA in only limited quantities, creating a need in the medical science community to find alternate sources of DHA, or develop processes to produce it. Martek recognized this need and developed microalgae processes to make DHA, and products relating to its processes. According to Martek, its patent portfolio consists of nearly fifty United States patents, including many directed to its DHA products.

   Nutrinova is a Delaware Corporation that developed a microalgae process [*3] to make DHA, and currently markets its product under the brand name Nutrinova(R) DHA. n1 After Nutrinova began marketing Nutrinova(R) DHA, Martek initiated discussions with Nutrinova regarding its potentially infringing activities. On May 27, 2003, Martek sent an email to Nutrinova, citing its patent

portfolio and requesting to discuss the situation. (D.I. 13, Ex. 2.) Nutrinova replied, requesting information regarding the patents and claims that Martek believed Nutrinova was potentially infringing. On June 18, 2003, Martek responded, via email, citing eighteen specific patents, including the '594 and '244 patents, that it believed were relevant to the discussions. (*Id.* Ex. 4.) Nutrinova reviewed the list and concluded that the patents offered by Martek were either not infringed or were invalid. Nutrinova then requested a meeting with Martek to discuss the situation further. (*Id.* Ex. 5.) According to Martek, the parties were unable to amicably settle the matter. On September 23, 2003, Martek filed its complaint.

> n1 Nutrinova previously had marketed its DHA product under the brand name DHActive TM, which is the name used in its Answer and Counterclaim. The court, however, will refer to Nutrinova's product as Nutrinova(R) DHA, because it is the brand name under which it currently markets its DHA product.

[*4]

On October 19, 2004, Nutrinova filed a First Amended Answer and Counterclaims (D.I. 23). In Count III of its counterclaims, Nutrinova requests the court to declare that Nutrinova(R) DHA, and the process for creating it, do not "infringe or fall within the scope of any valid and enforceable claim" of Martek's eighteen allegedly relevant patents, including the '594 and '244 patents. (*Id.* PP 53-56.)

On November 2, 2004, Martek filed a Reply and Counter-counterclaim (D.I. 24). Martek's counter-counterclaim alleges that Nutrinova is infringing, actively inducing infringement of, and/or contributorily infringing the '594 and '244 patents. (*Id.* PP 63-68.)

On January 12, 2005, Martek filed the motion to amend that is presently before the court. In its motion, Martek alleges that it is proper to add TL as a defendant. Martek filed its motion after Nutrinova issued a press release, on July 12, 2004, stating that it had "teamed up" with TL, in spring 2004, to produce and launch multi-vitamin drops for infants containing Nutrinova(R) DHA. (D.I. 29, at 3; Ex. A.) According to Martek, TL purchases Nutrinova(R) DHA from Nutrinova and then uses the DHA to produce its own product, TwinLab [*5] Infant Care Multi-Vitamin Drops with DHA("Infant Care"), which it sells to third parties, thereby infringing Martek's patents. (D.I. 28 Ex. 2 P 19; D.I. 35, at 2.)

**III. DISCUSSION**

Martek seeks to amend its complaint to add TL as a party to the case. Martek contends that its amendment is proper because it addresses a matter that surfaced after it filed the original complaint. (D.I. 29, at 2.) Martek further asserts that the motion is brought in good faith, timely, non-futile, and will not prejudice Nutrinova. (*Id.*)

Conversely, Nutrinova contends that there is no viable reason for "dragging" TL into the litigation, as its allegedly infringing activity consists of a single purchase of the allegedly infringing product from Nutrinova. (D.I. 31, at 1.) Nutrinova further contends that Martek can recover all of its alleged damages resulting from the alleged infringement, including the single purchase, from Nutrinova itself. (*Id.* at 2-3.)

