IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INTERNET MEDIA CORPORATION,<br><br>                Plaintiff,<br><br>    v.<br><br>DELL, INC., OFFICE DEPOT, INC., J.C. PENNEY COMPANY, INC., WILLIAMS-SONOMA, INC., J. CREW GROUP, INC.<br><br>                Defendants. | Civil Action No. 05-633 (KAJ) |

**DEFENDANT OFFICE DEPOT, INC.'S MEMORANDUM OF LAW
IN OPPOSITION TO PLAINTIFF INTERNET MEDIA CORPORATION'S MOTION
FOR LEAVE TO AMEND ITS COMPLAINT TO ADD
A CHARGE OF WILLFUL INFRINGEMENT**

Cathy L. Reese (#2838)
Titania R. Mack (#4120)
GREENBERG TRAURIG, LLP
The Nemours Building, 12th Floor
1007 North Orange Street
Wilmington DE 19801
(302) 661-7000

and

Michael A. Nicodema (*pro hac vice*)
GREENBERG TRAURIG, LLP
200 Park Avenue
Florham Park, NJ 07932-0677
(973) 360-7932

Dated: March 15, 2006

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ...................................................................................................... ii

I. INTRODUCTION .......................................................................................................... 1
II. NATURE AND STAGE OF THE PROCEEDINGS ..................................................... 1
III. SUMMARY OF ARGUMENT ..................................................................................... 1
IV. STATEMENT OF FACTS ............................................................................................ 3
    A. The '835 Patent-In-Suit ...................................................................................... 3
    B. Office Depot's Accused Catalog And Website ................................................. 4
    C. The Original Complaint ..................................................................................... 5
    D. IMC's Document Requests And Office Depot's Responses .............................. 5
V. ARGUMENT ................................................................................................................. 6
    A. The Facts Of This Case And The Law Of Willfulness Demonstrate That IMC's Motion For Leave To Amend Is Without Basis ............................. 6
    B. IMC's Motion Should Be Denied As Contrary To The Interests Of Justice, Futile, Prejudicial To Office Depot, And As Being Brought In Bad Faith ........................................................................................................ 8
        1. The Interests of Justice Do Not Require Leave To Amend .................... 8
        2. Leave to Amend Should Be Denied As Futile ........................................ 9
        3. This Motion Has Been Brought In Bad Faith ....................................... 10
        4. Office Depot Will Be Prejudiced If Leave To Amend Is Granted ........ 10
VI. CONCLUSION ............................................................................................................ 11

## TABLE OF AUTHORITIES

Page

Federal Cases

*American Original Corp. v. Jenkins Food Corp.*, 774 F.2d 459 (Fed. Cir. 1985) .................... 7, 9

*Chimie v. PPG Indus., Inc.*, 218 F.R.D. 416 (D.Del. 2003) ................................................. 10

*Emory Univ. v. Glaxo Wellcome Inc.*, 1997 WL 854942,
    45 U.S.P.Q.2d 1534 (N.D. Ga. 1997) ............................................................................ 9

*Foman v. Davis*, 371 U.S. 178 (1962) ....................................................................................... 8

*Gustafson, Inc. v. Intersystems Indus. Products, Inc.*, 897 F.2d 508 (Fed. Cir. 1990) ......... 6, 7, 9

*State Indus., Inc. v. A.O. Smith Corp.*, 751 F.2d 1226 (Fed. Cir. 1985) ................................ 6, 7, 9

Federal Rules

Fed. R. Civ. P. 15(a) .......................................................................................................... passim

I.  **INTRODUCTION**

Plaintiff Internet Media Corporation ("IMC") waited almost 5-1/2 years to bring this lawsuit. During that timeframe, IMC never advised Defendant Office Depot, Inc. ("Office Depot") of its '835 patent rights. Before the complaint was filed, Office Depot had no knowledge that the '835 patent existed. A party cannot be found to be a willful infringer where its first notice of a patent comes simultaneously with receipt of the complaint.

IMC did not charge Office Depot with willful infringement of the '835 patent in its original complaint. Accordingly, Office Depot objected to IMC's document request seeking Office Depot's opinions of counsel on the ground that "*IMC has not asserted a claim of willful infringement in this case, and has no good faith basis for doing so.*" This motion for leave to amend is simply a knee-jerk reaction to Office Depot's objection. As we show below, IMC's motion should be denied under Fed.R.Civ.P. 15(a) as contrary to the interests of justice, futile, prejudicial to Office Depot, and because it has been brought in bad faith.

