# EXHIBIT 7

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INTERNET MEDIA CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>DELL, INC., OFFICE DEPOT, INC., J.C.<br>PENNEY COMPANY, INC., WILLIAMS-<br>SONOMA, INC., J. CREW GROUP, INC.<br><br>Defendants. | Civil Action No. 05-633 (KAJ) |

### DEFENDANT OFFICE DEPOT, INC.'S
### OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS
### FOR DOCUMENTS AND THINGS

Defendant and Counterclaimant Office Depot, Inc. ("Office Depot") provides the

following objections and responses to Plaintiff Internet Media Corporation's ("IMC")

First Set of Requests for Documents and Things.

### GENERAL OBJECTIONS

1.      Office Depot objects to the definitions and instructions contained in IMC's

First Set of Requests for Production to the extent that they seek to impose a duty on

Office Depot beyond that which is required under the Federal Rules of Civil Procedure

and/or the Local Rules of the District of Delaware.

2.      Office Depot objects to these document requests to the extent that they call

for the production of documents and things that are immune from discovery under the

attorney-client privilege, the work-product doctrine, or any other applicable privilege. Such documents and things will not be produced.

3.    Office Depot objects to these document requests to the extent that they require Office Depot to produce documents and things that are not relevant to the claims or defenses of any party asserted in the litigation or not reasonably calculated to lead to the discovery of admissible evidence under Fed. R. Civ. P. 26.

4.    Office Depot objects to these document requests to the extent that they seek documents and things equally available to IMC.

5.    Office Depot objects to these document requests to the extent that they require Office Depot to interview or otherwise contact an unreasonably large number of present and/or former employees. Office Depot will use reasonable diligence to obtain properly discoverable documents and things in response to these requests.

6.    Office Depot objects to these document requests to the extent that they call for documents and things that are subject to confidentiality agreements, protective orders, or any other obligation pursuant to which Office Depot is required to protect and/or maintain the confidentiality of a third party's documents or things. Notwithstanding this objection, Office Depot will initiate any process of notification to such third parties as may be required by Court Order or said agreements as a predicate to disclosure of any such confidential documents and things.

7.    Office Depot objects to the definition of the terms "Defendant," "Office Depot," "you," and "your" as overbroad and unduly burdensome. Through this definition, IMC seeks information that may not be within Office Depot's possession, custody or control. Office Depot's responses herein will be consistent with the requirements of the

2

Federal Rules of Civil Procedure, and will be limited to documents and things that are presently in the possession, custody or control of Office Depot, Inc.

8.    Office Depot objects to these requests to the extent that they demand production of "all documents" on a particular subject, on the ground that such a request is overly broad and imposes an undue burden upon Office Depot. Office Depot will conduct a reasonably diligent search of the files of individuals who are likely to have responsive information, but will not search all document files company-wide.

9.    Office Depot objects to these requests to the extent that they call for the disclosure of trade secret or other Office Depot confidential or proprietary information and/or documents, disclosure of which would be harmful to Office Depot without the protection of an appropriate Protective Order. Office Depot will produce documents and things only under the terms of the Protective Order entered in this case.

10.    A response stating that Office Depot will produce responsive documents and things is not an admission that such documents and/or things exist, or that they are in Office Depot's possession, custody or control. Office Depot will produce only those documents and things uncovered pursuant to a reasonably diligent search that are within its possession, custody or control.

11.    Discovery in this action and Office Depot's investigation of the subject matter of this litigation, including expert investigation, is in its earliest stages and is ongoing. Office Depot expressly reserves the right to supplement and/or amend its responses to these document requests, and to supplement its production of documents and things in response to these document requests to the extent appropriate.

12.    Office Depot objects to IMC's instructions concerning documents covered by the attorney-client or work product privileges or that are otherwise immune from discovery. As framed, IMC's instructions seek to impose requirements upon Office Depot beyond those of Fed. R. Civ. P. 26(b)(5). Office Depot is willing to meet and confer with IMC for the purpose of determining a mutually agreeable protocol for the scheduling of documents which are privileged or otherwise immune from discovery.

13.    Office Depot objects to each of these requests as unduly burdensome and repetitive to the extent it is duplicative of or encompassed by other requests.

14.    Office Depot objects to the requested time and place of production. Office Depot will produce responsive documents and things as may exist at a mutually agreeable time and place, and in a mutually agreeable manner.

15.    To the extent that Office Depot's responses herein assert specific or express objections that may be encompassed by the general objections; the specific objections have been asserted because they are deemed particularly appropriate to the request, as worded, and should not be construed as limiting of Office Depot's objections to the particular request, or to any other request.

16.    These general objections are incorporated into each individual response below as if fully set forth therein.

## DOCUMENT REQUESTS

### Request No. 1

All of your annual reports, prospectuses, proxy statements and Form 10-K and Form 10-Q reports from April 2000 to the present.

### Response to No. 1

Office Depot incorporates by reference all General Objections as if fully set forth herein. Office Depot objects to this request as overbroad, inasmuch as it encompasses information irrelevant to the subject matter of this litigation, and not reasonably calculated to lead to the discovery of admissible evidence. Office Depot further objects to this request since the requested documents are publicly filed documents which are readily available to IMC and its counsel. Office Depot is willing to meet and confer with IMC to determine a reasonable and mutually agreeable scope of financial document discovery in this case. Subject to, and without waiving any objection, Office Depot will produce financial information of the character, and in the form, ultimately agreed upon by the parties pursuant to their meet and confer discussions.

### Request No. 2

All of your general ledgers from April 2000 to the present.

### Response to No. 2

Office Depot incorporates by reference all General Objections as if fully set forth herein. Office Depot objects to this request as overbroad, inasmuch as it encompasses information irrelevant to the subject matter of this litigation, and not reasonably calculated to lead to the discovery of admissible evidence. Office Depot further objects to this request because it would be unnecessarily burdensome to redact the requested materials in an effort to provide information that might be relevant and protect information that is not relevant, particularly since there are far less onerous means to obtain the relevant information. Office Depot is willing to meet and confer with IMC to determine a reasonable and mutually agreeable scope of financial document discovery in

this case. Subject to, and without waiving any objection, Office Depot will produce financial information of the character, and in the form, ultimately agreed upon by the parties pursuant to their meet and confer discussions.

