IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INTERNET MEDIA CORPORATION,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>DELL, INC., OFFICE DEPOT, INC., J.C. PENNEY COMPANY, INC., WILLIAMS-SONOMA, INC., J. CREW GROUP, INC.<br><br>　　　　　　Defendants. | Civil Action No. 05-633 (KAJ) |

COMPENDIUM TO DEFENDANT OFFICE DEPOT,
INC.'S MEMORANDUM OF LAW IN OPPOSITION TO
PLAINTIFF INTERNET MEDIA CORPORATION'S MOTION
FOR LEAVE TO AMEND ITS COMPLAINT TO ADD
A CHARGE OF WILLFUL INFRINGEMENT

Cathy L. Reese (#2838)
Titania R. Mack (#4120)
GREENBERG TRAURIG, LLP
The Nemours Building, 12th Floor
1007 North Orange Street
Wilmington DE 19801
(302) 661-7000

and

Michael A. Nicodema (*pro hac vice*)
GREENBERG TRAURIG, LLP
200 Park Avenue
Florham Park, NJ 07932-0677
(973) 360-7932

Dated: March 15, 2006

## INDEX

Emory Univ. v. Glaxo Wellcome Inc., 1997 WL 854942,
    45 U.S.P.Q.2d 1534 (N.D. Ga. 1997) .................................................................................. A

Westlaw.

45 U.S.P.Q.2d 1534
Not Reported in F.Supp., 1997 WL 854942 (N.D.Ga.), 45 U.S.P.Q.2d 1534
(Cite as: 45 U.S.P.Q.2d 1534)

Page 1

▷

Emory University
v.
Glaxo Wellcome Inc.

U.S. District Court Northern District of Georgia

No. 1:96-cv-1868-GET

Decided December 16, 1997
United States Patents Quarterly Headnotes

PATENTS
[1] Infringement -- Willful (Section 120.16)

JUDICIAL PRACTICE AND PROCEDURE
Procedure -- Pleadings (Section 410.26)
Patent infringement plaintiff's motion for leave to amend complaint to add claims for willful infringement, treble damages, and attorneys' fees is denied, since in order to bring claim for willful infringement, plaintiff must prove that patent existed and that defendant had knowledge of it, since plaintiff has not shown that defendant engaged in egregious conduct that would justify deviation from foregoing rule, since there is evidence that, at time of conduct complained of by plaintiff, all claims of patent in suit had been preliminarily rejected by patent examiner, and since authority cited by plaintiff does not support its contention that defendant's pre-issuance knowledge was sufficient to support claim for willful infringement.

JUDICIAL PRACTICE AND PROCEDURE
Particular patents -- Chemical -- Synthesis of BCH-189
5,539,116, Liotta and Choi, method and compositions for synthesis of BCH-189 and related compounds, motion to add claim for willful infringement denied.

*1534 Action by Emory University against Glaxo Wellcome Inc. and Biochem Pharma Inc. for patent infringement, in which defendants counterclaim against plaintiff and Raymond F. Schinazi. On plaintiff's motion to amend complaint to add claims for willful infringement, treble damages, and attorneys' fees. Denied.

Ronald Louis Reid and Robb E. Hellwig, of Alston & Bird, Atlanta, Ga.; Alexander Stephens Clay IV, Thomas C. Harney and Jeffrey J. Toney, of Kilpatrick Stockton, Atlanta; Robert L. Baechtold, Scott K. Reed, Steven C. Kline, Matthew J. Golden, Leisa M. Smith, Lee B. Shelton, and Gregory B. Sephton, of Fitzpatrick, Cella, Harper & Scinto, New York, N.Y., for plaintiff.

Julius Rodgers Lunsford III and Elizabeth G. Lowry, of Smith, Gambrell & Russell, Atlanta; Jesse D. Reingold, Daniel A. Ladow, Gerard Diebner, Albert L. Jacobs, Brad S. Needleman, and Desiree M. Stahl, of Graham & James, New York; Mark E. Richards III and Susan S. Dunn, of Glaxo Wellcome Inc., Research Triangle Park, N.C., for defendant Glaxo Wellcome Inc.

