## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| INTERNET MEDIA CORPORATION, | ) | **(Oral Argument Requested)** |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 05-633-KAJ |
| | ) | |
| DELL, INC., OFFICE DEPOT, INC., | ) | |
| J.C. PENNEY COMPANY, INC., | ) | |
| WILLIAMS-SONOMA, INC., J. CREW | ) | |
| GROUP, INC. | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION FOR LEAVE TO AMEND ITS COMPLAINT

*Of Counsel:*

Ronald J. Schutz
Diane L. Simerson
Michael A. Collyard
Andrea L. Gothing
Busola A. Akinwale
ROBINS, KAPLAN, MILLER &
CIRESI L.L.P.
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
(612) 349-8500

Dated: March 22, 2006

Thomas Preston, Esquire
I.D. No. 2548
BLANK ROME LLP
1201 Market Street, Suite 800
Wilmington, DE 19801
Ph: (302) 425-6478
Fax: (302) 425-6464

*Attorneys for Plaintiff*
*Internet Media Corporation*

# TABLE OF CONTENTS

INTRODUCTION ....................................................................................................1

ARGUMENT ........................................................................................................1

    I.    Internet Media's willful infringement claim is proper even
if defendants had no knowledge of the '835 patent before
this suit was filed. ........................................................................1

    II.   Defendants' cited authority is irrelevant to what is at issue here. ............3

    III.  Internet Media's motion to amend is not futile, it will not prejudice
Defendants and it was brought with utmost good faith. ..........................5

        1.  Internet Media's willfulness claims are not futile...............................5

        2.  Defendants will not be prejudiced by Internet Media's amendment. .............6

        3.  Internet Media's motion was brought in good faith...........................7

CONCLUSION .....................................................................................................7

i

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Alvin v. Suzuki,*
227 F.3d 107 (3rd Cir. 2000) ..................................................................................5

*America Original Corp. v. Jenkins Food Corp.,*
774 F.2d 459 (Fed. Cir. 1985)...............................................................................4

*Gustafson, Inc. v. Intersystems Industrial Products, Inc.,*
897 F.2d 508 (Fed. Cir. 1990)................................................................................4

*Knorr-Bremse Systeme Fuer Nutzfahrzeuge GmbH v. Dana Corp.,*
383 F.3d 1337 (Fed. Cir. 2004)..............................................................................6

*Minn. Mining & Manufacturing v. Johnson & Johnson,*
976 F.2d 1559 (Fed. Cir. 1992).............................................................................5

*Multi-Tech Systems, Inc. v. Dialpad.com, Inc.,*
2001 U.S. Dist. LEXIS 23575 (D. Minn. Aug. 28, 2001) ..............................2, 5

*National Presto Industrial, Inc. v. West Bend Co.,*
76 F.3d 1185 (Fed. Cir. 1996)...............................................................................1

*Ralston Purina Co. v. Far-Maritime Co., Inc.,*
772 F.2d 1570 (Fed. Cir. 1985)............................................................................2

*State Industrial, Inc. v. A.O. Smith Corp.,*
751 F.2d 1226 (Fed. Cir. 1985)............................................................................4

*Underwater Devices, Inc. v. Morrison-Knudsen Co.,*
717 F.2d 1380 .........................................................................................................2

## STATE CASES

*Emory University v. Glaxo Wellcome Inc.,*
1997 WL 854942 (N.D. Ga. Dec. 16, 1997).......................................................5

## DOCKETED CASES

*Smithkline Beecham Corp. and Beecham Group v. Apotex Corp.,*
2000 U.S. Dist. LEXIS 10419 (N.D. Ill. July 13, 2000).....................................6

MP3 20173063.1
000351.00601/40160815v.1

**FEDERAL STATUTES**

Federal Rule of Civil Procedure 12(b)(6) ..................................................................5, 6

35 U.S.C. § 287(a) ..................................................................................................2

MP3 20173063.1
000351.00601/40160815v.1

## INTRODUCTION

Internet Media's motion for leave to amend to add a claim for willful infringement is proper because defendants have had notice of Internet Media's '835 patent for nearly six months now. Despite this knowledge, defendants have admittedly continued the very business practices Internet Media claims to be infringing. Defendants' theory that they didn't know about the patent until suit was filed is not a defense to willful infringement. Rather, the Federal Circuit has found willful infringement in cases where defendants had no knowledge of the issued patent before suit was filed. Accordingly, courts permit plaintiffs to amend their complaints to bring claims for willful infringement under these circumstances. Therefore, even if defendants didn't have knowledge of the '835 patent before this suit was filed, their continued conduct makes Internet Media's amendment entirely appropriate and necessary in this instance. Internet Media's motion was brought in good faith. And allowing the amendment now will give defendants the time they need to prepare a defense against this valid claim.

