

*Phone:*     *(302) 425-6478*
*Fax:*       *(302) 425-6464*
*Email:*     *preston-t@blankrome.com*

April 4, 2006

**BY ELECTRONIC FILING**

The Honorable Kent A. Jordan
U.S. District for the District of Delaware
844 North King Street, Room 4209
Lock Box 18
Wilmington, DE 19801

    Re:   **Internet Media Corp. v. Dell, Inc., et al., C.A. No. 05-633-KAJ**

Dear Judge Jordan:

On behalf of Plaintiff Internet Media Corporation ("Internet Media"), this is our Summary Letter to outline the discovery issues to be addressed at the teleconference scheduled for Tuesday, April 11, 2006, at 2:00 p.m. (EST). Internet Media has met and conferred with defendants on all of these issues.

1. **Source code production**

    a.  Defendants should produce their source code to Internet Media's technical consultant, Elysium Digital.

Internet Media produced its source code to defendants under the protective order at defendants' request. Defendants, on the other hand, have refused to produce their source code to Internet Media or its technical consultant, Elysium Digital. Instead, defendants insist that source code be reviewed at their respective outside counsels' offices. Defendants should produce their source code to Elysium for three reasons: 1) the protective order permits it; 2) Elysium can guarantee the source code's security by holding it as an escrow agent; and 3) defendants' requirements are too burdensome, they require Internet Media to divulge its privileged mental impressions to defendants and they will inevitably cause more discovery disputes.

First, the protective order permits production of source code to Internet Media and Elysium. It defines source code as "Confidential" information and specifically provides:

> "All...materials containing CONFIDENTIAL INFORMATION shall be maintained at the offices of the parties' OUTSIDE COUNSEL and at...the location of an EXPERT WITNESS OR OUTSIDE CONSULTANT." *See* Exhibit A, ¶¶ 3 and 6(b).

Defendants should produce their source code to Elysium based on these provisions alone.



April 4, 2006
Page 2

Second, to guarantee defendants that their source code will be secure at Elysium, Internet Media went beyond what is required in the protective order and offered to have Elysium act as a traditional source code escrow agent while holding defendants' code. As Internet Media explained to defendants, Elysium has acted as an escrow agent in Delaware cases before and has even held code for the world's largest software developer and largest online retailer.

Internet Media also provided defendants with certain security measures that Elysium has in place to store code. Some of these restrictions include storing the code in locked safes, requiring it to be reviewed on a secure network that is not connected to the Internet, restricting internal access to the code's storage room, and having security guards monitor the facility—24 hours a day, 7 days a week. In addition, Internet Media offered to provide some of the defendants with a complete list of Elysium's security measures if they signed a non disclosure agreement—as part of its escrow agent duties, Elysium must keep these restrictions confidential—but they declined. Internet Media also offered to discuss further restrictions at Elysium, but defendants offered none.

Defendants provided no real explanation for their refusal to produce code to Elysium as an escrow agent. Office Depot's only explanation was that it has a policy not to store source code with third parties. The only explanation Williams-Sonoma, J.C. Penney and J.Crew gave was that their source code is confidential.[1] Dell gave no explanation at all.

Finally, defendants have offered no practical or workable alternative. Defendants only agreed to make their source code available for review at their outside counsels' offices. Not only is this contrary to what the defendants negotiated in the protective order, it will be extremely costly and burdensome to Internet Media. Indeed, its attorneys and technical consultants will need to travel—across the country in some instances—every time they want to review defendants' code.[2]

Defendants' alternative also requires Internet Media to disclose its privileged mental impressions to them. For example, under defendants' proposal, defendants must first review and approve any code that Internet Media wants to print and take with it. Not only is it improper to require Internet Media to divulge such information, this procedure will inevitably result in more discovery disputes before the court because Internet Media will be forced to bring a motion to compel every time defendants refuse to allow Internet Media to take code with it.

    2.    **Office Depot should supplement its responses to Interrogatories 4-7 to provide detailed information.**

---

[1] J.Crew has no reasonable basis to even claim its source code is confidential. J.Crew stored its source code with a third party but didn't even know where the code was until just last week.
[2] Office Depot agreed to produce its code for review at its outside counsel's Boston office, which is near Elysium's Cambridge, Massachusetts office.



April 4, 2006
Page 3

Interrogatory No. 4 asked Office Depot to explain the conception, design and implementation of its Coupon Codes and the feature of its website that permits an Internet user to enter an Item # or Coupon Code in entry boxes on its site. *See* Exhibit B. Office Depot refused to provide any information relating to conception, design or implementation. Instead, it told Internet Media to "figure it out" from Office Depot's source code.

Interrogatory No. 5 asked Office Depot to explain the computer processing performed by its computers after an Internet User enters an Item # or Coupon Code in an entry box on its website. *See id.* Office Depot refused to explain this information. Instead, it told Internet Media that it stood by its objections and would provide no further response.

Interrogatory No. 6 asked Office Depot to explain the computer processing for a precise order no. that was placed on August 4, 2005. *See id.* Similar to its response to Interrogatory No. 5, Office Depot refused to do so and wouldn't discuss its response any further.

Interrogatory No. 7 asked Office Depot to describe how its computers generate certain identified URLs. Once again, Office Depot refused to provide this information and wouldn't discuss its response any further.

These interrogatories support Internet Media's infringement claims. Office Depot should withdraw its improper objections and supplement its responses to provide the requested information.

3. **Williams-Sonoma, J.C. Penney and J.Crew should confirm whether they produced all documents in response to Internet Media's first set of document requests.**

Before this hearing was scheduled, these defendants produced very few documents in response to Internet Media's 58 document requests, served on December 2, 2005. Williams-Sonoma produced only 53 <u>pages</u>, J.C. Penney produced only 145 <u>pages</u> and J.Crew produced only 232 <u>pages</u>. Because these productions were so minimal, Internet Media asked the defendants to confirm that their productions were indeed complete productions—instead of "rolling basis" productions. The defendants refused to answer this simple request, however, and told Internet Media that they will continue to produce documents if they locate them. Internet Media then explained to them that their comments suggested they did not complete their entire production and would later produce large amounts of documents under the guise of supplementation.

Internet Media's concerns became reality last week when Williams-Sonoma produced hundreds of pages of documents that were due several months ago. Accordingly, Internet Media requests that these defendants either: 1) confirm that their productions in response to Internet Media's first document requests are now complete; or 2) immediately produce the remaining documents.



April 4, 2006
Page 4

      We look forward to discussing these matters further with the Court.

                           Respectfully submitted,

                           Thomas P. Preston
                           I.D. 2548

TPP:pfc

cc:    Richard L. Horwitz, Esquire – by e-filing    David Killough, Esquire – by e-mail
        David E. Moore, Esquire – by e-filing      Kayla Carter Owens, Esquire – by e-mail
        Cathy L. Reese, Esquire – by e-filing       April E. Abele, Esquire – by e-mail
        Paul D. Brown, Esquire – by e-filing       David H. Herrington, Esquire – by e-mail
        Philip A. Rovner, Esquire – by e-filing     Gaston Kroub, Esquire – by e-mail