IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INTERNET MEDIA CORPORATION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) C.A. No. 05-633-KAJ |
| DELL, INC., OFFICE DEPOT, INC., | ) |
| J.C. PENNEY COMPANY, INC., | ) |
| WILLIAMS-SONOMA, INC., and | ) |
| J. CREW GROUP, INC., | ) |
| | ) |
| Defendants. | ) |

## DEFENDANT WILLIAMS-SONOMA, INC.'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS TO PLAINTIFF INTERNET MEDIA CORPORATION'S FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT AND DEMAND FOR JURY TRIAL

Defendant Williams-Sonoma, Inc. ("WSI") submits the following answer to the First

Amended Complaint for Patent Infringement and Demand for Jury Trial (the "First Amended

Complaint") of plaintiff Internet Media Corporation ("Internet Media" or "plaintiff"), along with

its defenses, denying infringement of any valid and/or enforceable claim of U.S. Patent

No. 6,049,835 ("the '835 patent"), and counterclaims.

### NATURE OF THE ACTION

1.    No allegations are set forth in paragraph 1, and therefore, a response by WSI is not

necessary. To the extent a response may be deemed necessary, WSI denies the allegations in

paragraph 1.

### PARTIES

2.    WSI admits that plaintiff alleges an action for patent infringement. WSI denies that it

has infringed, either willfully or otherwise, any valid and/or enforceable claim of the '835 patent.

WSI admits that what purports to be a copy of the '835 patent is attached as Exhibit 1 to the First Amended Complaint which, on its face, indicates that the patent is assigned to Internet Media and that the patent is entitled "System for Providing Easy Access to the World Wide Web Utilizing a Published List of Preselected Internet Locations Together with Their Unique Multi-Digit Jump Codes." WSI denies that the '835 patent is directed generally to a system and method for quickly and easily accessing preselected desired addresses or URLs on the Internet. Except as so admitted, WSI is without sufficient information or belief to respond to the remaining allegations set forth in paragraph 2 of the First Amended Complaint, and denies them on that basis.

3.      On information and belief, plaintiff Internet Media Corporation ("Internet Media") is a corporation organized and existing under the laws of Virginia, with its principal place of business at 200 Winchester Street, Warrenton, Virginia 20186.

4.      WSI is without sufficient information or belief as to the truth of the allegations set forth in paragraph 4 of the First Amended Complaint, and denies them on that basis.

5.      WSI is without sufficient information or belief as to the truth of the allegations set forth in paragraph 5 of the First Amended Complaint, and denies them on that basis.

6.      WSI is without sufficient information or belief as to the truth of the allegations set forth in paragraph 6 of the First Amended Complaint, and denies them on that basis.

7.      WSI admits that Williams-Sonoma, Inc. is a California corporation having its principal place of business at 3250 Van Ness Avenue, San Francisco, CA 94109.

8.      WSI is without sufficient information or belief as to the truth of the allegations set forth in paragraph 8 of the First Amended Complaint, and denies them on that basis.

9.    WSI admits it offers products for sale on the World Wide Web. WSI also admits that it provides catalogs and print advertisements that include a plurality of product listings. WSI denies that some or all of the product listings include a code that when entered into a box on a particular Web page, permits a Web user to quickly and easily access preselected desired addresses or URLs on the Web. WSI is without sufficient information or belief as to the truth of the remaining allegations set forth in paragraph 9 of the First Amended Complaint, and denies them on that basis.

### JURISDICTION AND VENUE

10.    WSI admits that the First Amended Complaint by Internet Media is brought under the Patent Laws of the United States and that this Court has subject matter jurisdiction over the claims pursuant to 28 U.S.C. §§ 1331 and 1338(a). Except as so admitted, WSI denies the allegations of paragraph 10 of the First Amended Complaint.

11.    WSI admits that this Court has personal jurisdiction over WSI. WSI also admits it does business in the judicial district or otherwise has sufficient contacts with the state. WSI denies that it has infringed, contributed to the infringement of or induced the infringement of any valid and/or enforceable claim of the '835 patent. WSI denies the remaining allegations, if any, contained in paragraph 11 of the First Amended Complaint to the extent such allegations are directed to WSI. For any allegations contained in paragraph 11 of the First Amended Complaint that are directed toward defendants other than WSI, WSI is without sufficient information or belief as to the truth of the remaining allegations set forth in paragraph 11 of the First Amended Complaint, and denies them on that basis.

