IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| INTERNET MEDIA CORPORATION, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | C.A. No.: 05-633-KAJ |
| DELL, INC.; OFFICE DEPOT, INC.; J.C. PENNEY COMPANY, INC.; WILLIAMS-SONOMA, INC.; and J. CREW GROUP, INC. | ) ) ) ) ) ) ) | JURY TRIAL DEMANDED |
| Defendants. | ) ) | |

**DEFENDANT DELL, INC.'S ANSWER AND DEFENSES
TO PLAINTIFF'S FIRST AMENDED COMPLAINT AND COUNTERCLAIMS**

Defendant Dell, Inc. ("Dell") files this, its Answer to Internet Media Corporation's ("Internet Media" or "Plaintiff") First Amended Complaint for Patent Infringement (the "Complaint"), along with Dell's defenses and counterclaims, denying infringement of any valid and/or enforceable claim of U.S. Patent No. 6,049,835 ("the '835 patent").

### I.   ANSWER

1.   No allegations are contained within paragraph 1 of the Complaint and a response by Dell is therefore not necessary. To the extent a response may be deemed necessary, Dell denies the allegations in paragraph 1.

2.   In answer to paragraph 2 of the Complaint, Dell admits that Plaintiff has commenced an action alleging patent infringement. Dell denies that it has infringed, willfully or otherwise, any valid and/or enforceable claim of the '835 patent. Dell admits that Exhibit 1 to the Complaint purports to be a copy of the '835 patent, which, on its

face, indicates that the patent is assigned to Internet Media and that the patent is entitled "System for Providing Easy Access to the World Wide Web Utilizing a Published List of Preselected Internet Locations Together with Their Unique Multi-Digit Jump Codes." Dell also admits that the '835 patent purports to generally relate to a system or method of accessing preselected desired addresses or URLs on the Internet. Dell lacks information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 2 of the Complaint and, therefore, denies them.

3. Dell lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 3 of the Complaint and, therefore, denies them.

4. Dell admits it is a Delaware corporation having its principal place of business at One Dell Way, Round Rock, Texas 78682.

5. Dell lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 5 of the Complaint and, therefore, denies them.

6. Dell lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 6 of the Complaint and, therefore, denies them.

7. Dell lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 7 of the Complaint and, therefore, denies them.

8. Dell lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 8 of the Complaint and, therefore, denies them.

9. In answer to paragraph 9 of the Complaint, Dell admits it offers products for sale on the World Wide Web. Dell also admits that it provides consumers and small businesses with print advertisements that may include one or more "E-Value codes" (specific marketing communication and product configuration identifiers) for use on

Dell's website. Dell denies that an E-Value code may be entered into a single box on a Web page and denies that use of an E-Value code permits a Web user to quickly and easily access a preselected desired address or URL on the Web. Dell lacks information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 9 of the Complaint and, therefore, denies them.

10. In answer to paragraph 10 of the Complaint, Dell admits that Internet Media alleges patent infringement under the Patent Laws of the United States and that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a). Dell denies the remaining allegations, if any, of paragraph 10 of the Complaint.

11. In answer to paragraph 11 of the Complaint, Dell admits that this Court has personal jurisdiction over Dell. Dell also admits that it is a citizen of the State of Delaware and does business in this judicial district. Dell denies that it has infringed, contributed to the infringement of or induced the infringement of any valid and/or enforceable claim of the '835 patent. Dell denies the remaining allegations, if any, contained in paragraph 11 of the Complaint to the extent such allegations are directed to Dell. For any allegations contained in paragraph 11 of the Complaint that are directed toward defendants other than Dell, Dell lacks information sufficient to form a belief as to the truth of the allegations and, therefore, denies them.

12. In answer to paragraph 12 of the Complaint, Dell admits that venue is proper for Dell. Dell denies the remaining allegations, if any, contained in paragraph 12 of the Complaint to the extent such allegations are directed to Dell. For any allegations contained in paragraph 12 of the Complaint that are directed toward defendants other

than Dell, Dell lacks information sufficient to form a belief as to the truth of the allegations and, therefore, denies them.

13. In answer to paragraph 13 of the Complaint, Dell admits that the face of the '835 patent indicates that the '835 patent was issued on April 11, 2000 to Internet Media Corporation. Dell lacks information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 13 of the Complaint and, therefore, denies them.

14. In answer to paragraph 14 of the Complaint, denied.

15. In answer to paragraph 15 of the Complaint, Dell admits that according to the face of the '835 patent, Eric F. Gagnon is a named inventor of the '835 patent. Dell lacks information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 15 of the Complaint and, therefore, denies them.

16. Dell lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 16 of the Complaint, and, therefore, denies them.

17. Dell admits the allegations set forth in paragraph 17 of the Complaint.

18. In answer to paragraph 18 of the Complaint, Dell admits it announced the online tool E-Value™ on or about February 11, 1999 to provide consumers and small businesses with a quick and easy way to go from a Dell print advertisement directly to the Internet for the latest price and product information. Dell denies any remaining allegations set forth in paragraph 18 of the Complaint.

