IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INTERNET MEDIA CORPORATION,           )<br>                                       )<br>            Plaintiff,                )<br>                                       )<br>       v.                              )<br>                                       )<br> DELL, INC., OFFICE DEPOT, INC.,        )<br> J.C. PENNEY COMPANY, INC.,             )   C.A. No. 05-633-KAJ<br> WILLIAMS-SONOMA, INC., and             )<br> J. CREW GROUP, INC.,                   )<br>                                       )<br>            Defendants.                )| |

**STIPULATION AND ORDER REGARDING EARLY CLAIM CONSTRUCTION
SCHEDULE FOR U.S. PATENT NUMBER 6,049,835 AND REQUEST FOR
REVISED SCHEDULING ORDER**

Plaintiff Internet Media Corporation ("Internet Media") and defendants Dell, Inc., Office Depot, Inc., J.C. Penney Company, Inc., Williams-Sonoma, Inc. and J. Crew Group, Inc. (collectively the "Defendants"), by and through their respective counsel, hereby stipulate as follows:

WHEREAS, during the March 10, 2006 Technology Tutorial, Defendants requested an early claim construction schedule for the one patent-in-suit in this action, U.S. Patent Number 6,049,835 ("the '835 Patent"); and

WHEREAS, at the direction of the Court the attorneys for all parties have met and conferred about claim construction;

NOW, THEREFORE, it is hereby stipulated and agreed, subject to the approval of the Court, that:

1.  The Defendants and Internet Media (collectively the "Parties") agree to an early claim construction hearing of the following phrases of the '835 Patent:

  (a) "a published compilation of preselected Internet locations" (claim 1 and its dependent claims)/"publishing a compilation of preselected Internet locations" (claim 11 and its dependent claims);

  (b) "a predetermined published Internet location having an address published in said published compilation" (claim 1 and its dependent claims)/"a predetermined Internet location having an address published in said published compilation" (claim 11 and its dependent claims);

  (c) "a unique predetermined multi-digit jump code" (claims 1 and 11 and the respective dependent claims);

  (d) "means for capturing a desired multi-digit jump code" (claims 1 and 11 and the respective dependent claims);

  (e) "means for receiving said desired multi-digit jump code" (claim 1 and its dependent claims)/"receiving said multi-digit jump code" (claim 11 and its dependent claims);

  (f) "means for converting said received multi-digit jump code to a URL address corresponding to the desired preselected Internet location" (claim 1 and its dependent claims)/"converting the received multi-digit jump code to a URL address corresponding to the desired preselected Internet location" (claim 11 and its dependent claims); and

  (g) "means for automatically accessing said desired preselected Internet location" (claim 1 and its dependent claims)/"automatically accessing said desired preselected Internet location" (claim 11 and its dependent claims)

2.  For the remaining asserted claim terms and limitations of the '835 Patent, Defendants accept for purposes of this action only the proposed constructions of Internet Media as set forth in its discovery responses attached hereto as Exhibit 1.

3.  Defendants preserve all non-infringement and invalidity contentions and arguments regarding the asserted claims of the '835 Patent.

4.  Within one week of the date of this Order, each side shall exchange their proposed claim construction of those term(s)/phrase(s) identified above. This document will not be filed with the Court. Subsequent to exchanging that list, the Parties will meet and confer to prepare a Joint Claim Construction Chart to be submitted pursuant to paragraph 5 below. The Parties' Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) at issue, and should include each side's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions. A copy of the patent-in-suit as well as those portions of the intrinsic record relied upon are to be submitted with this Joint Claim Construction Chart. In this joint submission, the Parties shall not provide argument.

5.  Issues of claim construction shall be submitted to the Court by way of the Joint Claim Construction Chart, within two weeks of the date of this Order. Simultaneous opening briefs on issues of claim construction of no more than forty pages shall be served and filed by each side within four weeks of the date of this Order. Simultaneous reply briefs of no more than twenty pages shall be served and filed by each side within two weeks of the opening claim construction briefs.

6.  Beginning at 9:30 a.m. on July 25, 2006, the Court will hear evidence and argument on claim construction. No expert declarations or testimony on claim construction will be presented.

7.  Discovery is stayed during the foregoing claim construction process, with discovery resuming after this Court enters its claim construction order.

8. The dates set forth in this Court's December 7, 2005 Scheduling Order (D.I. 45) shall be revised and extended by the period of time during which discovery is stayed pending this Court's claim construction order.

| BLANK ROME LLP | POTTER ANDERSON & CORROON LLP |
|---|---|
| By: /s/ Thomas P. Preston<br>    Thomas P. Preston (#2548)<br>    Chase Manhattan Centre<br>    1201 Market Street, Suite 800<br>    Wilmington, DE 19801<br>    (302) 425-6400<br>    E-mail: preston-t@blankrome.com<br><br>*Attorneys for Plaintiff*<br>*Internet Media Corporation* | By: /s/ Philip A. Rovner<br>    Philip A. Rovner (#3215)<br>    Hercules Plaza<br>    P.O. Box 951<br>    Wilmington, Delaware 19899<br>    (302) 984-6000<br>    E-mail: provner@potteranderson.com<br><br>*Attorneys for Defendants*<br>*J.C. Penney Company, Inc., Williams-Sonoma, Inc., and J. Crew Group, Inc.* |
| POTTER ANDERSON & CORROON LLP | GREENBERG TRAURIG, LLP |
| By: /s/ Richard L. Horwitz<br>    Richard L. Horwitz (#2246)<br>    David E. Moore (#3983)<br>    Hercules Plaza<br>    P.O. Box 951<br>    Wilmington, Delaware 19899<br>    (302) 984-6000<br>    E-mail: rhorwitz@potteranderson.com<br>    dmoore@potteranderson.com<br><br>*Attorneys for Defendant Dell, Inc.* | By: /s/ Titania R. Mack<br>    Titania R. Mack (#4120)<br>    The Nemours Building<br>    1007 N. Orange Street, Suite 1200<br>    Wilmington, DE 19801<br>    (302) 661-7000<br>    E-mail: mackt@gtlaw.com<br><br>*Attorneys for Defendant Office Depot, Inc* |

SO ORDERED, this 31st day of May, 2006.

_____
United States District Judge

733431

# EXHIBIT 1

**EXHIBIT 1**

| Claim Limitation | Internet Media's Proposed Construction |
|---|---|
| means for accessing said predetermined published Internet location | "means for accessing said predetermined published Internet location" (agreed upon construction)<br>structure: computer, TV, or other electronic device, with an Internet connection and with Internet access software, such a web browser<br>function: for accessing said predetermined Internet location |
| a personal computer | plain meaning |
| a television Internet device | |
| the World Wide Web | plain meaning |
| printed matter | plain meaning |
| an on-screen HTML form | plain meaning |
| a review of each of said preselected Internet locations | plain meaning |
| accessing said predetermined Internet location and entering said desired multi-digit jump code into said predetermined Internet location; | "accessing"<br>plain meaning |

687351_1.DOC