**EXHIBIT G**



**UNITED STATES DEPARTMENT OF COMMERCE**
**Patent and Trademark Office**
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| APPLICATION NUMBER | FILING DATE | FIRST NAMED APPLICANT | ATTORNEY DOCKET NO. |
|---|---|---|---|
| 08/705,967 | 08/30/96 | GAGNON | E    Q351.001/P |

LM21/0409

WIGMAN COHEN LEITNER & MYERS
THE FARRAGUT BUILDING 10TH FLOOR
900 17TH STREET NW SUITE 1000
WASHINGTON DC 20006

| EXAMINER |
|---|
| TON, D |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2782 | 4 |

DATE MAILED:    04/09/98

This is a communication from the examiner in charge of your application.
COMMISSIONER OF PATENTS AND TRADEMARKS

## OFFICE ACTION SUMMARY

☐ Responsive to communication(s) filed on _____.

☐ This action is FINAL.

☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 D.C. 11; 453 O.G. 213.

A shortened statutory period for response to this action is set to expire ___3 mos___ month(s), or thirty days, whichever is longer, from the mailing date of this communication. Failure to respond within the period for response will cause the application to become abandoned. (35 U.S.C. § 133). Extensions of time may be obtained under the provisions of 37 CFR 1.136(a).

**Disposition of Claims**

☒ Claim(s) ___1-14___ is/are pending in the application.

Of the above, claim(s) _____ is/are withdrawn from consideration.

☐ Claim(s) _____ is/are allowed.

☐ Claim(s) ___1-14___ is/are rejected.

Claim(s) _____ is/are objected to.

☐ Claims _____ are subject to restriction or election requirement.

**Application Papers**

☐ See the attached Notice of Draftsperson's Patent Drawing Review, PTO-948.

☐ The drawing(s) filed on _____ is/are objected to by the Examiner.

☐ The proposed drawing correction, filed on _____ is ☐ approved ☐ disapproved.

☐ The specification is objected to by the Examiner.

☐ The oath or declaration is objected to by the Examiner.

**Priority under 35 U.S.C. § 119**

☐ Acknowledgement is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d).

☐ All ☐ Some* ☐ None    of the CERTIFIED copies of the priority documents have been

☐ received.

☐ received in Application No. (Series Code/Serial Number) _____

☐ received in this national stage application from the International Bureau (PCT Rule 17.2(a)).

*Certified copies not received: _____.

☐ Acknowledgement is made of a claim for domestic priority under 35 U.S.C. § 119(e).

**Attachment(s)**

☒ Notice of Reference Cited, PTO-892

☐ Information Disclosure Statement(s), PTO-1449, Paper No(s). _____

☐ Interview Summary, PTO-413

☐ Notice of Draftsperson's Patent Drawing Review, PTO-948

Notice of Informal Patent Application, PTO-152

-- SEE OFFICE ACTION ON THE FOLLOWING PAGES --

PTOL-326 (Rev. 10/95)                                                    * U.S. GPO 1996-406-790/40070

IMC_PLTF 061688

Serial Number: 08/705,967                                                          2
Art Unit: 2782

## DETAILED ACTION

1.      Applicant's Amendment A filed on 01/20/98 in response to Examiner's Office Action has been

reviewed.

2.      Claims 1-14 are presented for examination.

### *Claim Rejections – 35 USC § 103*

3.      The text of those sections of Title 35, U.S. Code not included in this action can be found in

a prior Office action.

4.      Claims 1-2, 5-9, and 12-14 are rejected under 35 U.S.C. § 103(a) as being unpatentable over

**Levergood et al.** (Levergood) patent no. **5,708,780**.

5.      As to claim 1, Levergood teaches the invention substantially as claimed, including a system

for providing automatic access to selected locations on the Internet, comprising:

        means for accessing a preselected published location on the Internet;

        said predetermined published location on the Internet including means for receiving a jump

code (col. 9 lines 6-40), means for using said jump code to determine a corresponding Internet

location (col. 9 lines 26-32) and means for automatically accessing said corresponding Internet

location (col. 10 lines 17-37).

IMC_PLTF 061689

Serial Number: 08/705,967                                                    3
Art Unit: 2782

     Levergood teaches the user may obtain the unique predetermined jump code of locations on the Internet (telephone number or company name or product name, col. 9 lines 33-40) through advertising (col. 10 lines 17-23); however, the Levergood does not explicitly teach a published compilation of predetermine locations. It would have been obvious by one of ordinary skill in the Data Processing art at the time of the invention to published compilation of predetermine Internet locations because it would enhance the commercial advertisement for user of Levergood's Internet server (Levergood, col. 5 lines 30-32).

6.     As to claim 2, Levergood teaches means for accessing comprises a personal computer (12, Fig. 1).

7.     As to claim 5, Levergood teaches the selected locations on the Internet are in the Word Wide Web (col. 3 lines 6-20).

8.     As to claim 6, Levergood teaches the published compilation is published as printed matter (conventional telephone numbers, col. 9 lines 7-20).

9.     As to claim 7, Levergood teaches the published compilation is on-line (col. 10 lines 17-23).

10.     Claims 3-4 and 10-11 are rejected under 35 U.S.C. § 103(a) as being unpatentable over Levergood et al. (Levergood) patent no. 5,708,780, in view of Lewis patent no. 5,612,730.

Serial Number: 08/705,967                                                                    4
Art Unit: 2782

11.    As to claim 3, Levergood does not teach means for accessing preselected location comprises

a television Internet device. Lewis teaches an interactive system for a closed cable network comprises

a television Internet device (col. 7 lines 24-36).

        It would have been obvious by one of ordinary skill in the Data Processing art at the time of

the invention to combine the teachings of Lewis's interactive system to include  a television Internet

device into Levergood's Internet server system because it would allow multimedia information to be

transmitted and received by the Internet server to the television (Lewis, col. 7 lines 46-50).

12.    As to claim 4, Lewis teaches the television Internet comprises a remote control device (col.

7 lines 24-36).


13.    As to claims 8-14, they are corresponding method claims of claims 1-7;  therefore, they are

rejected under the same rational.



                                        *Conclusion*

14.    Further references of interest are cited on Form PLO-892 which is an attachment to this office

action.

IMC_PLTF 061691

Serial Number: 08/705,967                                                    5
Art Unit: 2782

15.     Any inquiry concerning this communication or earlier communications from the examiner

should be directed to David Ton, whose telephone number is (703) 306-3043.  The examiner can

normally be reached Monday through Friday from 7:00 AM to 3:30 PM.


        If attempts to reach the examiner by telephone are unsuccessful, the examiner's supervisor,

Thomas C. Lee, can be reached at (703) 305-9717.


        Any inquiry of a general nature of relating to the status of this application should be directed

to the Group receptionist whose telephone number is (703) 305-9600.


        Any response to this action should be mailed to:

                Commissioner of Patents and Trademarks

                Washington, D.C. 20231


        or faxed to:


                (703) 308-9051 (for formal communications intended for entry)


        Or:

IMC_PLTF 061692

Serial Number: 08/705,967                                                6
Art Unit: 2782

(703) 308-5359 (for informal or draft communications, please label
"PROPOSED" or "DRAFT")

Hand-delivered responses should be brought to Crystal Park II, 2121 Crystal Drive,
Arlington. VA., Sixth Floor (Receptionist).

ĐT
David Ton

March 24, 1998

THOMAS C. LEE
SUPERVISORY PATENT EXAMINER
GROUP 2700

IMC_PLTF 061693