**EXHIBIT H**

#6

ВТ
8-18-98

**IN THE UNITED STATES PATENT AND TRADEMARK OFFICE**

| | | |
|---|---|---|
| In re Patent Application of: | ) | Examiner: D. Ton |
| | ) | |
| INTERNET MEDIA CORPORATION | ) | Group Art Unit: 2782 |
| | ) | |
| Serial No.: 08/705,967 | ) | Atty. Dkt.: 0351.001 |
| | ) | |
| Filed: August 30, 1996 | ) | MCG/prm |
| | ) | |
| For: SYSTEM FOR PROVIDING | ) | |
| EASY ACCESS TO THE WORLD | ) | |
| WIDE WEB | ) | August 7, 1998 |

**RESPONSE**

RECEIVED
98 AUG 13 AM 11: 03
GROUP 2100

ATTN:  **Box Fee Amendment**
Assistant Commissioner for Patents
Washington, D.C. 20231

Sir:

The following remarks are respectfully submitted in response to the outstanding Official

Action mailed April 9, 1998.

**REMARKS**

The rejection of claims 1-2 and 12-14 as obvious under 35 U.S.C. §103 is hereby

traversed and reconsideration is respectfully requested.  The Examiner has rejected those claims

as obvious over the single prior art patent to Levergood et al., U.S. Patent No. 5,708,780.

Applicant strenuously disagrees with the Examiner's contention that claims 1-2, 5-9 and 12-14

are obvious over that single prior art patent.

The Levergood et al. patent is directed to methods for controlling and monitoring access

to network servers.  In particular, the system described in that patent is directed to forwarding a

IMC_PLTF 061789

service request from the client to a server in which a session identification is appended to the request and to subsequent service requests from the client to the server within a session of requests. The system described in the Levergood et al. patent is a single merchant server in which access is controlled by a number of features which are designed to add security to the user's selection of various on-screen options within the single merchant server. Thus, the Levergood et al. patent is directed to a system which provides both Internet users and Internet website operators or merchants with a means for conducting secure transactions over the Internet, using a single merchant server (see column 10, lines 24-37) in which each merchant's server, as well as the single merchant server, contains software which forms part of the system disclosed in the Levergood et al. patent.

The Examiner contends that the Levergood et al. patent discloses all of the elements recited in claim 1 with the exception of the "published compilation of preselected locations on the Internet, each having a unique predetermined jump code published therewith." It is respectfully asserted that the Examiner has erroneously interpreted several portions of columns 9 and 10 of the Levergood et al. patent as disclosing the other recited elements of Applicant's invention. For the following reasons, it is respectfully asserted that Applicant's invention, as recited in claims 1 and 8, is not obvious over the disclosure of the Levergood et al. patent.

In rejecting claim 1, the Examiner first points to the language in the Levergood et al. patent at column 9, lines 6-40, in support of the assertion that the element of the "predetermined published location on the Internet including means for receiving a jump code is disclosed therein." However, three different embodiments or aspects of the "inventions" disclosed in the Levergood et al. patent are discussed in that section of the specification. Beginning at line 6,

2

there is first discussed the provision of facilities which allow users to utilize conventional telephone numbers or other identifiers to access merchant services. However, as discussed beginning at line 11, the Levergood et al. patent merely proposes utilizing a "web browser client 601" which "provides a 'dial' command to accept a telephone number from the user as by clicking on a 'dial' icon and inputting the telephone number through the keyboard. The browser then constructs a URL in the form of ...."

Contrary to Applicant's invention, the system suggested by that portion of the Levergood et al. patent is directed to a web browser which includes a specialized "dial" command which seeks the input from the user of a telephone number and then uses that telephone number to construct a special URL. That special URL is sent by the browser to a directory server. The directory server uses a database to translate the NUMBER to a target URL that describes the "merchant server and document that implements the service corresponding to NUMBERS" (see column 9, lines 29-30).

As is made clear for example at column 10, lines 10-12 and 24-26, the system described in the Levergood et al. patent is directed to utilizing conventional telephone numbers or other identifiers which are in reality merely sub-links within a merchant's own website which is operated on the "single merchant server." Indeed, as set forth specifically in lines 24-26 of column 10, the system disclosed in the Levergood et al. patent is directed to allowing a single merchant server to provide "multiple services that corresponds to different external 'telephone numbers' or other identifiers." As further described at lines 26-36, the example of a "priority gold number" given is utilized within the merchant's own Internet server.

It is the Examiner's further contention that lines 26-32 of column 9 of the Levergood et

3

al. patent disclose the recited "means for using said jump code to determine a corresponding Internet location." However, contrary to the teachings of the Levergood et al. patent, Applicant's jump code is an uniquely predetermined published number which is published together with the published compilation of preselection locations on the Internet. In the Levergood et al. patent, the disclosed telephone numbers are not uniquely predetermined nor are they published together with the published compilation of the preselected locations on the Internet. Rather, as discussed at column 9, lines 26-32, the system of the Levergood et al. patent utilizes a form page provided by the directory server for use with a conventional browser that prompts the user for the merchant's telephone number or other identifier in place of the custom "dial" commands of the previous example described at lines 6-20 of column 9 of that patent.

