**EXHIBIT J**

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | | |
|---|---|---|
| In re Patent Application of: | ) | Examiner: D. Ton |
| Eric F. GAGNON | ) | Group Art Unit: 2782 |
| Serial No.: 08/705,967 | ) | Atty. Dkt.: 0351.001 |
| Filed: August 30, 1996 | ) | MCG/fes |
| For: SYSTEM FOR PROVIDING EASY ACCESS TO THE WORLD WIDE WEB | ) | February 5, 1999 |

RECEIVED

FEB - 9 1999

Group 2700

AMENDMENT

Hon. Commissioner of Patents and Trademarks
Washington, D.C. 20231

Sir:

The following amendments and remarks are respectfully requested to be entered in response to the Final Office Action mailed October 26, 1998.

IN THE CLAIMS:

Please amend claims 1-3, 5-9 and 12 as follows:

1. (Amended) A system for providing automatic access to preselected locations on the Internet, comprising:

a published compilation of preselected Internet locations [on the Internet], said published compilation including [having] a unique predetermined multi-digit jump code assigned to each of said preselected Internet locations published therein [therewith];

[means for accessing] a [preselected] predetermined published Internet location having an address published in said published compilation [on the Internet], said predetermined published Internet location including means for capturing a desired multi-digit jump code assigned to each

18

IMC_PLTF 061804

preselected Internet location after said multi-digit jump code has been entered by a user after accessing said predetermined published Internet location; [and]

means for accessing said predetermined published Internet location;

means for receiving said desired multi-digit jump code from said means for capturing and means for converting said received multi-digit jump code to a URL address corresponding to the desired preselected Internet location; and

[said predetermined published location on the Internet including means for receiving a jump code contained in said published compilation of preselected locations, means for using said jump code to determine a corresponding Internet location and] means for automatically accessing said desired preselected [corresponding] Internet location using said URL address corresponding to said desired preselected Internet location, whereby said user need only enter said desired multi-digit jump code to access a desired preselected Internet location without having to enter said corresponding URL address.

2.      (Amended)    The system of claim 1, wherein said means for accessing said preselected published Internet location comprises a personal computer.

3.      (Amended)    The system of claim 1, wherein said means for accessing said preselected published Internet location comprises a television Internet device.

5.      (Amended)    The system of claim 1, wherein said preselected locations on the Internet are in the World Wide Web.

6.      (Amended)    The system of claim 1, wherein said published compilation of preselected Internet locations is published as printed matter.

7.      (Amended)    The system of claim 1, wherein said published compilation of

2

preselected Internet locations is published on-line in said predetermined published Internet location on the Internet.

4. (Amended)    A method for providing automatic access to preselected locations on the Internet, comprising the steps of:

publishing a compilation of preselected Internet locations, said published compilation including [each having] a unique predetermined multi-digit jump code assigned to each of said preselected Internet locations published therein [associated therewith];

providing a predetermined Internet location having an address published in said published compilation, said predetermined Internet location comprising means for [receiving] capturing a desired multi-digit jump code assigned to said preselected Internet location, said desired multi-digit jump code being entered by a user after said predetermined Internet location has been accessed [contained in the published compilation of preselected Internet locations];

accessing said predetermined Internet location and entering said desired multi-digit jump code into said predetermined Internet location;

receiving said multi-digit jump code entered into said predetermined Internet location after said multi-digit jump code has been captured at said [accessing said] predetermined Internet location;

[determining] converting the received multi-digit jump code to a URL address corresponding to the desired preselected [an] Internet location [corresponding to said received jump code]; and

automatically accessing said desired preselected Internet location using said URL address corresponding to said desired preselected Internet location corresponding to said received multi-

3



*β∂/held*

digit jump code.

*β3*

13. (Amended)    The method of claim 8, wherein said step of accessing said predetermined Internet location comprises using a personal computer to enter said multi-digit jump code.

*β4*

14. (Amended)    The method of claim 8, wherein said preselected locations on the Internet are on the World Wide Web.

Please add the following claims 15-16

--15.    The system of claim 1, wherein said means for capturing a desired multi-digit jump code entered by a user after accessing said predetermined Internet location comprises an on-screen HTML form.

*β5*

16.    The method of claim 8, wherein said means for capturing a desired multi-digit jump code entered by a user after accessing said predetermined Internet location comprises an on-screen HTML form.

17.    The system of claim 1, wherein said multi-digit jump code is a four digit number.

18.    The method of claim 8, wherein said multi-digit jump code is a four digit number.--

## REMARKS

The Examiner is thanked for his courteous conduct of an interview with the undersigned on January 25, 1999, during which the 35 U.S.C. § 103 rejection was discussed and certain suggestions regarding amendment of the claims were made. Subsequent thereto, proposed amended claims were submitted to the Examiner for informal review.

By the instant Amendment, independent claims 1 and 8 and dependent claims 2-3, 5-7, 9,

4

IMC_PLTF 061807

and 12 have been amended; dependent claims 4, 10-11, and 13-14 have left unamended and four

new dependent claims 15-18 have been submitted. Thus, 18 claims, including two independent

claims 1 and 8, are submitted for reconsideration by the Examiner.

In the Final Office Action mailed October 26, 1998, the Examiner continued his rejection

of all of the claims 1-14 then pending in the application as being obvious under 35 U.S.C. § 103

over either the Levergood, et al. patent as applied against claims 1-2, 5-9, and 12-14 in the prior

Office Action or over the combination of the Levergood, et al and Lewis patent, as applied

against claims 3-4, and 10-11 in the prior Office Action. Applicant respectfully traverses the

rejection of all claims 1-14 as continued by the Examiner in the Final Office Action.