*Rule 15 of the Federal Rules of Civil Procedure* permits a party to amend the complaint by leave of court or by written consent of the adverse party. Leave to amend a complaint [*6] should be "freely given when justice so requires." *FED. R. Civ. P. 15(a)*. "This liberal amendment philosophy limits the district court's discretion to deny leave to amend." *Adams v. Gould, Inc. 739 F.2d 858, 864(3dCir. 1984).* Under the Supreme Court's holding in *Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222(1962),* "in the absence of any apparent or declared reason - such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, [and/or] futility of amendment. . . the leave sought should, as the rule requires, be 'freely given.'" *371 U.S. at 182; see In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434(3d Cir.1997).*

In the present case, Nutrinova appears to assert only that Martek's motion to amend has been filed in bad faith, as part of a tactic by Martek to intimidate Nutrinova's customers and potential customers. Nutrinova, however, presents no evidence to substantiate its allegation, [*7] and the court is not persuaded that Martek has filed its motion in bad faith. First, the court finds that Martek's choice to pursue litigation against a company that purchases an allegedly infringing product and uses it to produce its own, different, allegedly infringing product, is well within its rights under the patent laws. *See 35 U.S.C. § 271(a)*("whoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefor, infringes the patent.") Therefore, it is not bad faith to sue all alleged infringers. Moreover, Nutrinova assumes that the damages assessed against it and TL, in the event that Martek prevails, will be equivalent. Nutrinova's assumption is incorrect because Martek's claims against TL, as set forth in the amended complaint, are different than its

2005 U.S. Dist. LEXIS 14315, *

claims against Nutrinova. n2 (D.I. 28 Ex. 2.) Thus, an injunction against Nutrinova that prohibits it from selling Nutrinova(R) DHA to customers such as TL will not prevent TL from selling Infant Care, which contains the Nutrinova(R) DHA that it already [*8] possesses, to its customers.

> n2 Nutrinova continues to mischaracterize TL's alleged infringement as the purchase of Nutrinova(R) DHA. It is TL's sale of Infant Care, however, not its purchase of Nutrinova(R) DHA which Martek alleges infringes its patents.

Further, as previously discussed, the press release announcing that Nutrinova and TL had "teamed up" was not published until July 12, 2004, more than nine months after Martek had filed its initial complaint. (D.I. 29 at 3; Ex. A.) Once the press release was published, Martek filed its motion to amend after a reasonable period, during which it attempted, unsuccessfully, to negotiate with Nutrinova to add TL by mutual consent of the parties. (*Id.* at 1.) Thus, the time lapse between the press release date and Martek's motion to amend also weighs against a finding of bad faith.

Lastly, although the court issued a Scheduling Order (D.I. 38) on March 10, 2005, Martek's motion was filed and completely briefed before the Scheduling Order issued. Even under the [*9] Scheduling Order, however, the court observes that Martek filed its motion more than six months before the anticipated cutoff date for amended pleadings, July 25, 2005, and more than two months before the cutoff date for joinder, March 25, 2005. n3 Under these circumstances, the court cannot agree with Nutrinova that Martek's counterclaim was filed in bad faith. Accordingly, the court will grant Martek's motion to amend. n4

> n3 Additionally, the court finds that there would be no prejudice to Nutrinova or TL because fact discovery does not close until January

27, 2006 and the trial is scheduled for October 10, 2006. This timeline should give both TL and Nutrinova ample time to complete discovery and prepare for trial.

> n4 Nutrinova also contends that even if the court grants Martek's motion to amend and allows it to add TL as a defendant, the case against TL should be severed and/or stayed. The court disagrees and finds that Nutrinova's request is premature at this stage of the proceedings because TL has not yet been served with the amended complaint. The court, therefore, will deny Nutrinova's request at this time.

[*10]

Dated: July 19, 2005

/s/ Gregory M. Sleet

UNITED STATES DISTRICT JUDGE

**ORDER**

For the reasons stated in the court's Memorandum of this same date, IT IS HEREBY ORDERED that:

> 1. Martek's Motion For Leave to Amend Its Complaint (D.I. 28) is GRANTED.

> 2. Martek's First Amended Complaint attached to the Motion to Amend (D.I. 28 Ex. 2, 3) is deemed filed.

> 3. Nutrinova's request to stay and/or sever is DENIED without prejudice.

Dated: July 19, 2005

/s/ Gregory M. Sleet

UNITED STATES DISTRICT JUDGE