II.  **NATURE AND STAGE OF THE PROCEEDINGS**

The '835 patent issued on April 11, 2000, and IMC filed its complaint for infringement against Office Depot on August 29, 2005. The parties have exchanged initial disclosure statements, and responses to initial rounds of interrogatories and document requests. The Court held a tutorial on the patented and accused technologies on March 10, 2006.

III.  **SUMMARY OF ARGUMENT**

1.  A party cannot be found to have willfully infringed a patent of which the party had no knowledge. A party may continue to manufacture the accused product and may present what in good faith it believes to be a legitimate defense without risk of being found on that basis alone a willful infringer. The Federal Circuit has consistently found non-willfulness in cases where the defendant had no notice of the patent's existence until the lawsuit was filed.

Thus, IMC's motion for leave to amend to add a charge of willfulness should be denied as futile, because Office Depot had no knowledge of the '835 patent's existence prior to being sued.

2.  IMC's motion should also be denied under Fed. R. Civ. P. 15(a) because leave to amend here will not promote the interests of "justice." Office Depot implemented on-line catalog ordering at least 18 months before the '835 patent issued. IMC waited almost 5-1/2 years after issuance of the '835 patent to sue Office Depot, and, during that timeframe, never advised Office Depot of the patent's existence. Moreover, IMC's motion is based on the illogical reasoning that since Office Depot is now aware of the '835 patent by reason of this lawsuit, it must be a willful infringer because it has decided to defend itself rather than discontinue providing its customers with the convenience of on-line ordering. IMC cites no authority establishing that "justice" requires leave to amend under such circumstances.

3.  IMC's motion should also be denied because it was brought in bad faith. The record shows that the motion was filed in reaction to Office Depot's objection to IMC's discovery requests seeking Office Depot's opinions of counsel. Pre-lawsuit knowledge of the patent is an essential element of the willfulness calculus. Even though IMC never advised Office Depot of the '835 patent's existence prior to suit, waited almost 5-1/2 years to sue, and did not charge willfulness in its original complaint, IMC contends that Office Depot is nevertheless a willful infringer because it has decided to proceed with this case and defend itself, rather than succumb to IMC's bullying tactics. IMC's position bespeaks bad faith.

4.  Finally, Office Depot will be prejudiced if leave to amend is granted, because it will be faced with the dilemma of deciding whether to waive its attorney-client privilege and work product immunity to rebut IMC's charge of willfulness. IMC cannot shift to Office Depot its burden of putting forward a good faith case for leave to amend by arguing that

2

Office Depot has plenty of time during discovery to prepare a defense to a willfulness charge. Since IMC has failed to put forward a good faith basis for seeking leave to amend, Office Depot's important attorney-client and work product privileges should not be put at risk.

### IV. STATEMENT OF FACTS

#### A. The '835 Patent-In-Suit

The '835 patent, filed on August 30, 1996, purports to address the problem of easily accessing the best websites available on the World Wide Web portion of the Internet without typing "confusing" and "difficult to work with" Uniform Resource Locators ("URLs") into the user's web browser. (Exh. 1 at col. 3, line 53-col. 4, line 22).

According to the patent specification, the "invention utilizes a published list of *preselected Web sites*, which are *selected according to predetermined criteria*, such as content, usefulness, presentation and authorship." (Exh. 1 at col. 4, lines 54-57). As the patent explains, "[e]ach of the selected Web sites is assigned *a four-digit jump code*. A user desiring to access one of the preselected Web sites first gains access to the World Wide Web, using a Web browser, by accessing *a special Web site* which contains software for receiving any of the published four-digit jump codes and, based upon the *stored relationship of the URLs corresponding to the input jump code*, directly accesses the Web site corresponding to the jump code inputted by the user." (*Id.* at col. 4, lines 57-65) (emphasis added).

By using the published list of preselected websites in conjunction with jump codes and the specialized website, claims the patent, the user is provided with "the fastest possible way of reaching *the reviewed (and best) Web sites* available on the World Wide Web portion of the Internet." (*Id.* at col. 7, lines 15-19) (emphasis added).

The "*stored relationship*" between jump codes and URLs means that the URL for each website listed in the printed compilation is static, and does not change. This is necessary

3

because the websites included in the printed publication are *"preselected."* Indeed, if the URLs of the patent could change, the whole point of having a *preselected* compilation of websites that a user could readily access with jump codes would be defeated.

### B. Office Depot's Accused Catalog And Website

Office Depot's catalog contains a listing and description of Office Depot's own products. The catalog is not a compilation of preselected third party websites or Internet sites. The only website provided in Office Depot's catalog is Office Depot's own website.