## Request No. 3

All documents referring or relating to pricing or purchasing of online advertisements, and online advertisement pricing or purchasing models including, but not limited to cost per view, cost per impression, cost per thousand, CPM, price per rotation, keyword pricing, price per click-through, price per purchase or sale, and flat fee models.

## Response to No. 3

Office Depot incorporates by reference all General Objections as if fully set forth herein. Office Depot objects to this request as overbroad, inasmuch as it encompasses information irrelevant to the subject matter of this litigation, and not reasonably calculated to lead to the discovery of admissible evidence. Office Depot further objects to this request because it would be unnecessarily burdensome to redact the requested materials in an effort to provide information that might be relevant and protect information that is not relevant, particularly since there are far less onerous means to obtain the relevant information. Office Depot is willing to meet and confer with IMC to determine a reasonable and mutually agreeable scope of financial document discovery in this case. Subject to, and without waiving any objection, Office Depot will produce financial information of the character, and in the form, ultimately agreed upon by the parties pursuant to their meet and confer discussions.

## Request No. 4

All documents that refer or relate to Internet Media or Eric Gagnon.

### Response to No. 4

Office Depot incorporates by reference all General Objections as if fully set forth herein. Subject to, and without waiving any objection, Office Depot will produce responsive non-privileged, non-work product documents within its possession, custody or control that relate to the subject matter of this litigation, if any, and that may be uncovered pursuant to a reasonably diligent search.

### Response to No. 5

All documents that refer or relate to Internet Media's patent or the publications "What's on the Web" and "What's on the Internet."

### Response to No. 5

Office Depot incorporates by reference all General Objections as if fully set forth herein. Subject to, and without waiving any objection, Office Depot will produce responsive non-privileged, non-work product documents within its possession, custody or control relating to the subject matter of this litigation, if any, and that may be uncovered pursuant to a reasonably diligent search.

### Request No. 6

All written communications between Defendant and Internet Media, and all documents referring or relating to those communications.

### Response to No. 6

Office Depot incorporates by reference all General Objections as if fully set forth herein. Subject to, and without waiving any objection, Office Depot will produce responsive non-privileged, non-work product documents within its possession, custody or control, if any, that may be uncovered pursuant to a reasonably diligent search.

Request No. 7

All research or analyses of Internet Media Corp.

Response to No. 7

Office Depot incorporates by reference all General Objections as if fully set forth herein. Subject to, and without waiving any objection, Office Depot will produce responsive non-privileged, non-work product documents within its possession, custody or control relating to the subject matter of this litigation, if any, and that may be uncovered pursuant to a reasonably diligent search.

Request No. 8

All documents that refer or relate to the patent-in-suit.

Response to No. 8

Office Depot incorporates by reference all General Objections as if fully set forth herein. Subject to, and without waiving any objection, Office Depot will produce responsive non-privileged, non-work product documents within its possession, custody or control, if any, that may be uncovered pursuant to a reasonably diligent search.

Request No. 9

All documents referring or relating to any attempts to design around the patent-in-suit.

Response to No. 9

Office Depot incorporates by reference all General Objections as if fully set forth herein. Subject to, and without waiving any objection, Office Depot will produce responsive non-privileged, non-work product documents within its possession, custody or control, if any, and that may be uncovered pursuant to a reasonably diligent search.

### Request No. 10

All articles, press releases, web pages, or bulletins referring or relating to Internet Media, including but not limited to those referring or relating to the patent-in-suit.

### Response to No. 10

Office Depot incorporates by reference all General Objections as if fully set forth herein. Subject to, and without waiving any objection, Office Depot will produce responsive, non-privileged, non-work product documents within its possession, custody or control relating to the subject matter of this litigation, if any, and that may be uncovered pursuant to a reasonably diligent search.

### Request No. 11

All communications with any third parties regarding this litigation including, but not limited to, brokers, investors, potential investors, investment bankers, auditors, accountants, state or federal regulatory agencies, or analysts.

### Response to No. 11

Office Depot incorporates by reference all General Objections as if fully set forth herein. Further, Office Depot expressly objects to the breadth of this request as seeking information immune from discovery under the accountant-client privilege and other applicable privileges. Subject to, and without waiving any objection, Office Depot will produce responsive non-privileged, non-work product documents within its possession, custody or control, if any, and that may be uncovered pursuant to a reasonably diligent search.

### Request No. 12

All opinions of counsel, including draft or preliminary opinions, obtained with respect to the infringement, validity or enforceability of the patent-in-suit, and all documents referring or relating to such opinions.

### Response to No. 12

Office Depot incorporates by reference all General Objections as if fully set forth herein. Further, Office Depot expressly objects to the breadth of this request as seeking information immune from discovery under the attorney-client privilege and attorney work product doctrine. Office Depot further objects to this request as seeking information irrelevant to the subject matter of this litigation and not reasonably calculated to lead to the discovery of admissible evidence since IMC has not asserted a claim of willful infringement in this case, and has no good faith basis for doing so.

### Request No. 13

All documents referring or relating to the features or qualities of the patent-in-suit as compared to products, software or technologies used by you, any of your competitors or any other third party.

### Response to No. 13

Office Depot incorporates by reference all General Objections as if fully set forth herein. Further, Office Depot expressly objects to the breadth of this request as seeking information immune from discovery under the attorney-client privilege and work product immunity. Subject to, and without waiving any objection, Office Depot will produce responsive non-privileged, non-work product documents within its possession, custody or control, if any, and that may be uncovered pursuant to a reasonably diligent search.

### Request No. 14

All documents found or identified during any enforceability searches, infringement searches, prior art searches or other searches or studies relating to the patent-in-suit, including any copies of patents, publications or prior art.