James Joseph Thomas II and David Lewis Balser, of Long, Aldridge & Norman, Atlanta; Russell E. Levine, Peter J. Armenio, Mark A. Pals, Robert G. Krupka, Christian Taylor, Sandra A. Bresnick, Pamela A. Huelster, and Tobias D. Chun, of Kirkland & Ellis, Chicago, Ill.; William J. McCabe and James F. Haley, of Fish & Neave, New York; Morton Phillip Levine, of Levine & Block, Atlanta; for remaining defendants.

Marlan Bradley Wilbanks, of Harmon, Smith, Bridges & Wilbanks, Atlanta, for counter-defendant Raymond F. Schinazi.

Tidwell, J.

The above-styled matter is presently before the court on plaintiff Emory University's ("Emory") motion for leave to amend and supplement the complaint [docket no. 184-1].

Plaintiff moves this court for leave to amend its complaint to add an allegation *1535 that defendant Glaxo Wellcome Inc. ("Glaxo") committed willful infringement, and further, that Emory is entitled to treble damages and attorneys' fees.

*Background*
On July 23, 1996, Emory's patent 5,539,116 ("the '116 patent") issued from the U.S. Patent Office, and on that same day, plaintiff filed a complaint against defendants alleging patent infringement. Emory states that at the time the complaint was filed, Emory

COPR. © 2006 The Bureau of National Affairs, Inc.

45 U.S.P.Q.2d 1534
Not Reported in F.Supp., 1997 WL 854942 (N.D.Ga.), 45 U.S.P.Q.2d 1534
(Cite as: 45 U.S.P.Q.2d 1534)

Page 2

did not have sufficient information to demonstrate willful infringement; that is, that Glaxo had adequate knowledge prior to the issuance of Emory's '116 patent to put it on notice that Emory would obtain a patent, and that Glaxo's production and marketing of 3TC would constitute infringement.

Emory claims that it has recently obtained information that Glaxo willfully infringed Emory's '116 patent. First, according to Emory, Burroughs Wellcome was aware as early as December 1994 of Emory's pending patent application, and performed an assessment of Emory's patent rights to the compound 3TC. Emory also points to recently produced documents dated November 15, 1994 in which Burroughs Wellcome provided Glaxo Inc. with a copy of Emory's allowed 3TC patent claims for a foreign counterpart to Emory's '116 patent, and further advised Glaxo Inc. that equivalent claims were expected to issue in the United States. Finally, Emory contends that the documents reveal that Burroughs Wellcome offered to give Glaxo Inc. access to Emory's United States application file wrapper to "permit counsel to advise Glaxo of the scope and validity of the claims."

Based on this recently obtained information, Emory asks leave from this court to amend its complaint to add a claim for willful infringement, as well as treble damages and attorneys' fees.

*Discussion*

Federal Rule 15(a) allows amendments to be made by leave of court "when justice requires." Fed. R. Civ. P. 15(a). The decision whether to grant a party's request for leave to amend is within the trial court's discretion. National Service Industries, Inc. v. Vafla Corp., 694 F.2d 246, 249 (11th Cir. 1982). In making these determinations, the court should consider whether there has been undue delay in filing, bad faith or dilatory motive, prejudice to the opposing parties, as well as the futility of the amendment. Local 472, Etc. v. Georgia Power Co., 684 F.2d 721 (11th Cir. 1982).

In support of its motion, Emory contends that while the decision to allow an amended supplemental complaint is within the discretion of the trial court, "unless there is a substantial reason to deny leave to amend, the discretion of the trial court is not broad enough to permit denial." Espey v. Wainwright, 734 F.2d 746, 750 (11th Cir. 1984).