## ARGUMENT

### I.    Internet Media's willful infringement claim is proper even if defendants had no knowledge of the '835 patent before this suit was filed.

Defendants base their argument on the theory that Internet Media cannot claim willful infringement because defendants did not learn about the '835 patent until this suit was filed. That is not the law. Rather, the Federal Circuit has held that, under the totality of the circumstances, infringement may be willful even if the defendant had no notice of the issued patent before suit was filed. *Nat'l Presto Indus., Inc. v. West Bend Co.*, 76 F.3d 1185, 1193 (Fed. Cir. 1996). In *National Presto*, the plaintiff filed suit on the same day the patent issued. *Id.* The Federal Circuit upheld the jury's determination that the defendant willfully infringed the patent

when, among other things, the defendant continued selling infringing devices after the suit was filed. *See id.* (specifically noting the defendant's continued conduct after the suit was filed).

Moreover, federal district courts have explicitly permitted plaintiffs to amend their complaints to add willfulness claims based on conduct occurring after suit was filed, and when defendants had no knowledge of the patent until the suit was actually brought. For example, in *Multi-Tech Systems., Inc. v. Dialpad.com, Inc.*, the United States District Court for the District of Minnesota granted plaintiff's motion to amend to add a claim for willful infringement under the same facts at hand: the plaintiff there sought to amend its complaint when, despite defendant's knowledge of the plaintiff's infringement contentions, which began the day the action was filed, the defendant continued to offer allegedly infringing products. *Multi-Tech Systems, Inc. v. Dialpad.com, Inc.*, 2001 U.S. Dist. LEXIS 23575, at * 3-4 (D. Minn. Aug. 28, 2001). Similar to the plaintiff in *Multi-Tech*, it is entirely proper for Internet Media to amend its Complaint to add a claim for willful infringement based on defendants' post filing activities after defendants had knowledge of the '835 patent.

Defendants' confusion appears to stem from the established law that requires actual notice of another's patent rights to recover damages for willful infringement. *See e.g., Underwater Devices,Inc. v. Morrison-Knudsen Co.*, 717 F.2d 1380, 1389-90. (Fed. Cir. 1983). A basic ingredient of this law is that filing suit constitutes actual notice of the patent. *See* 35 U.S.C. § 287(a). There is no rule—as defendants incorrectly suggest—that an infringer "must be allowed a certain amount of time to 'develop' willfulness." *See Ralston Purina Co. v. Far-Mar Co., Inc.* 772 F.2d 1570 (Fed. Cir. 1985). Rather, once the infringer has actual notice of another's patent rights, he has an affirmative duty to exercise due care to determine whether or not he is infringing." *Underwater Devices Inc.*, 717 F.2d at 1389. As a result, defendants were

2

given actual notice of the '835 patent at least as early as the filing date of this suit. Their duty to exercise due care triggered at that point. Because defendants chose to continue their allegedly infringing business practices after suit was filed, it is proper for Internet Media to claim willful infringement. Defendants can challenge this claim at trial by attempting to show they met their duty of due care.

Defendants' argument that there is a *per se* rule precluding a claim of willful infringement in this instance would essentially eviscerate the established law on affirmative duty. Additionally, defendants' argument is illogical because a simple way around their rule would be to file suit immediately after sending a cease a desist letter to a defendant. This form-over-substance type behavior would be nonsensical. Accordingly, Internet Media's motion to amend should be granted based solely on defendants' post filing activities—irrespective of whether defendants knew about the '835 patent before this suit was filed.

## II.    Defendants' cited authority is irrelevant to what is at issue here.

None of defendants' cases deal with the simple issue at hand: whether a plaintiff can amend its complaint to add a claim for willful infringement based on defendants' post filing activities. Nor do they require that Internet Media must first prove defendants had knowledge of the '835 patent before suit was filed in order to add a claim for willful infringement. Instead, defendants' cases merely involve actual determinations of whether the plaintiff in those cases proved willful infringement based on the merits. As discussed below, these cases are all easily distinguished from the issue at hand. Moreover, they further support Internet Media' position that it should be allowed to bring its willful infringement claims and have them tested on the merits at trial.