12.    WSI admits that venue is proper for WSI. WSI denies the remaining allegations, if any, contained in paragraph 12 of the First Amended Complaint to the extent such allegations are

directed to WSI.  For any allegations contained in paragraph 12 of the First Amended Complaint that are directed toward defendants other than WSI, WSI is without sufficient information or belief as to the truth of the remaining allegations set forth in paragraph 12 of the First Amended Complaint, and denies them on that basis.

## FACTUAL BACKGROUND

13.    WSI admits that the face of the '835 patent indicates that the '835 patent was issued on April 11, 2000 to Internet Media Corporation.  WSI is without sufficient information or belief as to the truth of the remaining allegations set forth in paragraph 13 of the First Amended Complaint, and denies them on that basis.

14.    Denied.

15.    WSI admits that on the face of the '835 patent, Eric F. Gagnon is a named inventor of the '835 patent.  WSI is without sufficient information or belief as to the truth of the remaining allegations set forth in paragraph 15 of the First Amended Complaint, and denies them on that basis.

16.    WSI is without sufficient information or belief as to the truth of the allegations set forth in paragraph 16 of the First Amended Complaint, and denies them on that basis.

## COUNT I
### DELL'S INFRINGEMENT OF U.S. PATENT NO. 6,049,835

17.    The allegations contained in paragraph 17 of the First Amended Complaint are directed toward a defendant other than WSI and WSI is without sufficient information or belief as to the truth of the allegations set forth in paragraph 17 of the First Amended Complaint, and denies them on that basis.

18.    The allegations contained in paragraph 18 of the First Amended Complaint are directed toward a defendant other than WSI and WSI without sufficient information or belief as

to the truth of the allegations set forth in paragraph 18 of the First Amended Complaint, and denies them on that basis.

19.     The allegations contained in paragraph 19 of the First Amended Complaint are directed toward a defendant other than WSI and WSI is without sufficient information or belief as to the truth of the allegations set forth in paragraph 19 of the First Amended Complaint, and denies them on that basis.

20.     The allegations contained in paragraph 20 of the First Amended Complaint are directed toward a defendant other than WSI and WSI is without sufficient information or belief as to the truth of the allegations set forth in paragraph 20 of the First Amended Complaint, and denies them on that basis.

21.     The allegations contained in paragraph 21 of the First Amended Complaint are directed toward a defendant other than WSI and WSI is without sufficient information or belief as to the truth of the allegations set forth in paragraph 21 of the First Amended Complaint, and denies them on that basis.

22.     The allegations contained in paragraph 22 of the First Amended Complaint are directed toward a defendant other than WSI and WSI is without sufficient information or belief as to the truth of the allegations set forth in paragraph 22 of the First Amended Complaint, and denies them on that basis.

23.     The allegations contained in paragraph 23 of the First Amended Complaint are directed toward a defendant other than WSI and WSI is without sufficient information or belief as to the truth of the allegations set forth in paragraph 23 of the First Amended Complaint, and denies them on that basis.

24.     The allegations contained in paragraph 24 of the First Amended Complaint are directed toward a defendant other than WSI and WSI is without sufficient information or belief as to the truth of the allegations set forth in paragraph 24 of the First Amended Complaint, and denies them on that basis.

25.     The allegations contained in paragraph 25 of the First Amended Complaint are directed toward a defendant other than WSI and WSI is without sufficient information or belief as to the truth of the allegations set forth in paragraph 25 of the First Amended Complaint, and denies them on that basis.

26.     The allegations contained in paragraph 26 of the First Amended Complaint are directed toward a defendant other than WSI and WSI is without sufficient information or belief as to the truth of the allegations set forth in paragraph 26 of the First Amended Complaint, and denies them on that basis.

27.     The allegations contained in paragraph 27 of the First Amended Complaint are directed toward a defendant other than WSI and WSI is without sufficient information or belief as to the truth of the allegations set forth in paragraph 27 of the First Amended Complaint, and denies them on that basis.