19. In answer to paragraph 19 of the Complaint, Dell admits that some customers may find a specific system and associated E-Value™ code in a Dell print advertisement or catalog go to a page within http://www.dell.com and enter the E-

Value™ code and thereafter be presented with a display regarding that system. Dell denies any of the remaining allegations set forth in paragraph 19 of the Complaint.

20. Dell admits the allegations set forth in paragraph 20 of the Complaint.

21. In answer to paragraph 21 of the Complaint, denied.

22. In answer to paragraph 22 of the Complaint, denied.

23. In answer to paragraph 23 of the Complaint, Dell admits that Exhibit 3 to the Complaint purports to be a copy of an advertisement promoting Dell's Dimension™ 2400, and that the advertisement shows an E-Value™ code under the description of the Dimension™ 2400. Dell denies any remaining allegations set forth in paragraph 23 of the Complaint.

24. In answer to paragraph 24 of the Complaint, Dell admits that Exhibit 4 to the Complaint purports to be a screen shot of a Dell web page with boxes for an E-Value™ code. Dell denies the remaining allegations set forth in paragraph 24 of the Complaint.

25. In answer to paragraph 25 of the Complaint, Dell admits that Exhibit 5 to the Complaint purports to be a screen shot of a web page containing information about a Dell Dimension™ 2400 computer. Dell lacks information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 25 of the Complaint and, therefore, denies them.

26. In answer to paragraph 26 of the Complaint, denied.

27. In answer to paragraph 27 of the Complaint, Dell admits that it received, pursuant to 35 U.S.C. § 287(a), constructive notice of the '835 patent on the day Plaintiff commenced this action by the filing of its original complaint. Dell denies the remaining

allegations set forth in paragraph 27 of the Complaint and specifically denies it had any knowledge or notice of the '835 patent prior to the commencement of this action.

28. In answer to paragraph 28 of the Complaint, Dell admits that Exhibit 23 to the Complaint purports to be a copy of an advertisement promoting Dell's Inspiron™ 6000, and that the advertisement shows an E-Value™ code under the description of the Inspiron™ 6000. Dell denies any remaining allegations set forth in paragraph 28 of the Complaint.

29. In answer to paragraph 29 of the Complaint, Dell admits that Exhibit 24 to the Complaint purports to be a screen shot of a Dell web page with boxes for an E-Value™ code. Dell denies the remaining allegations set forth in paragraph 29 of the Complaint.

30. In answer to paragraph 30 of the Complaint, Dell admits that Exhibit 25 to the Complaint purports to be a screen shot of a web page containing information about a Inspiron™ 6000 computer. Dell lacks information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 30 of the Complaint and, therefore, denies them.

31. The allegations contained in paragraphs 31 through 88 of the Complaint are directed toward defendants other than Dell, and Dell lacks information sufficient to form a belief as to the truth of the allegations and, therefore, denies them.

## II. DEFENSES

32. The claims of the '835 patent are invalid for failure to meet the requirements of the U.S. patent laws, 35 U.S.C. § 100 *et seq.*, including but not limited to 35 U.S.C. §§ 101, 102, 103 and 112.

33. Dell has not infringed, contributed to the infringement of or induced the infringement of any valid and/or enforceable claim of the '835 patent.

34. Internet Media's claims against Dell are barred, in whole or in part, by the doctrine of laches.

35. Internet Media's claim for damages, if any, against Dell is statutorily limited by 35 U.S.C. § 286 and/or § 287.

36. By reason of prosecution history estoppel, Internet Media is estopped from asserting a claim construction that would cause the claims of the '835 patent to be infringed by Dell.

37. Dell denies that Internet Media is entitled to any of the relief requested in its Prayer for Relief against Dell.

38. Dell hereby reserves its right to supplement with additional defenses as discovery proceeds in this matter.

## III. COUNTERCLAIMS

### Parties

39. Counterclaimant Dell, Inc. ("Dell") is a corporation organized under the laws of the State of Delaware, with its principal place of business at One Dell Way, Round Rock, Texas 78682.

40. On information and belief, counterclaim defendant Internet Media Corporation ("Internet Media") is a corporation organized and existing under the laws of Virginia, with its principal place of business at 200 Winchester Street, Warrenton, Virginia 20186.

## Jurisdiction and Venue

41. The counterclaims include claims for declaratory judgment of patent non-infringement and patent invalidity, and jurisdiction is proper under the Federal Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202, and the patent Laws of the United States, 35 U.S.C. § 100 et seq., concerning actions related to patents, and 28 U.S.C. §§ 1331 and 1338.