Not only are the telephone numbers utilized by the Levergood et al. patent not uniquely predetermined by their system, but, as set forth, for example, at lines 33-36, such numbers could even be unpublished. Obviously, such a teaching is contrary to Applicant's claimed invention. Thus, the Levergood et al. patent contains no support whatsoever for the Examiner's assertion that the telephone numbers the system of the Levergood et al. patent seeks to use to create the URL address be contained in a published compilation.

Next, the Examiner contends that lines 17-37 of column 10 of the Levergood et al. patent disclose Applicant's recited "means for automatically accessing said Internet location." As discussed above, whereas Applicant's invention is directed to providing jump codes which can be inputted by users at a specific website provided by Applicant (recited as "preselected published locations on the Internet"), Applicant's invention provides Internet users with the ability to reach any and all Internet locations on any of the servers connected to the Internet, as

4

IMC_PLTF 061792

opposed to the single merchant server utilized by the Levergood et al. system. In addition, inasmuch as "merchants do not need to alter their print or television advertising to provide an Internet specific form of contact information" (column 10, lines 20-22) the Levergood et al. patent teaches against the use of Applicant's "published compilation of preselected locations on the Internet, each having a unique predetermined jump code published therewith."

There is no suggestion whatsoever contained in the Levergood et al. patent that such a compilation of preselected locations on the Internet, each having a unique predetermined jump code published therewith, be published. In fact, as previously discussed, the Levergood et al. patent contemplates using unpublished numbers and further contemplates, as discussed immediately above, that merchants will not need to alter their print or television advertising. Thus, issue is respectfully taken with the Examiner's contention that "it would have been obvious by one of ordinary skill in the Data Processing art at the time of the invention to publishe[d] (sic) compilation of predetermine[d] (sic) Internet locations because it would enhance the commercial advertisement for user of Levergood's Internet server" [citing column 5, lines 30-32 of the Levergood et al. patent].

In fact, the text at column 5, lines 30-32 has nothing whatsoever to do with the publishing of a commercial advertisement for use by the system disclosed at columns 9 and 10 of the Levergood et al. patent. Therefore, it is respectfully asserted that not only is there no suggestion in the Levergood et al. patent that the merchant's telephone numbers be published as a compilation, as recited by Applicant, but there is in fact an affirmative teaching against the use of such a compilation, as discussed above in connection with column 10, lines 20-23 and 33-36 of the Levergood et al. patent.

5

IMC_PLTF 061793

Claim 8, as correctly stated by the Examiner, corresponds to method claim 1. It is thus believed to be patentable for the same reasons expressed above in connection with claim 1.

Therefore, reconsideration and withdrawal of the rejection of claims 1 and 8 are earnestly solicited and an indication of the allowability of those claims is respectfully requested.

With respect to claims 2, 5, 6, 9, 12 and 13, such claims are respectfully asserted to be in condition for allowance since they depend from independent claims 1 or 8 which, as discussed above are believed to contain patentable subject matter.

With respect to claims 7 and 14, issue is respectfully taken with the Examiner's contention that the Levergood et al. patent teaches that the published compilation of preselected Internet locations is "on-line in said predetermined Internet location." Nowhere in the Levergood et al. patent and particularly at the cited column 10, lines 17-23, is there any contemplation of a website which contains a compilation of preselected locations on the Internet, each having a unique predetermined jump code published therewith. At most, the Levergood et al. patent discloses the use of a directory server 602 which uses a database 604 to translate the telephone number input to that server to a target URL.

Therefore, reconsideration and withdrawal of the rejection of claims 7 and 14 and an indication of the allowability thereof is respectfully requested.

In the event that there are any questions relating to this amendment or to the application in general, it would be appreciated if the examiner would telephone the undersigned attorney concerning such questions so that the prosecution of this application may be expedited.

Please charge any shortage or credit any overpayment of fees to BLANK ROME COMISKY & McCAULEY LLP (WIGMAN, COHEN, LEITNER & MYERS IP GROUP),

6

IMC_PLTF 061794

Deposit Account No. 23-2185 (0351.001/P). In the event that a petition for an extension of time is required to be submitted herewith and in the event that a separate petition does not accompany this response, Applicant hereby petitions under 37 C.F.R. §1.136(a) for an extension of time for as many months as are required to render this submission timely. Any fee due is authorized above.

Respectfully submitted,

INTERNET MEDIA CORPORATION

By: _____
Michael C. Greenbaum
Reg. No. 28,419

Customer No.: 002779
BLANK ROME COMISKY & McCAULEY LLP
*(WIGMAN, COHEN, LEITNER & MYERS IP GROUP)*
The Farragut Building
900 - 17th Street, N.W., Suite 1000
Washington, D.C. 20006
Telephone: (202)463-7700
Facsimile: (202)463-6915

7

IMC_PLTF 061795