Solely for the purpose of permitting allowable subject matter to pass to issuance,

Applicant has amended independent claims 1 and 8 to now recite that Applicant's "published

compilation of preselected Internet locations" includes "a unique predetermined multi-digit jump

code assigned to each of said preselected Internet locations published therein" and that

Applicant's "predetermined published Internet location" has "an address published in said

published compilation". In addition, the independent claims recite the further limitation that

"said predetermined published Internet location including means for capturing a desired multi-

digit jump code assigned to each preselected Internet location after said multi-digit jump code

has been entered by a user after accessing said predetermined published Internet location."

Furthermore, additional elements, such as means for accessing, means for receiving, means for

capturing and means for converting have been added to the independent claims.

For purposes of example only, the cited portions discussed above are from independent

claim 1. Claim 8 contains either the same or similar language. As will be discussed hereinafter,

5

IMC_PLTF 061808

none of those features are disclosed or suggested, by any of the references of record and, particularly, by either the Levergood, et al. or Lewis patents, taken either singly or in combination.

Applicant expressly reserves the right to file one or more continuation applications which contain claims directed to the disclosed subject matter which include fewer limitations than those recited in amended claims 1 and 8 and to obtain allowance of such claims.

The Levergood, et al. patent, USP 5,708,780, is directed to methods for controlling and monitoring access to network servers. In particular, the system described in that patent is directed to forwarding a service request from the client to a server in which a session identification is appended to the request and to subsequent service requests from the client to the server within a session of requests. The system described in the Levergood, et al. patent is a single merchant server in which access is controlled by a number of features which are designed to add security to the user's selection of various on-screen options within the single merchant server. Thus, the Levergood, et al. patent is directed to a system which provides both Internet users and Internet website operators or merchants with a means for conducting secure transactions over the Internet, using a single merchant server (see column 10, lines 24-37) in which each merchant's server, as well as the single merchant server, contains software which forms part of the system disclosed in the Levergood, et al. patent.

Applicant's invention, as recited in the now-amended independent claims 1 and 8, is directed to a system for providing automatic access to preselected locations on the Internet and is formed from a combination of "a published compilation of preselected Internet locations, said published compilation including a unique predetermined multi-digit jump code assigned to each

6

IMC_PLTF 061809

of said preselected Internet locations published therein," together with a "predetermined, published Internet location having an address published in said published compilation, said predetermined published Internet location including means for capturing a desired multi-digit jump code assigned to each preselected Internet location after said multi-digit jump code has been entered by a user after accessing said predetermined published Internet location." Applicant respectfully submits that none of the references of record, and specifically the Levergood, et al. patent, either discloses, or suggests, Applicant's recited published compilation, or predetermined published Internet location having an address published in said published compilation. Moreover, none of the references of record, disclose, or suggest, Applicant's multi-digit jump code nor the recited means for capturing that jump code at the preselected Internet location. Furthermore, none of the art of record discloses, nor suggests, the recited means for receiving, means for capturing, or means for converting "said received multi-digit jump code to a URL address corresponding to the desired preselected Internet location."

In light of the foregoing, reconsideration and withdrawal of the rejection of claims 1-2, 5-9, and 12-14 over the cited Levergood, et al. patent is earnestly solicited and an indication of the allowability of both those claims, as amended, is respectfully requested. Applicant has amended dependent claims 2, 5-7, 9, and 12 to conform them to the amended independent claims 1 and 8.

Nor does the Lewis patent supply any of the shortcomings of the Levergood, et al. patent discussed above. Thus, reconsideration and withdrawal of claims 3-4 and 10-11 under 35 U.S.C. § 103 over the combination of the Levergood, et al. and Lewis patents is earnestly solicited. Dependent claim 3 has been amended to conform it to the amended claim language of claim 1. Inasmuch as independent claims 1 and 8 are respectfully asserted to be in condition for

7

IMC_PLTF 061810

allowance, it is likewise respectfully asserted that claims 3-4 and 10-11 are likewise in condition for allowance. Accordingly, an indication of the allowability of claims 3-4 and 10-11 is earnestly solicited.

By the instant Amendment, four new dependent claims 15-18 are presented. Inasmuch as such claims are dependent from either independent claim 1 or independent claim 8, both of which are believed to be in condition for allowance, such dependent claims 15-18 are likewise believed to be in condition for allowance.

In view of the foregoing amendments and remarks, reconsideration and withdrawal of the rejection of claims 1-14 is earnestly solicited and the entrance and an indication of the allowability of claims 1-18 is respectfully requested.

In the event that there are any questions relating to this Amendment or to the application in general, it would be appreciated if the Examiner would telephone the undersigned attorney concerning such questions so that the prosecution of this application may be expedited.

Inasmuch as this Amendment is being submitted within the fourth month after the mailing of the Final Office Action, a Petition for a One Month Extension of Time is presented herewith. Please charge the $55.00 petition fee to the deposit account of Blank Rome Comisky & McCauley LLP, deposit account number 23-2185 (0351.001/P). In the event that a Petition for an Extension of Time does not accompany this response, Applicant hereby petitions under 37

8

IMC_PLTF 061811

C.F.R. § 1.36(a) for an Extension of Time for as many months as are required to render this submission timely. Any fee due is authorized above.

Respectfully submitted,

Eric F. GAGNON

By: _____
Michael C. Greenbaum
Reg. No. 28,419

Customer No.: 002779
BLANK ROME COMISKY & McCAULEY LLP
The Farragut Building
900 - 17th Street, N.W., Suite 1000
Washington, D.C. 20006
Telephone: (202)463-7700
Facsimile: (202)463-6915

9

IMC_PLTF 061812