Office Depot's catalog provides an item number (also known as a "SKU" number) for each of the products listed. SKU numbers are a conventional means of ordering products from a catalog (either by telephone or on-line). Office Depot's catalogs began using SKU numbers years before the '835 patent issued. (*See* Exhs. 2-3: screen shots from Office Depot's 1996 and 2005 catalogs illustrating the use of SKU numbers or "item #s" for permanent markers). None of the product pages in Office Depot's catalog are websites or Internet sites.

Office Depot has a website, the home page of which is located at *www.officedepot.com*. A screen shot of Office Depot's home page is shown in Exhibit 4. As shown in Exhibit 5, a user may use the website to access information about a particular product listed in Office Depot's catalog by typing the corresponding SKU number into the "Search for" box on Office Depot's home page, and then clicking the "Search" button. Consumers have been able to order products from Office Depot's catalogs through the website since at least as early as the fall of 1998 -- eighteen months before the '835 patent issued. (Exh. 9).

Unlike the preselected websites of the '835 patent's printed compilation, the product web pages generated within Office Depot's website do not pre-exist. Rather, they are dynamically generated by the website after a SKU number has been entered in the "Search for" box by the user and a search request has been made. After the page is generated, it is assigned a

4

URL. Because the pages are generated dynamically, two different users can type in the same SKU number and receive back web pages having different content and URLs. (Exh. 6).

### C. The Original Complaint

The '835 patent issued on April 11, 2000. IMC filed its complaint against Office Depot for infringement of the '835 patent on August 29, 2005 -- almost 5-1/2 years after the patent issued. The complaint does not charge Office Depot with willful infringement. IMC admits that during the 5-1/2 years before it sued, it did not give Office Depot notice that the '835 patent existed; let alone notice of IMC's infringement allegations. (IMC Mem. at 4). Before this lawsuit was filed, Office Depot had no knowledge of the patent's existence.

On October 18, 2005, Office Depot answered IMC's complaint, denying the allegations of infringement, and asserting affirmative defenses. Office Depot also filed counterclaims asserting that the '835 patent is invalid and not infringed.

### D. IMC's Document Requests And Office Depot's Responses

On December 2, 2005, IMC served Office Depot with its first request for production of documents and things. (Exh. 7). Document Request 12 sought production of Office Depot's opinions of counsel relating to the "infringement, validity, or enforceability" of the '835 patent." Document Request 12 and Office Depot's Response (Exh. 7) read as follows:

<u>Request No. 12</u>

>   All opinions of counsel, including draft or preliminary opinions, obtained with respect to the infringement, validity or enforceability of the patent-in-suit, and all documents referring or relating to such opinions.

<u>Response to No. 12</u>

>   Office Depot incorporates by reference all General Objections as if fully set forth herein. Further, Office Depot expressly objects to the breadth of this request as seeking information immune from discovery under the attorney-client privilege and attorney work product doctrine. ***Office Depot further objects to this***

5

*request as seeking information irrelevant to the subject matter of this litigation and not reasonably calculated to lead to the discovery of admissible evidence since IMC has not asserted a claim of willful infringement in this case, and has no good faith basis for doing so.* (Exh. 7 at 9-10 (emphasis added)).

Office Depot served the above Response to Document Request 12 on January 25, 2006. (Exh. 7). Shortly thereafter, on February 7, 2006, IMC's counsel informed Office Depot's counsel by email that it wished to amend IMC's complaint to add a charge of willful infringement. (Exh. 8). As evident from paragraph 38 of the red-lined version of the complaint attached to the email, the sole basis for IMC's charge of willfulness was that Office Depot had knowledge of the '835 patent by reason of the filing of this lawsuit. (*Id.*).

V.  **ARGUMENT**

    A.  **The Facts Of This Case And The Law Of Willfulness Demonstrate That IMC's Motion For Leave To Amend Is Without Basis**

The law is clear that "a party cannot be found to have 'willfully' infringed a patent of which the party had no knowledge. Nor is there a universal rule that to avoid willfulness one must cease manufacture of a product immediately upon learning of a patent, or upon receipt of a patentee's charge of infringement, or upon the filing of suit. Exercising due care. . . a party may continue to manufacture and may present what in good faith it believes to be a legitimate defense without risk of being found on that basis alone a willful infringer. That such a defense proves unsuccessful does not establish that infringement was willful." *Gustafson, Inc. v. Intersystems Indus. Products, Inc.*, 897 F.2d 508, 511 (Fed. Cir. 1990).