Response to No. 14

Office Depot incorporates by reference all General Objections as if fully set forth herein. Subject to, and without waiving any objection, Office Depot will produce responsive non-privileged, non-work product documents within its possession, custody or control, if any, and that may be uncovered pursuant to a reasonably diligent search.

Request No. 15

All reports, analyses or memoranda generated in connection with prior art searches related to the patent-in-suit.

Response to No. 15

Office Depot incorporates by reference all General Objections as if fully set forth herein. Office Depot objects to this request as seeking information immune from discovery under the attorney-client privilege and work product immunity.

Request No. 16

All communications or opinions of officers, directors and/or employees of yours with respect to infringement, validity or enforceability of the patent-in-suit.

Response to No. 16

Office Depot incorporates by reference all General Objections as if fully set forth herein. Further, Office Depot expressly objects to the breadth of this request as encompassing information immune from discovery under the attorney-client privilege and work product immunity. Subject to, and without waiving any objection, Office Depot will produce responsive non-privileged, non-work product responsive documents within its possession, custody or control, if any, and that may be uncovered pursuant to a reasonably diligent search.

### Request No. 17

All documents that support, refer or relate in any way to the affirmative defenses or counterclaims set forth in your Answer to the Complaint in the above-referenced action.

### Response to No. 17

Office Depot incorporates by reference all General Objections as if fully set forth herein. Office Depot objects to this request as unduly burdensome and premature since discovery is at a very early stage and the trial date is many months away. Consequently, Office Depot has not yet determined "all" of the documentary and/or physical evidence that may refer or relate to its affirmative defenses and counterclaims.

Subject to and without waiving any objection, Office Depot will produce, on an on-going basis, non-privileged, non-work product documents and things responsive to this request, and in accordance with the applicable notice provisions of the Federal Rules of Civil Procedure, the Local Rules of the District of Delaware, and Orders of the Court.

### Request No. 18

All documents or things relied upon, referred to, or used in proposing, challenging, disputing, or supporting the construction of any claim term of the patent-in-suit.

### Response to No. 18

Office Depot incorporates by reference all General Objections as if fully set forth herein. Office Depot objects to this request as unduly burdensome and premature since discovery is at an early stage, and under this Court's scheduling order, claim construction proceedings are many months away. Consequently, Office Depot has not yet determined "all" of the documentary and/or physical evidence on which it may rely, or intends to rely upon, in support of its claim construction position.

Subject to and without waiving any objection, Office Depot will produce to IMC the requested information on a reciprocal basis in accordance with the applicable notice provisions of the Federal Rules of Civil Procedure, the Local Rules of the District of Delaware, and Orders of the Court.

## Request No. 19

All documents relating to any contention by you that the patent-in-suit is not infringed by you.

## Response to No. 19

Office Depot incorporates by reference all General Objections as if fully set forth herein. Further, Office Depot expressly objects to the breadth of this request as encompassing information immune from discovery under the attorney-client privilege and work product immunity. Office Depot objects to this request as unduly burdensome and premature since discovery is at a very early stage, and claim construction proceedings are many months away. Consequently, Office Depot has not yet determined "all" of the documentary and/or physical evidence on which it may rely, or intends to rely upon, to prove non-infringement.

Subject to and without waiving any objection, Office Depot will produce to IMC non-privilege, non-work product documents and things responsive to this request on an on-going basis, and in accordance with the applicable notice provisions of the Federal Rules of Civil Procedure, the Local Rules and Orders of this Court.

## Request No. 20

All documents relating to any contention by you that the patent-in-suit is invalid or unenforceable.

### Response to No. 20

Office Depot incorporates by reference all General Objections as if fully set forth herein. Further, Office Depot expressly objects to the breadth of this request as encompassing information immune from discovery under the attorney-client privilege and work-product immunity. Office Depot objects to this request as unduly burdensome and premature since discovery is at a very early stage, claim construction proceedings are many months away, and Office Depot's search for relevant prior art is ongoing. Consequently, Office Depot has not yet determined "all" of the documentary and/or physical evidence on which it may rely, or intends to rely upon, to prove that the patent-in-suit is invalid and/or unenforceable.

Subject to and without waiving any objection, Office Depot will produce to IMC non-privileged, non-work product documents and things responsive to this request on an on-going basis, and in accordance with the applicable notice provisions of the Federal Rules of Civil Procedure, the Local Rules and Orders of this Court.

### Request No. 21

All documents referring or relating to any use, sale or offer for sale of technology covered by the patent-in-suit more than one year prior to its filing date.

### Response to No. 21

Office Depot incorporates by reference all General Objections as if fully set forth herein. Further, Office Depot expressly objects to the breadth of this request as encompassing information immune from discovery under the attorney-client privilege and work-product immunity. Office Depot objects to this request as unduly burdensome and premature since discovery is at a very early stage, claim construction proceedings are

many months away, and Office Depot's search for relevant prior art is ongoing. Consequently, Office Depot has not yet determined "all" of the documentary and/or physical evidence which may refer or relate to an on-sale bar under 35 U.S.C. §102(b).

Subject to and without waiving any objection, Office Depot will produce to IMC non-privileged, non-work product documents and things responsive to this request on an on-going basis, and in accordance with the applicable notice provisions of the Federal Rules of Civil Procedure, and the Local Rules and Orders of this Court.

### Request No. 22

All documents that refer or relate to any joint defense agreements related to this litigation.

### Response to No. 22

Office Depot incorporates by reference all General Objections as if fully set forth herein. Further, Office Depot expressly objects to the breadth of this request as encompassing information immune from discovery under the community of interest and/or joint defense privileges. Office Depot further objects to the breadth of this request as seeking information irrelevant to the subject matter of this litigation, and not reasonably calculated to lead to the discovery to admissible evidence. Subject to and without waiving any objection, Office Depot will produce responsive non-privileged, non-work product responsive documents within its possession, custody or control, if any, and that may be uncovered pursuant to a reasonably diligent search.