Emory also claims its proposed amendment is not futile. Emory first contends that the filing of an infringement suit on the date the patent is issued does not preclude a finding of willful infringement where the infringer, in this case Glaxo, had advance notice that the patent would issue. National Presto Indus., Inc. v. West Bend Co., 76 F.3d 1185, 1193 [ 37 USPQ2d 1685 ] (Fed. Cir. 1996).

Additionally, Emory states that Glaxo's pre-issuance knowledge of Emory's patent rights created an affirmative duty to seek and obtain legal advice, Underwater Devices Inc. v. Morrison-Knudsen Co., 717 F.2d 1380, 1389-90 [ 219 USPQ 589 ] (Fed. Cir. 1983), and that Glaxo's failure to allow discovery of the legal advice it receives allows the trier of fact to draw the inference that the advice was unfavorable. Koster Speedsteel AB v. Crucible Inc., 793 F.2d 1565, 1580 [ 230 USPQ 81 ] (Fed. Cir. 1986), cert. denied, 479 U.S. 1034 (1987).

Finally, Emory states that Glaxo has admitted in its summary judgment motion papers that there is no issue that the Epivir 3TC products infringe the claims of Emory's '116 patent. For these reasons, Emory contends it is entitled to amend its complaint to add a claim for willful infringement, as well as to seek treble damages and recover any legal fees. 35 U.S.C. Sections 284, 285.

In response, Glaxo contends that Emory's motion for leave to amend should be denied because the proposed amendment is futile, and because it was made after undue delay and would cause prejudice to Glaxo. First, Glaxo contends that Emory's motion to amend is futile. Glaxo cites authority indicating that in order to willfully infringe a patent, the patent must exist and one must have knowledge of it. State Industries, Inc. v. A.O. Smith Corp., 751 F.2d 1226, 1236 [ 224 USPQ 413 ] (Fed. Cir. 1985). According to Glaxo, at the time the willful infringement allegedly occurred, Emory's '116 patent did not exist, and in fact, Emory's application had been rejected by the Patent Examiner.

Additionally, Glaxo contends that the legal authority cited by Emory is insufficient *1536 to support Emory's claim that Glaxo's pre-issuance knowledge was enough to support a claim of willful infringement. Glaxo claims that in the case cited by Emory, National Presto Industries v. West Bend Co., 76 F.3d 1185 [ 37 USPQ2d 1685 ] (Fed. Cir. 1996), prior to being sued by the patentee, the defendant had notice that the Patent Office had issued a notice of allowance. According to Glaxo, this case is a narrow exception to the rule that an alleged infringer must have knowledge that an existing patent has been

COPR. © 2006 The Bureau of National Affairs, Inc.

45 U.S.P.Q.2d 1534                                                                                                                Page 3
Not Reported in F.Supp., 1997 WL 854942 (N.D.Ga.), 45 U.S.P.Q.2d 1534
**(Cite as: 45 U.S.P.Q.2d 1534)**

issued, and is not consistent with the facts in this case.

Second, Glaxo categorically denies Emory's claim that this information was "recently" discovered. Glaxo claims that as early as November 1994, Emory was fully aware that Burroughs Wellcome had a copy of Emory's patent application. According to Glaxo, Emory gave Burroughs Wellcome a copy of its patent application in connection with a potential, but never finalized, licensing agreement. Further, Glaxo maintains that Emory knew in December 1994 that Burroughs Wellcome intended to communicate this information to Glaxo Inc. because Burroughs Wellcome was negotiating on behalf of Emory with Glaxo Inc. Glaxo states that the court should deny Emory's motion as too late because Emory knew, almost three years ago, that Burroughs Wellcome had information relating to its '116 patent.