MP3 20173063.1
000351.00601/40160815v.1

For example, the *State Industries* court based its finding of no willfulness on the fact that the patent at issue didn't even exist during the particular time period for which the plaintiff was claiming willful infringement. *See State Indus., Inc. v. A.O. Smith Corp.*, 751 F.2d 1226, 1236 (Fed. Cir. 1985). That is much different from the case at hand. First, Internet Media is currently claiming willful infringement only for activities that occurred after suit was brought. It is not claiming willful infringement for a time period where the patent didn't exist. Second, *State Industries* involved the jury's actual finding of willful infringement after a full trial. Here, the only question is whether Internet Media has a colorable basis to add a claim of willful infringement that defendants can attempt to challenge at trial.

In *Gustufson*—where the trial court actually permitted the plaintiff to amend its complaint to include a willful infringement claim on a patent that did not exist at the time the initial complaint was filed—the Federal Circuit found no willful infringement based on the merits of the full trial record. *See Gustafson, Inc. v. Intersystems Indus. Prods., Inc.*, 897 F.2d 508, 509, 511 (Fed. Cir. 1990). The court reasoned that the defendant could not be liable for willful infringement for products manufactured and sold before the patent issued and the trial record as a whole did not establish that the defendant knowingly disregarded the plaintiff's patent rights. *Id.* at 510-11. Once again, that case is much different because Internet Media is not seeking damages for defendants' conduct before its patent issued.

Finally, in *American Original*, the plaintiff's willfulness claim was once again decided on the merits. In addition, the plaintiff's claim was based on allegations of direct copying before the patent issued, not on the type of post filing activity that is at issue here. *See Am. Original Corp. v. Jenkins Food Corp.*, 774 F.2d 459, 465 (Fed. Cir. 1985).

4

### III.   Internet Media's motion to amend is not futile, it will not prejudice defendants and it was brought with utmost good faith.

#### 1.   Internet Media's willfulness claims are not futile.

While defendants contend that Internet Media's willfulness claims are futile, they provide no analysis of futility under the proper standard, i.e., whether the amended complaint would survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).  *E.g., Alvin v. Suzuki*, 227 F.3d 107, 121 (3rd Cir. 2000).  Instead, defendants merely argue willfulness on the merits and attempt to draw a parallel between this case and *Emory University v. Glaxo Wellcome Inc.*, 1997 WL 854942 (N.D. Ga. Dec. 16, 1997).  In *Emory*, the plaintiff sought to amend its complaint to add a claim for willfulness for activities that occurred during a time period when the patent had not even issued.[1]  *Id.* at 9-10.  That is much different than the facts here.  Internet Media's claims are based on defendants' activities which occurred after the patent issued and during the time frame when the defendants knew about the patent.

Moreover, federal district courts have rejected defendants' attempts to argue willfulness on the merits to defeat a motion for leave to amend.  The *Multi-Tech* case is directly on point.  *See* 2001 U.S. Dist. LEXIS 23575.  There, the defendant claimed that it simply continued innocent conduct while exercising its right to have its case heard.  *Id.* at *8.  In granting the plaintiff's motion to amend to add a claim for willful infringement based on post filing activities, the court explained: "[w]hile, in the end, such an assertion may prove to be true, [the defendant's] argument is directed more at the substance of the willfulness claim, and such an inquiry is not appropriate under the Motion to Dismiss standard, which governs our futility analysis."  *Id.*  Similar to the *Multi-Tech* defendants, the defendants' arguments here are directed

---

[1] Contrary to defendants' assertions, the Federal Circuit has found willful infringement even under these circumstances. *See, e.g., Minn. Mining & Mfg. v. Johnson & Johnson*, 976 F.2d 1559, 1581-82 (Fed. Cir. 1992).

to the substance of Internet Media's willfulness claim.  Those arguments are not ripe for consideration and are irrelevant to this motion.

### 2.    Defendants will not be prejudiced by Internet Media's amendment.

Defendants have no basis to claim that they will be prejudiced by Internet Media's amendment to add a claim for willful infringement.  Defendants merely suggest that if Internet Media's amendment is granted, they "will be faced with the dilemma of deciding whether to waive the attorney client privilege and work product immunity to rebut [Internet Media's] charge of willfulness." (Def.'s Mem. at 10.)  Defendants' purported dilemma will have no prejudicial effect on them.  Indeed, "[p]ermitting [the plaintiff] to amend its complaint to assert a willfulness claim does not force Defendants to choose between asserting their attorney-client privilege and defending this count [because any] prejudice to Defendants, if there truly is any, may be avoided by moving for bifurcation of the issues for trial under Federal Rule of Civil Procedure 42, or by moving for an in camera inspection." *SmithKline Beecham Corp. v. Apotex Corp.*, 2000 U.S. Dist. LEXIS 10419, at *13-14 (N.D. Ill. July 13, 2000) (allowing plaintiff, after discovery closed, to amend its complaint to include a charge of willful infringement).  Additionally, defendants' contention of prejudice makes no sense because it would provide every defendant with an absolute defense to willful infringement.