28.     The allegations contained in paragraph 28 of the First Amended Complaint are directed toward a defendant other than WSI and WSI is without sufficient information or belief as to the truth of the allegations set forth in paragraph 28 of the First Amended Complaint, and denies them on that basis.

29.     The allegations contained in paragraph 29 of the First Amended Complaint are directed toward a defendant other than WSI and WSI is without sufficient information or belief

as to the truth of the allegations set forth in paragraph 29 of the First Amended Complaint, and denies them on that basis.

30.     The allegations contained in paragraph 30 of the First Amended Complaint are directed toward a defendant other than WSI and WSI is without sufficient information or belief as to the truth of the allegations set forth in paragraph 30 of the First Amended Complaint, and denies them on that basis.

## COUNT II
### OFFICE DEPOT'S INFRINGEMENT OF U.S. PATENT NO. 6,049,835

31.     The allegations contained in paragraph 31 of the First Amended Complaint are directed toward a defendant other than WSI and WSI is without sufficient information or belief as to the truth of the allegations set forth in paragraph 31 of the First Amended Complaint, and denies them on that basis.

32.     The allegations contained in paragraph 32 of the First Amended Complaint are directed toward a defendant other than WSI and WSI is without sufficient information or belief as to the truth of the allegations set forth in paragraph 32 of the First Amended Complaint, and denies them on that basis.

33.     The allegations contained in paragraph 33 of the First Amended Complaint are directed toward a defendant other than WSI and WSI is without sufficient information or belief as to the truth of the allegations set forth in paragraph 33 of the First Amended Complaint, and denies them on that basis.

34.     The allegations contained in paragraph 34 of the First Amended Complaint are directed toward a defendant other than WSI and WSI is without sufficient information or belief as to the truth of the allegations set forth in paragraph 30 of the First Amended Complaint, and denies them on that basis.

35.     The allegations contained in paragraph 35 of the First Amended Complaint are directed toward a defendant other than WSI and WSI is without sufficient information or belief as to the truth of the allegations set forth in paragraph 35 of the First Amended Complaint, and denies them on that basis.

36.     The allegations contained in paragraph 36 of the First Amended Complaint are directed toward a defendant other than WSI and WSI is without sufficient information or belief as to the truth of the allegations set forth in paragraph 36 of the First Amended Complaint, and denies them on that basis.

37.     The allegations contained in paragraph 37 of the First Amended Complaint are directed toward a defendant other than WSI and WSI is without sufficient information or belief as to the truth of the allegations set forth in paragraph 37 of the First Amended Complaint, and denies them on that basis.

38.     The allegations contained in paragraph 38 of the First Amended Complaint are directed toward a defendant other than WSI and WSI is without sufficient information or belief as to the truth of the allegations set forth in paragraph 38 of the First Amended Complaint, and denies them on that basis.

39.     The allegations contained in paragraph 39 of the First Amended Complaint are directed toward a defendant other than WSI and WSI is without sufficient information or belief as to the truth of the allegations set forth in paragraph 39 of the First Amended Complaint, and denies them on that basis.

40.     The allegations contained in paragraph 40 of the First Amended Complaint are directed toward a defendant other than WSI and WSI is without sufficient information or belief

as to the truth of the allegations set forth in paragraph 40 of the First Amended Complaint, and denies them on that basis.

41.    The allegations contained in paragraph 41 of the First Amended Complaint are directed toward a defendant other than WSI and WSI is without sufficient information or belief as to the truth of the allegations set forth in paragraph 41 of the First Amended Complaint, and denies them on that basis.

42.    The allegations contained in paragraph 42 of the First Amended Complaint are directed toward a defendant other than WSI and WSI is without sufficient information or belief as to the truth of the allegations set forth in paragraph 42 of the First Amended Complaint, and denies them on that basis.

43.    The allegations contained in paragraph 43 of the First Amended Complaint are directed toward a defendant other than WSI and WSI is without sufficient information or belief as to the truth of the allegations set forth in paragraph 43 of the First Amended Complaint, and denies them on that basis.

44.    The allegations contained in paragraph 44 of the First Amended Complaint are directed toward a defendant other than WSI and WSI is without sufficient information or belief as to the truth of the allegations set forth in paragraph 44 of the First Amended Complaint, and denies them on that basis.