42. Venue is proper in this Court under 28 U.S.C. § 1391 (c) and § 1400(b).

## Count One – Declaratory Relief Regarding Non-Infringement

43. Based on the filing by Internet Media of this suit and Dell's defenses, an actual controversy has arisen and now exists between the parties as to whether or not Dell has directly and/or indirectly infringed any valid claim of the '835 patent.

44. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*, Dell requests a declaration from the Court that Dell has not infringed any valid claim of the '835 patent, either directly, contributorily, or by inducement, or either literally or under the doctrine of equivalents.

## Count Two – Declaratory Relief Regarding Invalidity

45. Based on the filing of this suit by Internet Media and Dell's defenses, an actual controversy has arisen and now exists between the parties as to the validity of each of the claims of the '835 patent.

46.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*, Dell requests a declaration from the Court that each of the claims of the '835 patent are invalid for failure to comply with the provisions of the patent laws, 35 U.S.C. §100 *et seq.*, including but not limited to one or more of 35 U.S.C. §§ 101, 102, 103 and/or 112.

## IV.    EXCEPTIONAL CASE

47.     To the extent the Court may determine that this is an exceptional case under 35 U.S.C. § 285, Dell is entitled to recover from Internet Media Dell's attorneys' fees and costs incurred in connection with this action.

## V.    PRAYER

Dell prays *that*:

(a)     Internet Media's Complaint against Dell be dismissed, with prejudice, and that a take-nothing judgment be entered in favor of Dell and against Internet Media;

(b)     Judgment be entered in favor of Dell declaring that each of the claims of the '835 patent is invalid and that Dell has not infringed any claim of such patent either literally and/or under the doctrine of equivalents;

(c)     Judgment be entered in favor of Dell and against Internet Media that this is an exceptional case and awarding Dell its attorneys' fees and costs under 35 U.S.C. § 285;

(d)     Judgment be entered awarding costs to Dell as prevailing party and/or under 35 U.S.C. § 288; and

(e)     Dell be awarded any such other and further relief as is just and proper.

|  |  |
|---|---|
| OF COUNSEL: | POTTER ANDERSON & CORROON LLP |
| Willem G. Schuurman<br>David E. Killough<br>David B. Weaver<br>Avelyn M. Ross<br>Kristen P. Foster<br>Matthew S. Wermager<br>Joseph D. Gray<br>VINSON & ELKINS L.L.P.<br>2801 Via Fortuna, Suite 100<br>Austin, Texas  78746-7568<br>Tel: (512) 542-8400 | By: /s/ *Richard L. Horwitz*<br>   Richard A. Horwitz (#2246)<br>   David E. Moore (#3983)<br>   Hercules Plaza, 6th Floor<br>   P.O. Box 951<br>   Wilmington, Delaware  19899<br>   Tel:  (302) 984-6000<br>   rhorwitz@potteranderson.com<br>   dmoore@potteranderson.com<br><br>*Attorneys for Defendant, Dell, Inc.* |

Dated:  April 28, 2006
729999/29482

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I, Richard L. Horwitz, hereby certify that on April 28, 2006, the attached document was hand-delivered to the following persons and was electronically filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following and the document is available for viewing and downloading from CM/ECF:

Thomas P. Preston
Blank Rome LLP
Chase Manhattan Centre
1201 Market Street, Suite 800
Wilmington, Delaware 19801

Titania R. Mack
GreenbergTraurig, LLP
The Nemours Building
1007 North Orange Street
Suite 1200
Wilmington, Delaware 19801

Philip A. Rovner
Potter Anderson & Corroon LLP
1313 N. Market St.
Hercules Plaza, 6th Floor
P.O. Box 951
Wilmington, DE 19899-0951

I hereby certify that on April 28, 2006, I have Electronically Mailed the documents to the following non-registered participants:

Ronald J. Schutz
Diane L. Simerson
Andrea L. Gothing
Nicole N. Morris
Robins, Kaplan, Miller & Ciresi, LLP
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
rjschutz@rkmc.com
dlsimerson@rkmc.com
algothing@rkmc.com
nnmorris@rkmc.com

Douglas R. Weider
Barry J. Schindler
Michael A. Nicodema
Gaston Kroub
Greenberg Traurig LLP
MetLife Building
200 Park Avenue
New York, NY 10166
weiderd@gtlaw.com
nicodemam@gtlaw.com
kroubg@gtlaw.com
schindlerb@gtlaw.com

James G. Gilliland, Jr.
April E. Abele
Robert G. Litts
Townsend and Townsend and Crew LLP
Two Embarcadero Center
San Francisco, CA 94111
jggilliland@townsend.com
aeabele@townsend.com
rglitts@townsend.com

        By:   */s/ Richard L. Horwitz*
                Richard L. Horwitz
                David E. Moore
                Potter Anderson & Corroon LLP
                Hercules Plaza, 6th Floor
                1313 N. Market Street
                Wilmington, DE  19899-0951
                (302) 984-6000
                rhorwitz@potteranderson.com
                dmoore@potteranderson.com

704823