The Federal Circuit has consistently found non-willfulness in cases where, as here, the defendant had no knowledge of the patent prior to suit. For example, in *State Indus., Inc. v. A.O. Smith Corp.*, 751 F.2d 1226 (Fed. Cir. 1985), State sued Smith twenty-two days after its patent issued and without notifying the defendant of the alleged infringement. Under the circumstances of that case, the Federal Circuit overturned a finding of willfulness stating: "[t]o

6

willfully infringe a *patent*, the patent must exist and one must have knowledge of it." *Id.* at 1236 (emphasis in original). Under the same circumstances, the Federal Circuit sustained a finding of nonwillfulness in *American Original Corp. v. Jenkins Food Corp.*, 774 F.2d 459, 465 (Fed. Cir. 1985), and *Gustafson*, 897 F.2d at 511 ("There is no finding here that Intersystems's defenses were frivolous. That fact, coupled with Intersystems's simultaneous receipt of knowledge of the patent and a court summons, precludes a finding of willfulness.").

Here, there is no evidence that Office Depot's defenses are "frivolous" -- indeed, IMC makes no such assertion. Further, the facts are that IMC did not advise Office Depot of the existence of the '835 patent before this lawsuit was filed; and Office Depot had no independent knowledge of the patent's existence prior to suit. Nevertheless, IMC argues that leave to amend should be granted because Office Depot knows of the '835 patent by reason of this lawsuit, and has chosen to "continue in [its] activities as [it] did prior to suit." (IMC Mem. at 4).

Thus, what IMC is saying is that even though Office Depot had no knowledge that the '835 patent existed prior to being sued, and IMC waited almost 5-1/2 years after the patent issued to sue, Office Depot is nevertheless a willful infringer because it has decided to proceed with this case and defend itself. IMC's position smacks of arrogance. At best, it is illogical. Indeed, if IMC were correct, a defendant would automatically be deemed a willful infringer if it did anything other than surrender in response to an ambush lawsuit filed without warning (such as IMC's suit here). Fortunately for the patent system, this is not the law.

As is evident from the Statement of Facts, IMC's motion is a reflexive reaction to Office Depot's objection to IMC's Document Request 12 (seeking Office Depot's opinions of counsel) on the ground that *"IMC has not asserted a claim of willful infringement in this case, and has no good faith basis for doing so."* (Exh. 7 at 9-10). IMC's motion fails to demonstrate

7

even a colorable basis for seeking leave to amend to add a charge of willfulness. Consequently, we respectfully submit that IMC's motion should be denied.

     **B.    IMC's Motion Should Be Denied As Contrary To The Interests Of Justice, Futile, Prejudicial To Office Depot, And As Being Brought In Bad Faith**

By its terms, Fed. R. Civ. P. 15 (a) states that leave to amend should be freely granted when "*justice so requires*." Further, as IMC's own authority acknowledges, leave to amend should be denied where the amendment would be futile, where the movant seeks leave to amend in bad faith, or where allowance of the amendment would prejudice the non-moving party. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Here, each of the foregoing considerations weighs strongly against granting IMC leave to amend to add a charge of willfulness.

     **1.    The Interests Of Justice Do Not Require Leave To Amend**

As discussed, Office Depot began providing consumers with the ability to order products from its catalogs on-line at least eighteen months before the '835 patent issued. (Exh. 9). As also discussed, IMC waited almost 5-1/2 years from the issuance of the '835 patent to sue Office Depot; and prior to suit, Office Depot had no knowledge of the patent. Moreover, IMC's complaint did not charge Office Depot with willful infringement of the '835 patent; and the record shows that this motion was filed as a knee-jerk reaction to Office Depot's objection to IMC's document request seeking Office Depot's opinions of counsel.

The only justification for this motion offered by IMC is the illogical position that since Office Depot has been put on notice of the '835 patent as a result of this lawsuit, it must be a willful infringer because it has decided to defend itself rather than discontinue providing its customers with the convenience of on-line ordering from its catalog. IMC cites no authority in which the "interests of justice" would support leave to amend under such circumstances.