### Request No. 23

All indemnification agreements relevant to or invoked by this litigation.

**Response to No. 23**

Office Depot incorporates by reference all General Objections as if fully set forth herein. Subject to and without waiving any objection, Office Depot will produce responsive non-privileged, non-work product documents within its possession, custody or control, if any, and that may be uncovered pursuant to a reasonably diligent search.

**Request No. 24**

All correspondence or communications you provided to or you received from any other named defendant in this matter.

**Response to No. 24**

Office Depot incorporates by reference all General Objections as if fully set forth herein. Further, Office Depot expressly objects to the breadth of this request as encompassing information immune from discovery under the community of interest and/or joint defense privileges. Office Depot further objects to this request as seeking information irrelevant to the subject matter in this litigation and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiving any objection, Office Depot will produce responsive non-privileged, non-work product documents within its possession, custody or control, if any, and that may be uncovered pursuant to a reasonably diligent search.

**Request No. 25**

All documents which you expect to introduce at the trial of this matter.

**Response to No. 25**

Office Depot incorporates by reference all General Objections as if fully set forth herein. Office Depot objects to this request as unduly burdensome and premature since discovery is at a very early stage and the trial date is many months away. Consequently,

Office Depot has not yet determined "all" of the documentary and/or physical evidence on which it may rely, or intends to rely upon, during the trial.

Subject to, and without waiving any objection, Office Depot will produce to IMC the requested information on an on-going and reciprocal basis, in accordance with the applicable notice provisions of the Federal Rules of Civil Procedure, the Local Rules of the District of Delaware, and Orders of the Court.

### Request No. 26

All written policies, procedures and guidelines related to Defendant's computer systems, electronic data and electronic media that hold, contain, save or manage documents including, but not limited to, the following:

a.    Back up tape rotation schedules;

b.    Electronic data retention, preservation and destruction schedules;

c.    Employee use of company computers and data;

d.    File naming conventions and standards;

e.    Diskette, CD, DVD, and other removable media labeling standards; and

f.    Email storage (i.e., limitations on mailbox sizes and storage locations).

### Response to No. 26

Office Depot incorporates by reference all General Objections. Further, Office Depot expressly objects to the breadth of this request as encompassing information immune from discovery under the attorney-client privilege and work-product immunity. Office Depot also objects to the breadth of this request as seeking information irrelevant to the subject matter of this litigation and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiving any objection, Office Depot will produce responsive non-privileged, non-work product documents within its

possession, custody or control, if any, and that may be uncovered pursuant to a reasonably diligent search.

## Request No. 27

Defendant's document retention or document preservation policies or guidelines from April 2000 to the present.

## Response to No. 27

This request is encompassed by Document Request No. 26. *See* Office Depot's response to Document Request No. 26.

## Request No. 28

Documents, including organization charts, setting forth your corporate organizational structure since April 2000 to the present.

## Response to No. 28

Office Depot incorporates by reference all General Objections as if fully set forth herein. Subject to and without waiving any objection, Office Depot will produce representative samples of organizational charts within its possession, custody or control, if any, which identify the organizational structure of Office Depot from April 2000 to the time of the most recently created and available chart.

## Request No. 29

All documents referring or relating to your policies on licensing or cross-licensing patents related to electronic commerce or WWW sites.

## Response to No. 29

Office Depot incorporates by reference all General Objections as if fully set forth herein. Further, Office Depot expressly objects to the breadth of this request as encompassing information immune from discovery under the attorney-client privilege

and work-product immunity. Subject to, and without waiving any objection, Office Depot

will produce responsive non-privileged, non-work product documents within its

possession, custody or control, if any, and that may be uncovered pursuant to a

reasonably diligent search.

### Request No. 30

All documents referred to, consulted or relied upon in formulating
responses to Plaintiff's First Set of Interrogatories to Office Depot.

### Response to No. 30

Office Depot incorporates by reference all General Objections as if fully set forth

herein. Subject to, and without waiving any objection, Office Depot will produce

relevant non-privileged, non-work product documents within its possession, custody or

control, if any, that are responsive to the subject matter of this request.

### Request No. 31

All software source code and binary code, including but not limited to all
scripts and HTML code, as kept in its native electronic format, used to
create and operate Defendant's WWW site(s) that permits entry of an Item
# or Coupon Code by a WWW user in one or more entry boxes on
Defendant's WWW site(s), including but not limited to the "search for"
box or the "order by item #" box.

### Response to No. 31

Office Depot incorporates by reference all General Objections as if fully set forth

herein. Since IMC's complaint only accuses one Office Depot online purchasing method

of infringement (i.e., incorporating product SKU numbers into the "search for" box),

Office Depot objects to the breadth of this request as encompassing information

irrelevant to the subject matter of this litigation, and not reasonably calculated to lead to

the discovery of admissible evidence. Office Depot further objects to this request as vague and ambiguous with respect to the term "native electronic format".

Subject to and without waiving any objection, Office Depot is willing to meet and confer with IMC to determine a reasonable and reciprocal scope of source code discovery. Office Depot will prepare a "clean room" so that IMC can inspect source code. Because Office Depot's source code is an invaluable company asset and is guarded with the strictest internal and external control mechanisms, only outside counsel for IMC and any disclosed and approved IMC expert witnesses will be permitted into the clean room. The relevant source code will be loaded onto a PC computer within the "clean room" for inspection. The clean room will also be equipped with a printer and a document shredder. No Internet, telephone, or other outside connection will be provided or authorized, nor can any copying, burning, ripping or other downloading of the source code take place. IMC will have the right to designate portions of the source code it deems relevant by printing out those portions of the code and handing those printouts to the "clean room" attendant. Counsel for Office Depot will then review the printouts and produce all relevant source code to IMC within five (5) business days. Any printouts of source code made within the "clean room" must either be shredded or designated for production and turned over to the "clean room" attendant. Office Depot reserves the right to modify the "clean room" procedure detailed above as discovery progresses in this matter.