In its reply brief, Emory restates its contention that its proposed amendment is not futile, and that its motion was not brought too late. With regard to futility, Emory states that while willfulness is usually based on conduct that occurs after a patent is issued, pre-patent conduct may also be used to support a finding of willfulness. Minnesota Min. & Mfg. v. Johnson & Johnson, 976 F.2d 1559, 1581-82 [ 24 USPQ2d 1321 ] (Fed. Cir. 1992). Emory further states that Glaxo is confusing the concept of liability, which could not arise before Emory's patent issued, with actions demonstrating willfulness, which is often based on actions occurring before the patent issued. Milgo Elec. v. United Bus. Communication, 623 F.2d 645, 665-66 [ 206 USPQ 481 ] (10th Cir. 1980).

Emory concludes that Burroughs Wellcome's pre-patent conduct is sufficient justification for this court to grant Emory leave to amend.

With regard to undue delay, Emory maintains that it did not have full knowledge of the facts supporting this motion because Glaxo withheld certain documents from Emory for over a year after this litigation was initiated. Specifically, Emory claims that Glaxo withheld documents evidencing that Burroughs Wellcome favorably assessed Emory U.S. patent rights in the 3TC compound, and that when offered, Glaxo Inc. declined to review documents outlining Emory's patent rights.

[1] After reviewing the facts, as well as the authority cited by the parties, the court finds insufficient justification exits to allow Emory leave to amend its complaint to add a claim for willful infringement, including treble damages and attorney's fees. In order to bring a claim for willful infringement, Emory must prove that the patent exists and the alleged infringer had knowledge of it. State Industries, Inc. v. A.O. Smith Corp., 751 F.2d 1226, 1236 [ 224 USPQ 418 ] (Fed. Cir. 1985); Conopco, Inc. v. May Dept. Stores Co., 46 F.3d 1556, 1562-63 [ 32 USPQ2d 1225 ] (Fed. Cir. 1994), reh'g denied, in banc suggestion denied, cert. denied, 514 U.S. 1078 (1995), citing State Industries, 751 F.2d at 1336. According to the Federal Circuit, " [f]iling an application is no guarantee any patent will issue and a very substantial percentage of applications never result in patent." 46 F.3d at 1562.

The court finds further that Milgo, the case cited by Emory to support is contention that pre-patent conduct may be considered in determining willfulness, may be distinguished both from this case and from the prevailing case law. The court in State Industries, Inc. distinguished Milgo, by explaining that Milgo involved an elaborate and detailed copying scheme whereby a corps of engineers worked in secrecy for two years attempting to obtain the secret of Milgo's invention. 751 F.2d at 1238 (citing 623 F.2d at 652). Emory has failed to demonstrate that the egregious conduct demonstrated by the defendants in Milgo exits here, or justifies deviating from the general rule that in order to prove willfulness, the patentee must prove that the patent exits and that the alleged infringer has knowledge of it.

Finally, the courts finds that there is evidence that in December 1994 Emory's '116 patent did not exits. Documents from the U.S. Department of Commerce, Patent and Trademark Office indicate that in December 1994, all of Emory's claims had been preliminarily rejected by the Patent Examiner. Indeed, it was not until almost a year and a half later, in May 1996, that the patent claims were allowed, and the patent itself did not issue until July 23, 1996. The authority cited by Emory does not support its contention that Glaxo's pre-issuance knowledge was sufficient to support a claim of willful infringement, and thus the court finds *1537 Emory's proposed amendment would be futile under Fed. R. Civ. P. 15(a).

Accordingly, Emory's motion for leave to amend [docket no. 184-1] is DENIED.

*Summary*
Emory's motion for leave to amend [docket no. 184-

COPR. © 2006 The Bureau of National Affairs, Inc.

45 U.S.P.Q.2d 1534  
Not Reported in F.Supp., 1997 WL 854942 (N.D.Ga.), 45 U.S.P.Q.2d 1534  
**(Cite as: 45 U.S.P.Q.2d 1534)**

Page 4

1] is DEINED.

 SO ORDERED.

N.D.Ga.

45 U.S.P.Q.2d 1534

END OF DOCUMENT

COPR. © 2006 The Bureau of National Affairs, Inc.