Moreover, as an *en banc* panel of the Federal Circuit recently made clear, an adverse inference instruction to a jury is no longer warranted when an alleged infringer fails to produce an opinion of counsel.  *Knorr-Bremse Systeme Fuer Nutzfahrzeuge GmbH v. Dana Corp.*, 383 F.3d 1337 (Fed. Cir. 2004) (*en banc*).  Accordingly, the defendants will not face any "dilemma," let alone prejudice, if Internet Media's motion is granted.

### 3.    Internet Media's motion was brought in good faith.

Internet Media did not bring a willfulness claim in its original complaint because it had no reason to believe the defendants knew about the patent before that time. But now there is no question that defendants have continued their activities with complete knowledge of the '835 patent. These activities are enough to prevail on this motion.

Importantly, this is the only basis for Internet Media's willfulness claim to date because defendants have provided no discovery on this issue. Indeed, as the defendants acknowledge in their brief, they have refused to provide Internet Media with any information relating to whether they obtained opinions of counsel. If, however, Internet Media learns that defendants actually knew about the '835 patent before suit was filed, Internet Media will seek willful infringement damages for the relevant time period.

### CONCLUSION

Because defendants have continued their allegedly infringing business practices with full knowledge of the '835 patent, Internet Media's motion for leave to amend to add a claim for willful infringement is entirely appropriate. Defendants have provided no basis to conclude otherwise. Accordingly, Internet Media respectfully requests that this motion be granted.

7

## REQUEST FOR ORAL ARGUMENT

Internet Media respectfully requests oral argument should the court deem it appropriate.

*Of Counsel:*

Ronald J. Schutz
Diane L. Simerson
Michael A. Collyard
Andrea L. Gothing
Busola A. Akinwale
ROBINS, KAPLAN, MILLER &
CIRESI L.L.P.
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
(612) 349-8500

Dated:  March 22, 2006

BLANK ROME LLP

Thomas P. Preston, Esquire
I.D. No. 2548
1201 Market Street, Suite 800
Wilmington, DE 19801
Ph:  (302) 425-6478
Fax:  (302) 425-6464

*Attorneys for Plaintiff
Internet Media Corporation*

8

## CERTIFICATE OF SERVICE

I, Thomas P. Preston, hereby certify that on the 22nd day of March, 2006, I served

**PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION FOR LEAVE**

**TO AMEND ITS COMPLAINT** upon the following counsel:

**BY HAND**

Richard L. Horwitz, Esquire
David E. Moore, Esquire
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19899-0951

**BY FEDERAL EXPRESS**

Willem G. Schuurman, Esquire
David B. Weaver, Esquire
Kristen P. Foster, Esquire
Matthew S. Wermager, Esquire
David Killough, Esquire
Vinson & Elkins L.L.P.
2801 Via Fortuna, Suite 100
Austin, TX 78746-7568

**BY HAND**

Cathy L. Reese, Esquire
Titania R. Mack, Esquire
Michael Nicodema, Esquire
Ben Zuckerman, Esquire
Greenberg Traurig, LLP
The NeMours Building
1007 N. Orange Street, Suite 1200
Wilmington, DE 19801

**BY FEDERAL EXPRESS**

Gaston Kroub, Esquire
Greenberg Traurig LLP
Metlife Building
200 Park Avenue
New York, NY 10166

**BY HAND**

Philip A. Rovner, Esquire
Potter Anderson & Corroon LLP
Hercules Plaza, 6th Floor
1313 North Market Street
Wilmington, DE 19801

**BY FEDERAL EXPRESS**

James G. Gilliland, Jr., Esquire
Gregory S. Gilchrist, Esquire
April E. Abele, Esquire
Townsend and Townsend and Crew LLP
Two Embarcadero Center, 8th Floor
San Francisco, CA 94111

**BY FIRST-CLASS MAIL**

Kayla Carter Owens, Esquire
J. C. Penney Corp., Inc.
Plano, Texas 75075


*/s/ Thomas P. Preston*
_____
Thomas P. Preston
I.D. No. 2548