## COUNT III
### J.C. PENNEY'S INFRINGEMENT OF U.S. PATENT NO. 6,049,835

45.    The allegations contained in paragraph 45 of the First Amended Complaint are directed toward a defendant other than WSI and WSI is without sufficient information or belief as to the truth of the allegations set forth in paragraph 45 of the First Amended Complaint, and denies them on that basis.

9

46.    The allegations contained in paragraph 46 of the First Amended Complaint are directed toward a defendant other than WSI and WSI is without sufficient information or belief as to the truth of the allegations set forth in paragraph 46 of the First Amended Complaint, and denies them on that basis.

47.    The allegations contained in paragraph 47 of the First Amended Complaint are directed toward a defendant other than WSI and WSI is without sufficient information or belief as to the truth of the allegations set forth in paragraph 47 of the First Amended Complaint, and denies them on that basis.

48.    The allegations contained in paragraph 48 of the First Amended Complaint are directed toward a defendant other than WSI and WSI is without sufficient information or belief as to the truth of the allegations set forth in paragraph 48 of the First Amended Complaint, and denies them on that basis.

49.    The allegations contained in paragraph 49 of the First Amended Complaint are directed toward a defendant other than WSI and WSI is without sufficient information or belief as to the truth of the allegations set forth in paragraph 49 of the First Amended Complaint, and denies them on that basis.

50.    The allegations contained in paragraph 50 of the First Amended Complaint are directed toward a defendant other than WSI and WSI is without sufficient information or belief as to the truth of the allegations set forth in paragraph 50 of the First Amended Complaint, and denies them on that basis.

51.    The allegations contained in paragraph 51 of the First Amended Complaint are directed toward a defendant other than WSI and WSI is without sufficient information or belief

as to the truth of the allegations set forth in paragraph 51 of the First Amended Complaint, and denies them on that basis.

52.    The allegations contained in paragraph 52 of the First Amended Complaint are directed toward a defendant other than WSI and WSI is without sufficient information or belief as to the truth of the allegations set forth in paragraph 52 of the First Amended Complaint, and denies them on that basis.

53.    The allegations contained in paragraph 53 of the First Amended Complaint are directed toward a defendant other than WSI and WSI is without sufficient information or belief as to the truth of the allegations set forth in paragraph 53 of the First Amended Complaint, and denies them on that basis.

54.    The allegations contained in paragraph 54 of the First Amended Complaint are directed toward a defendant other than WSI and WSI is without sufficient information or belief as to the truth of the allegations set forth in paragraph 54 of the First Amended Complaint, and denies them on that basis.

55.    The allegations contained in paragraph 55 of the First Amended Complaint are directed toward a defendant other than WSI and WSI is without sufficient information or belief as to the truth of the allegations set forth in paragraph 55 of the First Amended Complaint, and denies them on that basis.

56.    The allegations contained in paragraph 56 of the First Amended Complaint are directed toward a defendant other than WSI and WSI is without sufficient information or belief as to the truth of the allegations set forth in paragraph 56 of the First Amended Complaint, and denies them on that basis.

57.     The allegations contained in paragraph 57 of the First Amended Complaint are directed toward a defendant other than WSI and WSI is without sufficient information or belief as to the truth of the allegations set forth in paragraph 57 of the First Amended Complaint, and denies them on that basis.

58.     The allegations contained in paragraph 58 of the First Amended Complaint are directed toward a defendant other than WSI and WSI is without sufficient information or belief as to the truth of the allegations set forth in paragraph 58 of the First Amended Complaint, and denies them on that basis.

## COUNT IV
### WILLIAMS-SONOMA'S INFRINGEMENT OF U.S. PATENT NO. 6,049,835

59.     WSI admits that its direct-to-customer segment sells products through the direct-mail catalogs Williams-Sonoma, Pottery Barn, Pottery Barn Kids, Pottery Barn Bed + Bath , PB Teen, Hold Everything, West Elm and Williams-Sonoma Home.  WSI further admits that its direct-to-customer segment sells products through williams-sonoma.com, potterybarn.com, potterbarnkids.com, pbteen.com, westelm.com and holdeverything.com.

60.     WSI admits that on or about in Fiscal Year 2004, direct-to-customer revenues increased 17.1%, driven by a 12.1% increase in catalog circulation and a strong momentum in the company's e-commerce channel.