8

2. **Leave To Amend Should Be Denied As Futile**

A case on point is *Emory Univ. v. Glaxo Wellcome Inc.*, 1997 WL 854942, 45 U.S.P.Q.2d 1534 (N.D. Ga. 1997). In *Emory*, defendant Glaxo was sued for patent infringement on July 23, 1996, the day the patent-in-suit issued. The patentee sought leave to amend to add a charge of willfulness, asserting that as of December 1994, Glaxo had the following pre-lawsuit knowledge of the patent: (1) defendant became aware that the plaintiff had a pending application in the United States; (2) defendant obtained a copy of the allowed claims of a foreign counterpart application and learned that equivalent claims were expected to issue in the United States; and (3) defendant was given access to the patentee's United States application file wrapper to "permit counsel to advise Glaxo of the scope and validity of the claims." 45 U.S.P.Q.2d at 1535. Glaxo countered by asserting that the patent did not exist, and that the application claims were under rejection, at the time of the alleged willfully infringing activity. *Id*. The District Court denied leave to amend for futility, *Id*. at 1536-37, ruling as follows:

> Finally, the court finds that there is evidence that in December 1994 Emory's '116 patent did not exist. Documents from the U.S. Department of Commerce, Patent and Trademark Office indicate that in December 1994, all of Emory's claims had been preliminarily rejected by the Patent Examiner. Indeed, it was not until almost a year and a half later, in May 1996, that the patent claims were allowed, and the patent itself did not issue until July 23, 1996. The authority cited by Emory does not support its contention that Glaxo's pre-issuance knowledge was sufficient to support a claim of willful infringement, and thus the court finds Emory's proposed amendment would be futile under Fed.R.Civ.P. 15(a). Accordingly, Emory's motion for leave to amend. . . is DENIED.

Here, the facts are even more compelling than in *Emory*, because before this lawsuit was filed, Office Depot had no knowledge of the '835 patent's existence. On this record, IMC simply has no basis for its charge of willful infringement. *See also State Industries*, 751 F.2d at 1236; *American Original*, 774 F.2d at 465; *Gustafson*, 897 F.2d at 511. Consequently, as in *Emory*, an amendment by IMC to add a charge of willful infringement under the

9

circumstances here should be denied as futile. IMC cites no case in which a motion to amend to add a charge of willfulness was granted where the defendant had no pre-lawsuit knowledge of the patent.

### 3. This Motion Has Been Brought In Bad Faith

The record shows that this motion was filed in reaction to Office Depot's objection to IMC's discovery requests seeking Office Depot's opinions of counsel. As the cited Federal Circuit authorities establish, pre-lawsuit knowledge of the patent is an essential element of the willfulness calculus. As discussed, IMC's position is that even though IMC never advised Office Depot of the '835 patent's existence prior to suit, waited almost 5-1/2 years to sue, and did not charge willfulness in its original complaint, Office Depot is nevertheless a willful infringer because it has decided to proceed with this case and defend itself, rather than succumb to IMC's bullying tactics. On this record, IMC's conduct bespeaks bad faith.

### 4. Office Depot Will Be Prejudiced If Leave To Amend Is Granted

Should leave to amend be granted, Office Depot will be faced with the dilemma of deciding whether to waive the attorney-client privilege and work product immunity to rebut IMC's charge of willfulness. As this Court recently stated in *Chimie v. PPG Indus., Inc.*, 218 F.R.D. 416, 418 (D.Del. 2003), "[t]he power of a charge of willful infringement to knock down privileges that are, in most contexts, regarded with the utmost respect is alone a matter of considerable concern." The Court's words in *Chimie* ring particularly true here, since Office Depot's first knowledge of the '835 patent came simultaneously with its receipt of IMC's complaint. Absent a good faith basis for seeking leave to amend on the part of IMC, Office Depot's important attorney-client and work product privileges should not be put at risk.

IMC argues that Office Depot will not be prejudiced if leave to amend is granted since the discovery cut-off is more than 18 months away, and Office Depot therefore has "ample

opportunity to seek discovery and prepare any defenses on the willfulness issue." (IMC Mem. at 5). IMC has its burdens confused. It is IMC's burden to make a good faith case for leave to amend (which it has not). IMC cannot shift that burden, and force Office Depot to decide whether to rebut willfulness by waiving its attorney-client and work product privileges, merely by arguing that Office Depot has plenty of time to defend itself against a willfulness charge.

## VI. CONCLUSION

For all the above reasons, IMC's motion for leave to amend its complaint to add a charge of willful infringement against Office Depot should be denied.

Respectfully submitted

**GREENBERG TRAURIG, LLP**

*/s/ Titania Mack*

Cathy L. Reese (#2838)
Titania R. Mack (#4120)
The Nemours Building, 12th Floor
1007 North Orange Street
Wilmington DE 19801
(302) 661-7000

Michael A. Nicodema (*pro hac vice*)
**GREENBERG TRAURIG, LLP**
200 Park Avenue
Florham Park, NJ 07932-0677
(973) 360-7932

*Attorneys for Defendant Office Depot, Inc.*

Dated: March 15, 2006