**Request No. 32**

> User manuals and/or technical documentation related to the WWW site(s)
> referenced in the preceding document request.

## Response to No. 32

Office Depot incorporates by reference all General Objections as if fully set forth herein. Since IMC's complaint only accuses one Office Depot online purchasing method of infringement (i.e., incorporating product SKU numbers into the "search for" box), Office Depot objects to the breadth of this request as encompassing information irrelevant to the subject matter of this litigation, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving any objection, Office Depot is willing to meet and confer with IMC to determine a reasonable and reciprocal scope of website discovery.

## Request No. 33

On a monthly basis from April 2000 to the present and in their native electronic format, exemplar server and database log files for each of Defendant's WWW servers that provide the WWW site(s) that permits entry of an Item # or Coupon Code by a WWW user in one or more entry boxes on Defendant's WWW site(s), including but not limited to the "search for" box and the "order by item #"s box.

## Response to No. 33

Office Depot incorporates by reference all General Objections as if fully set forth herein. Since IMC's complaint only accuses one Office Depot online purchasing method of infringement (i.e., incorporating product SKU numbers into the "search for" box), Office Depot objects to the breadth of this request as encompassing information irrelevant to the subject matter of this litigation, and not reasonably calculated to lead to the discovery of admissible evidence. Office Depot further objects to this request as vague and ambiguous with respect to the term "native electronic format".

Subject to and without waiving any objection, Office Depot is willing to meet and confer with IMC to determine a reasonable and reciprocal scope of source code

discovery. The clean room procedures outlined in response to Document Request No. 31 will apply to Office Depot's production of documents in response to this request.

### Request No. 34

User manuals and/or technical documentation related to the server logs referenced in the preceding document request.

### Response to No. 34

Office Depot incorporates by reference all General Objections as if fully set forth herein. Since IMC's complaint only accuses one Office Depot online purchasing method of infringement (i.e., incorporating product SKU numbers into the "search for" box), Office Depot objects to the breadth of this request as encompassing information irrelevant to the subject matter of this litigation, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving any objection, Office Depot is willing to meet and confer with IMC to determine a reasonable and reciprocal scope of website and server discovery.

### Request No. 35

Server log and database log files, in their native electronic format, sufficient to show all online purchase requests made on August 4, 2005.

### Response to No. 35

Office Depot incorporates by reference all General Objections as if fully set forth herein. Since IMC's complaint only accuses one Office Depot online purchasing method of infringement (i.e., incorporating product SKU numbers into the "search for" box), Office Depot objects to the breadth of this request as encompassing information irrelevant to the subject matter of this litigation, and not reasonably calculated to lead to the discovery of admissible evidence. Office Depot further objects to this request as

vague and ambiguous with respect to the term "native electronic format". Subject to and

without waiving any objection, Office Depot is willing to meet and confer with IMC to

determine a reasonable scope of online purchase discovery.

### Request No. 36

Server log and database log files, in their native electronic format, for
Order No. "301 597713-001" placed on August 4, 2005.

### Response to No. 36

This request is encompassed by Document Request No. 35. *See* Office Depot's

response to Document quest No. 35.

### Request No. 37

Documentation sufficient to show how Defendant's computers generate
the following URLs:

1)  "http://www.officedepot.comltextSearch.do?uniqueSearchFlag
    =true&Ntt=910-925-491", which results from entering the item # "910-
    925-491" in the "search" box on Defendant's WWW site;

2)  "http://www.officedepot.comltextSearch.do?uniqueSearchFlag
    =true&Ntt=925-491", which results from entering the item # "925-491" in
    the "search" box on Defendant's WWW site; and

3)  "http://www.officedepot.com/shop/items/add.do", which results from
    entering item # "910-925-491" in the "order by item #" box on
    Defendant's WWW site.

### Response to No. 37

Office Depot incorporates by reference all General Objections as if fully set forth

herein. Since IMC's complaint only accuses one Office Depot online purchasing method

of infringement (i.e., incorporating product SKU numbers into the "search for" box),

Office Depot objects to the breadth of this request as encompassing information

irrelevant to the subject matter of this litigation, and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving any objection, Office Depot is willing to meet and confer with IMC to determine a reasonable and reciprocal scope of source code and website discovery. The clean room procedures outlined in response to Document Request No. 31 will apply to Office Depot's production of documents in response to this request.

### Request No. 38

All software source code and binary code, in their native electronic format, used to generate Item #'s and Coupon codes.

### Response to No. 38

Office Depot incorporates by reference all General Objections as if fully set forth herein. Since IMC's complaint only accuses one Office Depot online purchasing method of infringement (i.e., incorporating product SKU numbers into the "search for" box), Office Depot objects to the breadth of this request as encompassing information irrelevant to the subject matter of this litigation, and not reasonably calculated to lead to the discovery of admissible evidence. Office Depot further objects to this request as vague and ambiguous with respect to the term "native electronic format".

Subject to and without waiving any objection, Office Depot is willing to meet and confer with IMC to determine a reasonable and reciprocal scope of source code discovery. The clean room procedures outlined in response to Document Request No. 31 will apply to Office Depot's production of documents in response to this request.

### Request No. 39

All documents referring or relating to the operation of any of systems or methods for processing, monitoring, tracking, evaluating, collecting,

capturing, or gathering information related to online purchases of products
and/or services from Defendant's WWW site(s)

## Response to No. 39

Office Depot incorporates by reference all General Objections as if fully set forth
herein. Since IMC's complaint only accuses one Office Depot online purchasing method
of infringement (i.e., incorporating product SKU numbers into the "search for" box),
Office Depot objects to the breadth of this request as encompassing information
irrelevant to the subject matter of this litigation, and not reasonably calculated to lead to
the discovery of admissible evidence.

Subject to and without waiving any objection, Office Depot is willing to meet and
confer with IMC to determine a reasonable and reciprocal scope of source code and
website discovery. The clean room procedures outlined in response to Document Request
No. 31 will apply to Office Depot's production of documents in response to this request.