61.     WSI admits that on or about 2004, WSI mailed over 368 million catalogs.

62.     WSI admits that on or about 2004, approximately 40% of the company-wide non-gift registry Internet sales were incremental to the direct-to-customer channel and approximately 60% were catalog-driven sales.

63.     WSI admits WSI's catalogs contain a plurality of product listings.  WSI denies any remaining allegations set forth in paragraph 63 of the First Amended Complaint.

64.    Denied.

65.    Denied.

66.    WSI admits that Exhibit 16 of the First Amended Complaint purports to be a copy of a page from a Williams-Sonoma catalog. WSI denies any remaining allegations set forth in paragraph 66 of the First Amended Complaint.

67.    WSI admits that Exhibit 17 of the First Amended Complaint purports to be a copy of a screen shot of a Williams-Sonoma Web page. WSI denies any remaining allegations set forth in paragraph 67 of the First Amended Complaint.

68.    WSI admits that Exhibit 18 of the First Amended Complaint purports to be a copy of a screen shot of a Williams-Sonoma Web page. WSI denies any remaining allegations set forth in paragraph 68 of the First Amended Complaint.

69.    Denied.

70.    Denied.

71.    WSI admits that Exhibit 32 of the First Amended Complaint purports to be a copy of a page from a Williams-Sonoma catalog. WSI denies any remaining allegations set forth in paragraph 71 of the First Amended Complaint.

72.    WSI admits that Exhibit 33 of the First Amended Complaint purports to be a copy of a screen shot of a Williams-Sonoma Web page. WSI denies any remaining allegations set forth in paragraph 72 of the First Amended Complaint.

73.    WSI admits that Exhibit 34 of the First Amended Complaint purports to be a copy of a screen shot of a Williams-Sonoma Web page. WSI denies any remaining allegations set forth in paragraph 73 of the First Amended Complaint.

## COUNT V
### J. CREW'S INFRINGEMENT OF U.S. PATENT NO. 6,049,835

74.   The allegations contained in paragraph 74 of the First Amended Complaint are directed toward a defendant other than WSI and WSI is without sufficient information or belief as to the truth of the allegations set forth in paragraph 74 of the First Amended Complaint, and denies them on that basis.

75.   The allegations contained in paragraph 75 of the First Amended Complaint are directed toward a defendant other than WSI and WSI is without sufficient information or belief as to the truth of the allegations set forth in paragraph 75 of the First Amended Complaint, and denies them on that basis.

76.   The allegations contained in paragraph 76 of the First Amended Complaint are directed toward a defendant other than WSI and WSI is without sufficient information or belief as to the truth of the allegations set forth in paragraph 76 of the First Amended Complaint, and denies them on that basis.

77.   The allegations contained in paragraph 77 of the First Amended Complaint are directed toward a defendant other than WSI and WSI is without sufficient information or belief as to the truth of the allegations set forth in paragraph 77 of the First Amended Complaint, and denies them on that basis.

78.   The allegations contained in paragraph 78 of the First Amended Complaint are directed toward a defendant other than WSI and WSI is without sufficient information or belief as to the truth of the allegations set forth in paragraph 78 of the First Amended Complaint, and denies them on that basis.

79.   The allegations contained in paragraph 79 of the First Amended Complaint are directed toward a defendant other than WSI and WSI is without sufficient information or belief

as to the truth of the allegations set forth in paragraph 79 of the First Amended Complaint, and denies them on that basis.

80.    The allegations contained in paragraph 80 of the First Amended Complaint are directed toward a defendant other than WSI and WSI is without sufficient information or belief as to the truth of the allegations set forth in paragraph 80 of the First Amended Complaint, and denies them on that basis.

81.    The allegations contained in paragraph 81 of the First Amended Complaint are directed toward a defendant other than WSI and WSI is without sufficient information or belief as to the truth of the allegations set forth in paragraph 81 of the First Amended Complaint, and denies them on that basis.

82.    The allegations contained in paragraph 82 of the First Amended Complaint are directed toward a defendant other than WSI and WSI is without sufficient information or belief as to the truth of the allegations set forth in paragraph 82 of the First Amended Complaint, and denies them on that basis.