## Request No. 40

All agreements or contracts between Defendant and any third party related
to processing, monitoring, tracking, evaluating, collecting, capturing, or
gathering information related to the entry of Item #'s and/or Coupon
Codes on Defendant's WWW site(s) and/or information related to online
purchases of products and/or services from Defendant in which the
purchaser entered an Item # or Coupon Code on Defendant's WWW
site(s).

## Response to No. 40

Office Depot incorporates by reference all General Objections as if fully set forth
herein. Since IMC's complaint only accuses one Office Depot online purchasing method
of infringement (i.e., incorporating product SKU numbers into the "search for" box),
Office Depot objects to the breadth of this request as encompassing information

irrelevant to the subject matter of this litigation, and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving any objection, Office Depot is willing to meet and confer with IMC to determine a reasonable and reciprocal scope of source code and website discovery. The clean room procedures outlined in response to Document Request No. 31 will apply to Office Depot's production of documents in response to this request.

### Request No. 41

On a monthly, quarterly, and annual basis, all documents referring or relating to 1) the number and identity of Item #'s and Coupon Codes entered on Defendant's WWW site(s); and 2) the number of items sold through, via, or as a result of a WWW user entering an Item # or Coupon Code on Defendant's WWW site(s).

### Response to No. 41

Office Depot incorporates by reference all General Objections as if fully set forth herein. Since IMC's complaint only accuses one Office Depot online purchasing method of infringement (i.e., incorporating product SKU numbers into the "search for" box), Office Depot objects to the breadth of this request as encompassing information irrelevant to the subject matter of this litigation, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiving any objection, Office Depot will produce responsive non-privileged, non-work product documents concerning the accused method within its possession, custody or control, if any, and that may be uncovered pursuant to a reasonably diligent search. To the extent documents are produced, they will be produced in the form in which they exist. Office Depot will not create document summaries for IMC in response to this request.

## Request No. 42

Summaries, on a monthly, quarterly and/or yearly basis, which set forth or include your expenses and costs incurred for your print advertisements that include Item #'s and/or Coupon Codes.

## Response to No. 42

Office Depot incorporates by reference all General Objections as if fully set forth herein. Since IMC's complaint only accuses one Office Depot online purchasing method of infringement (i.e., incorporating product SKU numbers into the "search for" box), Office Depot objects to the breadth of this request as encompassing information irrelevant to the subject matter of this litigation, and not reasonably calculated to lead to the discovery of admissible evidence. Office Depot further objects to this request because it would be unnecessarily burdensome to redact the requested materials in an effort to provide information that might be relevant and protect information that is not relevant, particularly since there are far less onerous means to obtain the relevant information. Subject to, and without waiving any objection, Office Depot will produce responsive non-privileged, non-work product documents concerning the accused method within its possession, custody or control, if any, and that may be uncovered pursuant to a reasonably diligent search. To the extent documents are produced, they will be produced in the form in which they exist in the ordinary course of Office Depot's business.. Office Depot will not create document summaries for IMC in response to this request.

## Request No. 43

All documents relating to strategies, plans and/or sales or profit forecasts related to offering a feature on Defendant's WWW site(s) that permits a WWW user to enter an Item # or Coupon Code on Defendant's WWW site(s).

**Response to No. 43**

Office Depot incorporates by reference all General Objections as if fully set forth herein. Since IMC's complaint only accuses one Office Depot online purchasing method of infringement (i.e., incorporating product SKU numbers into the "search for" box), Office Depot objects to the breadth of this request as encompassing information irrelevant to the subject matter of this litigation, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiving any objection, Office Depot will produce responsive non-privileged, non-work product documents concerning the accused method within its possession, custody or control, if any, and that may be uncovered pursuant to a reasonably diligent search.

**Request No. 44**

All documents referring or relating to the conception, generation, design, development, testing, or beta testing the feature on Defendant's WWW site(s) that permits a WWW user to enter an Item # or Coupon Code on Defendant's WWW site(s).

**Response to No. 44**

Office Depot incorporates by reference all General Objections as if fully set forth herein. Since IMC's complaint only accuses one Office Depot online purchasing method of infringement (i.e., incorporating product SKU numbers into the "search for" box), Office Depot objects to the breadth of this request as encompassing information irrelevant to the subject matter of this litigation, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiving any objection, Office Depot will produce responsive non-privileged, non-work product documents concerning the accused method within its possession, custody or control, if any, and that may be uncovered pursuant to a reasonably diligent search.

**Request No. 45**

Copies of Defendant's print advertisements or catalogs sufficient to show
the first entry of an Item # and the first entry of a Coupon Code in an entry
box on Defendant's WWW site(s).

**Response to No. 45**

Office Depot incorporates by reference all General Objections as if fully set forth

herein. Since IMC's complaint only accuses one Office Depot online purchasing method

of infringement (i.e., incorporating product SKU numbers into the "search for" box),

Office Depot objects to the breadth of this request as encompassing information

irrelevant to the subject matter of this litigation, and not reasonably calculated to lead to

the discovery of admissible evidence. Subject to, and without waiving any objection,

Office Depot will produce responsive non-privileged, non-work product documents

concerning the accused method within its possession, custody or control, if any, and that

may be uncovered pursuant to a reasonably diligent search.

**Request No. 46**

Exemplars of Defendant's print advertisements or catalogs that include
Item #'s and/or Coupon Codes, on a monthly basis, from April 2000 to the
present.

**Response to No. 46**

Office Depot incorporates by reference all General Objections as if fully set forth

herein. Subject to, and without waiving any objection, Office Depot will produce

responsive exemplars for the period April 2000 to the present, on whatever periodic time

basis they are generated in the normal course of Office Depot's business.

**Request No. 47**

All press releases, bulletins, videos, brochures, WWW pages, archived
WWW pages, promotional materials, commercial advertisements, or

DEL-FS1\153651v01                    29

announcements that refer or relate to the ability of a WWW user to enter
an Item # or Coupon Code on Defendant's WWW site(s).