83.    The allegations contained in paragraph 83 of the First Amended Complaint are directed toward a defendant other than WSI and WSI is without sufficient information or belief as to the truth of the allegations set forth in paragraph 83 of the First Amended Complaint, and denies them on that basis.

84.    The allegations contained in paragraph 84 of the First Amended Complaint are directed toward a defendant other than WSI and WSI is without sufficient information or belief as to the truth of the allegations set forth in paragraph 84 of the First Amended Complaint, and denies them on that basis.

85.    The allegations contained in paragraph 85 of the First Amended Complaint are directed toward a defendant other than WSI and WSI is without sufficient information or belief as to the truth of the allegations set forth in paragraph 85 of the First Amended Complaint, and denies them on that basis.

86.    The allegations contained in paragraph 86 of the First Amended Complaint are directed toward a defendant other than WSI and WSI is without sufficient information or belief as to the truth of the allegations set forth in paragraph 86 of the First Amended Complaint, and denies them on that basis.

87.    The allegations contained in paragraph 87 of the First Amended Complaint are directed toward a defendant other than WSI and WSI is without sufficient information or belief as to the truth of the allegations set forth in paragraph 87 of the First Amended Complaint, and denies them on that basis.

88.    The allegations contained in paragraph 88 of the First Amended Complaint are directed toward a defendant other than WSI and WSI is without sufficient information or belief as to the truth of the allegations set forth in paragraph 88 of the First Amended Complaint, and denies them on that basis.

## DEMAND FOR JURY TRIAL

89.    No allegations are contained within paragraph 89 and a response by WSI is therefore not necessary.

## AFFIRMATIVE DEFENSES

90.    The First Amended Complaint fails to state a claim upon which relief can be granted.

91.    The claims of the '835 patent are invalid on the grounds that the purported inventions attempted to be patented therein fail to meet the conditions of patentability specified in 35 U.S.C. § 100 et seq., including but not limited to 35 U.S.C. §§ 101,102, 103, and 112.

92.    WSI is not infringing, has not infringed, nor will it infringe, either literally or by virtue of the doctrine of equivalents, any valid and enforceable claim of the '835 patent, nor has it induced or contributorily infringed any valid claim of the '835 patent.

93.    Internet Media's claims against WSI are barred in whole or in part by the doctrine of laches and/or by the doctrine of equitable estoppel.

94.    Internet Media's claim for damages, if any, against WSI is statutorily limited by 35 U.S.C. § 286 and/or § 287.

95.    By reason of prosecution history estoppel, Internet Media is estopped from asserting a claim construction that would cause the claims of the '835 patent to be infringed by WSI. WSI hereby reserves its right to supplement with additional defenses as discovery proceeds in this matter.

## PRAYER FOR RELIEF

96.    WSI denies that Internet Media is entitled to any of the relief requested in its Prayer for Relief against WSI.

## COUNTERCLAIMS

### PARTIES

97.    Counterclaimant Williams-Sonoma, Inc. ("WSI") is a corporation organized under the laws of the State of California, with its principal place of business at 3250 Van Ness Avenue, San Francisco, CA 94109.

98.    On information and belief, counterclaim defendant Internet Media Corporation

("Internet Media") is a corporation organized and existing under the laws of Virginia, with its

principal place of business at 200 Winchester Street, Warrenton, Virginia 20186.

### JURISDICTION AND VENUE

99.    The counterclaims include claims for declaratory judgment of patent non-

infringement and patent invalidity, and jurisdiction is proper under the Federal Declaratory

Judgments Act, 28 U.S.C. §§ 2201 and 2202, and the patent Laws of the United States, 35 U.S.C.

§ 100, *et seq.*, concerning actions related to patents, and 28 U.S.C. §§ 1331 and 1338.

100.    Venue is proper in this Court under 28 U.S.C. § 1391(c) and § 1400(b).

### COUNT ONE
### DECLARATORY RELIEF REGARDING NON-INFRINGEMENT

101.    Based on the filing by Internet Media of this suit and WSI's defenses, an actual

controversy has arisen and now exists between the parties as to whether or not WSI has directly

and/or indirectly infringed any valid claim of the '835 patent.

102.    Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201, *et seq.*, WSI

requests a declaration from the Court that WSI has not infringed any valid claim of the '835

patent, either directly, contributorily, or by inducement, or either literally or under the doctrine of

equivalents.