### Response to No. 47

Office Depot incorporates by reference all General Objections as if fully set forth

herein. Since IMC's complaint only accuses one Office Depot online purchasing method

of infringement (i.e., incorporating product SKU numbers into the "search for" box),

Office Depot objects to the breadth of this request as encompassing information

irrelevant to the subject matter of this litigation, and not reasonably calculated to lead to

the discovery of admissible evidence. Subject to, and without waiving any objection,

Office Depot will produce responsive non-privileged, non-work product documents

concerning the accused method within its possession, custody or control, if any, and that

may be uncovered pursuant to a reasonably diligent search.

### Request No. 48

All materials produced, distributed, or used in connection with any in-
house seminar, meeting, or training session referring or relating to the
ability of a WWW user to enter an Item # or Coupon Code on Defendant's
WWW site(s).

### Response to No. 48

Office Depot incorporates by reference all General Objections as if fully set forth

herein. Since IMC's complaint only accuses one Office Depot online purchasing method

of infringement (i.e., incorporating product SKU numbers into the "search for" box),

Office Depot objects to the breadth of this request as encompassing information

irrelevant to the subject matter of this litigation, and not reasonably calculated to lead to

the discovery of admissible evidence. Subject to, and without waiving any objection,

Office Depot will produce responsive non-privileged, non-work product documents

concerning the accused method within its possession, custody or control, if any, and that

may be uncovered pursuant to a reasonably diligent search.

### Request No. 49

> All articles, press releases, speeches, videos, presentations or interviews,
> both internal and external, that have been written and/or given by your
> employees, officers, directors or other of your representatives or agents,
> that refer or relate to the ability of a WWW user to enter an Item # or
> Coupon Code on Defendant's WWW site(s).

### Response to No. 49

Office Depot incorporates by reference all General Objections as if fully set forth

herein. Since IMC's complaint only accuses one Office Depot online purchasing method

of infringement (i.e., incorporating product SKU numbers into the "search for" box),

Office Depot objects to the breadth of this request as encompassing information

irrelevant to the subject matter of this litigation, and not reasonably calculated to lead to

the discovery of admissible evidence. Subject to, and without waiving any objection,

Office Depot will produce responsive non-privileged, non-work product documents

concerning the accused method within its possession, custody or control, if any, and that

may be uncovered pursuant to a reasonably diligent search.

### Request No. 50

> All documents referring or relating to the success, benefits, or advantages
> of the feature of Defendant's WWW site(s) that permits a WWW user to
> enter an Item # or Coupon Code on Defendant's WWW site(s).

### Response to No. 50

Office Depot incorporates by reference all General Objections as if fully set forth

herein. Since IMC's complaint only accuses one Office Depot online purchasing method

of infringement (i.e., incorporating product SKU numbers into the "search for" box),

Office Depot objects to the breadth of this request as encompassing information irrelevant to the subject matter of this litigation, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiving any objection, Office Depot will produce responsive non-privileged, non-work product documents concerning the accused method within its possession, custody or control, if any, and that may be uncovered pursuant to a reasonably diligent search.

### Request No. 51

All articles, including WWW page articles, authored by third parties referring or relating to the feature on Defendant's WWW site(s) that permits a WWW user to enter an Item # or Coupon Code on Defendant's WWW site(s).

### Response to No. 51

Office Depot incorporates by reference all General Objections as if fully set forth herein. Since IMC's complaint only accuses one Office Depot online purchasing method of infringement (i.e., incorporating product SKU numbers into the "search for" box), Office Depot objects to the breadth of this request as encompassing information irrelevant to the subject matter of this litigation, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiving any objection, Office Depot will produce responsive non-privileged, non-work product documents concerning the accused method within its possession, custody or control, if any, and that may be uncovered pursuant to a reasonably diligent search.

**Request No. 52**

All documents referring or relating to market studies, surveys, focus groups, customer feedback, or analyses regarding the feature on Defendant's WWW site(s) that permits a WWW user to enter an Item # or Coupon Code on Defendant's WWW site(s).

**Response to No. 52**

Office Depot incorporates by reference all General Objections as if fully set forth herein. Since IMC's complaint only accuses one Office Depot online purchasing method of infringement (i.e., incorporating product SKU numbers into the "search for" box), Office Depot objects to the breadth of this request as encompassing information irrelevant to the subject matter of this litigation, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiving any objection, Office Depot will produce responsive non-privileged, non-work product documents concerning the accused method within its possession, custody or control, if any, and that may be uncovered pursuant to a reasonably diligent search.

**Request No. 53**

All studies, reports, memoranda, or analyses referring or relating to the efficacy of the feature on Defendant's WWW site(s) that permits a WWW user to enter an Item # or Coupon Code on Defendant's WWW site(s).

**Response to No. 53**

Office Depot incorporates by reference all General Objections as if fully set forth herein. Since IMC's complaint only accuses one Office Depot online purchasing method of infringement (i.e., incorporating product SKU numbers into the "search for" box), Office Depot objects to the breadth of this request as encompassing information irrelevant to the subject matter of this litigation, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiving any objection,

Office Depot will produce responsive non-privileged, non-work product documents concerning the accused method within its possession, custody or control, if any, and that may be uncovered pursuant to a reasonably diligent search.

### Request No. 54

All documents referring or relating to the advantages or benefits of online sales including, but not limited to, documents comparing online sales to other forms of sales.

### Response to No. 54

Office Depot incorporates by reference all General Objections as if fully set forth herein. Since IMC's complaint only accuses one Office Depot online purchasing method of infringement (i.e., incorporating product SKU numbers into the "search for" box), Office Depot objects to the breadth of this request as encompassing information irrelevant to the subject matter of this litigation, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiving any objection, Office Depot will produce responsive non-privileged, non-work product documents concerning the accused method within its possession, custody or control, if any, and that may be uncovered pursuant to a reasonably diligent search.