### COUNT TWO
### DECLARATORY RELIEF REGARDING INVALIDITY

103.    Based on the filing of this suit by Internet Media and WSI's defenses, an actual

controversy has arisen and now exists between the parties as to the validity of each of the claims

of the '835 patent.

104.    Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201, *et seq.*, WSI

requests a declaration from the Court that each of the claims of the '835 patent are invalid for

failure to comply with the provisions of the patent laws, 35 U.S.C. § 100, *et seq.*, including but not limited to one or more of 35 U.S.C. §§ 101, 102, 103, and/or 112.

## EXCEPTIONAL CASE

105.    This is an exceptional case under 35 U.S.C. § 285, and as such, WSI is entitled to recover from Internet Media WSI's attorneys' fees and costs incurred in connection with this action.

## PRAYER

WSI prays that:

(a)  Internet Media's First Amended Complaint against WSI be dismissed, with prejudice, and that a take-nothing judgment be entered in favor of WSI;

(b)  Judgment be entered in favor of WSI declaring that each of the claims of the '835 patent is invalid and that WSI has not infringed any claim of such patent either literally and/or under the doctrine of equivalents;

(c)  Judgment be entered in favor of WSI and against Internet Media that this is an exceptional case and awarding WSI its attorneys' fees and costs under 35 U.S.C. § 285; and WSI be awarded any such other and further relief as is just and proper.

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

James G. Gilliland, Jr.
April E. Abele
Matthew R. Hulse
Townsend and Townsend and Crew LLP
Two Embarcadero Center, 8th Floor
San Francisco, California 94111
(415) 576-0200

Dated:  April 25, 2006

729535

By:_____
    Philip A. Rovner (#3215)
    Hercules Plaza
    P.O. Box 951
    Wilmington, Delaware 19899
    (302) 984-6000
    Email:  provner@potteranderson.com

Attorneys for Defendant
Williams-Sonoma, Inc.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I, Philip A. Rovner, hereby certify that on April 25, 2006, the within

document was electronically filed with the Clerk of the Court using CM/ECF which will

send notification of such filing(s) to the following; that the document was served as

indicated on the following counsel; and that the document is available for viewing and

downloading from CM/ECF.

### BY HAND DELIVERY AND E-MAIL

Thomas P. Preston, Esq.
Blank Rome LLP
1201 Market Street, Suite 800
Wilmington, DE 19801
preston-t@blankrome.com

Richard L. Horwitz, Esq.
David E. Moore, Esq.
Potter Anderson & Corroon LLP
P.O. Box 951
Wilmington, DE 19899
rhorwitz@potteranderson.com
dmoore@potteranderson.com

Cathy L. Reese, Esq.
Titania R. Mack, Esq.
Greenberg Traurig, LLP
The Nemours Building
1007 N. Orange Street, Suite 1200
Wilmington, DE 19801
reesec@gtlaw.com
mackt@gtlaw.com

I hereby certify that on April 25, 2006, I have sent the document in the

manner listed to the following non-registered participants:

### BY E-MAIL AND FEDERAL EXPRESS

Ronald J. Schutz, Esq.
Diane L. Simerson, Esq.
Andrea L. Gothing, Esq.
Nicole N. Morris, Esq.
Robins, Kaplan, Miller & Ciresi, LLP
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
rjschutz@rkmc.com
dlsimerson@rkmc.com
algothing@rkmc.com
nnmorris@rkmc.com

### BY E-MAIL

David E. Killough, Esq.
David B. Weaver, Esq.
Matthew S. Wermager, Esq.
Vinson & Elkins L.L.P.
2801 Via Fortuna, Suite 100
Austin, TX 78746
dkillough@velaw.com
dweaver@velaw.com
mwermager@velaw.com

**BY E-MAIL**

Douglas R. Weider, Esq.
Michael A. Nicodema, Esq.
Greenberg Traurig LLP
MetLife Building
200 Park Avenue
New York, NY  10166
weiderd@gtlaw.com
nicodemam@gtlaw.com

Philip A. Rovner (#3215)
Potter Anderson & Corroon LLP
Hercules Plaza
P.O. Box 951
Wilmington, Delaware 19899
(302) 984-6000
provner@potteranderson.com

713722