### Request No. 55

All documents referring or relating to the revenue and profitability associated with the feature of Defendant's WWW site that permits a WWW user to enter an Item # or Coupon Code on Defendant's WWW site(s) on a monthly, quarterly, and/or annual basis including, but not limited to documents related to sales volume, revenue, gross profit, operating profit, and net profit.

### Response to No. 55

Office Depot incorporates by reference all General Objections as if fully set forth herein. Since IMC's complaint only accuses one Office Depot online purchasing method

of infringement (i.e., incorporating product SKU numbers into the "search for" box), Office Depot objects to the breadth of this request as encompassing information irrelevant to the subject matter of this litigation, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiving any objection, Office Depot will produce responsive non-privileged, non-work product documents concerning the accused method within its possession, custody or control, if any, and that may be uncovered pursuant to a reasonably diligent search.

### Request No. 56

All documents sufficient to determine Defendant's accounting methods for sales, costs, cost allocations, and profits related to Defendant's WWW site(s), its print advertising, Coupon Codes and the feature on Defendant's WWW site(s) that permits a WWW user to enter an Item # or Coupon Code on Defendant's WWW site(s).

### Response to No. 56

Office Depot incorporates by reference all General Objections as if fully set forth herein. Since IMC's complaint only accuses one Office Depot online purchasing method of infringement (i.e., incorporating product SKU numbers into the "search for" box), Office Depot objects to the breadth of this request as encompassing information irrelevant to the subject matter of this litigation, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiving any objection, Office Depot will produce responsive non-privileged, non-work product documents concerning the accused method within its possession, custody or control, if any, and that may be uncovered pursuant to a reasonably diligent search.

### Request No. 57

All projections, forecasts, market share reports, marketing acceptance documents, business plans, financial plans, strategic plans, fiscal plans, marketing strategies and plans, sales strategies and plans, and advertising strategies and plans which refer or relate to the actual or anticipated online sales or profits from any and all print advertising and/or Coupon Codes.

### Response to No. 57

Office Depot incorporates by reference all General Objections as if fully set forth herein. Since IMC's complaint only accuses one Office Depot online purchasing method of infringement (i.e., incorporating product SKU numbers into the "search for" box), Office Depot objects to the breadth of this request as encompassing information irrelevant to the subject matter of this litigation, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiving any objection, Office Depot will produce responsive non-privileged, non-work product documents concerning the accused method within its possession, custody or control, if any, and that may be uncovered pursuant to a reasonably diligent search.

### Request No. 58

All projections, forecasts, market share reports, marketing acceptance documents, business plans, financial plans, strategic plans, fiscal plans, marketing strategies and plans, sales strategies and plans, and advertising strategies and plans which refer or relate to the actual or anticipated online sales or profits from the feature of Defendant's WWW site(s) that permits a WWW user to enter an Item # or Coupon Code on Defendant's WWW site(s).

### Response to No. 58

Office Depot incorporates by reference all General Objections as if fully set forth herein. Since IMC's complaint only accuses one Office Depot online purchasing method of infringement (i.e., incorporating product SKU numbers into the "search for" box),

Office Depot objects to the breadth of this request as encompassing information irrelevant to the subject matter of this litigation, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiving any objection, Office Depot will produce responsive non-privileged, non-work product documents concerning the accused method within its possession, custody or control, if any, and that may be uncovered pursuant to a reasonably diligent search.

GREENBERG TRAURIG LLP

Dated: January 25, 2006                By: _____

Cathy L. Reese (#2838)
The Nemours Building
1007 N. Orange Street, Suite 1200
Wilmington DE 19801
Tel.: (302) 661-7000
Fax: (302) 661-7360

Michael A. Nicodema (*admitted pro hac vice*)
200 Campus Drive
Florham Park, NJ 07932-0677
Tel.: (973) 360-7932
Fax: (973) 301-8410

*Attorneys for Defendant Office Depot, Inc.*

**CERTIFICATE OF SERVICE**

I, Cathy L. Reese, hereby certify that I caused to be served on the 25th day of

January, 2006 **Defendant Office Depot, Inc.'s Objections and Responses to Plaintiff's**

**First Set of Requests for Documents and Things** upon the following as indicated:

| | |
|---|---|
| **VIA HAND** | **VIA FEDERAL EXPRESS** |
| Richard L. Horwitz, Esq. | Willem G. Schuurman, Esq. |
| David E. Moore, Esq. | David B. Weaver, Esq. |
| Potter Anderson & Corroon LLP | Kristen P. Foster Esq. |
| Hercules Plaza, 6th Floor | Matthew S. Wermager, Esq. |
| 1313 N. Market Street | David Killough, Esq. |
| Wilmington, DE 19899-0951 | Vinson & Elkins LLP |
| | 2801 Via Fortuna, Suite 100 |
| | Austin, TX 78746-7568 |
| **VIA HAND** | **VIA FEDERAL EXPRESS** |
| Philip A. Rovner, Esq. | James G. Gilliland, Jr., Esq. |
| Potter Anderson & Corroon LLP | Gregory S. Gilchrist, Esq. |
| Hercules Plaza, 6th Floor | April E. Abele, Esq. |
| 1313 N. Market Street | Robert G. Litts, Esq. |
| Wilmington, DE 19899-0951 | Townsend and Townsend and Crew LLP |
| | Two Embarcadero Center, 8th Floor |
| | San Francisco, CA 94111 |
| **VIA HAND** | **VIA FEDERAL EXPRESS** |
| Thomas P. Preston, Esq. | Ronald J. Schutz, Esq. |
| Blank Rome LLP | Diane L. Simerson, Esq. |
| 1201 Market Street, Suite 800 | Andrea L. Gothing, Esq. |
| Wilmington, DE 19801 | Nicole N. Morris, Esq. |
| | Robins, Kaplan, Miller & Ciresi LLP |
| | 2800 LaSalle Plaza |
| | Minneapolis, MN 55402-2015 |

Cathy L. Reese (#2838)